E-FILED
Monday, 13 September, 2004 04:28:43 PM
Clerk, U.S. District Court, ILCD

**KELTY LAW OFFICES, P.C.**
3201 PLEASANT RUN, SUITE A
P.O. BOX 13317
SPRINGFIELD, ILLINOIS 62791-3317
http://www.keltylaw.com

THOMAS W. KELTY*
GUY M. LAHR III

*ALSO LICENSED IN MISSOURI

June 22, 2004

AREA CODE: 217
TELEPHONE: 726-8200
FAX: 726-8300
E-MAIL: tkelty@keltylaw.com

FRANK M. PFEIFER (1908-1994)

*Via Facsimile*

Daniel J. Weiss, Esq.
Jenner & Block, LLC
One IBM Plaza
Chicago, IL 60611-7603

Re: *City of Champaign v. McLeodUSA, Inc.*, No. 02-2252
Our File: 3789-90001

Dear Dan:

This letter is submitted pursuant to FRCP 26(e) and as a request for discovery and production of documents supplemental to our original request to McLeod.

When I took the deposition of Victor Lazzaretti pursuant to Rule 30(b)(6), I inquired regarding Illinois Consolidated Telephone Company. McLeod objected to certain deposition topics under the Rule, particularly those involving the sale of Illinois Consolidated Telephone Company (ICTC). The basis of the McLeod objection was that the sale of ICTC "did not affect McLeodUSA service or facilities in Champaign" and that no claim or defense in this case concerns ICTC "which did not provide service in Champaign".

At page 38 of Victor's deposition (line 6), I ask "to your knowledge, did Illinois Consolidated Telephone Company ever service Champaign markets?" and his answer was "it did not." I have obtained documents from the Illinois Department of Revenue identifying telecommunication service providers within the City of Champaign. The list includes Champaign Telephone Company, Consolidated Communications Public Service Company, McLeodUSA Telecommunication Service, Inc., Consolidated Communications Mobile Service, and Consolidated Communication Network. Each of these companies has an address of 121 South 17th Street, Mattoon, Illinois.

I have also examined the organization chart of McLeodUSA, Inc. provided by McLeod in its response to admissions. While there are a considerable number of companies owned or controlled by McLeodUSA, Inc. there appears to be a clear line of ownership from McLeodUSA, Inc. to Consolidated Communications, Inc. from Consolidated Communications, Inc. to Illinois Consolidated Telephone Company to McLeodUSA Holdings and then on to Illinois Consolidated Telephone Company. McLeodUSA Holdings, Inc. is identified "(f/k/a Consolidated Communication, Inc.)".

EXHIBIT A

Daniel J. Weiss, Esq.
June 22, 2004
Page 2

    I further understand that there is a covenant not to compete or similar market-restrictive language in the sale of ICTC by McLeod which prohibits ICTC from operating within Champaign and other central Illinois markets.

    I believe that clearly the sale transaction agreement between McLeod and ICTC is within the scope of discovery and request that McLeod immediately furnish or provide for inspection all documents relating to the sale by McLeod of ICTC. Please refer to page 4, request number 6, of *Plaintiff's First Request for Production of Documents to McLeodUSA, Incorporated and McLeodUSA Telecommunications Services, Inc.*

                                  Sincerely yours,

                                    **KELTY LAW OFFICES, P.C.**

                                    By: _____
                                          Thomas W. Kelty

TWK:bsw
xc:   Frederick C. Stavins, Esq.
       Edward F. Malone, Esq.

**KELTY LAW OFFICES, P.C.**
3201 PLEASANT RUN, SUITE A
P.O. BOX 13317
**SPRINGFIELD, ILLINOIS 62791-3317**
http://www.keltylaw.com

THOMAS W. KELTY

———

ALSO LICENSED IN MISSOURI

July 14, 2004

AREA CODE: 217
TELEPHONE: 726-8200
FAX: 726-8300
E-MAIL: tkelty@keltylaw.com
FRANK M. PFEIFER (1908-1994)

Edward F. Malone, Esq.
Jenner & Block, LLC
One IBM Plaza
Chicago, IL 60611-7603

Daniel J. Weiss, Esq.
Jenner & Block, LLC
One IBM Plaza
Chicago, IL 60611-7603

Re:   *City of Champaign v. McLeodUSA, Inc.*, No. 02-2252
      Our File: 3789-90001

Gentlemen:

On April 22, 2004, we served Plaintiff's *First Supplemental Request for Production of Documents*. We have not received McLeod's response.

I have likewise written Dan (June 22) requesting additional documents which I believe were included within the scope of our *First Request for Production of Documents*. I have had no response to my letter.

I would appreciate it if you would contact me regarding these matters.

Sincerely yours,

**KELTY LAW OFFICES, P.C.**

By: _____
      Thomas W. Kelty

TWK:bsw
xc:   Frederick C. Stavins, Esq.

**JENNER&BLOCK**

July 20, 2004

Jenner & Block LLP         Chicago
One IBM Plaza              Dallas
Chicago, IL 60611-7603     Washington, DC
Tel 312 222-9350
www.jenner.com

Mr. Thomas W. Kelty
Kelty Law Offices, P.C.
3201 Pleasant Run, Suite A
P.O. Box 13317
Springfield, Illinois 62791-3317

Edward F. Malone
Tel 312 923-2852
Fax 312 840-7252
emalone@jenner.com

Re:    City of Champaign v. McLeodUSA Inc.
       No. 02-2252

Dear Tom:

I am writing in response to your July 14, 2004 letter regarding 1) the City's April 22, 2004 First Supplemental Request for Production of Documents and 2) your June 22, 2004 letter to Dan Weiss.

First, we interpret your April 22, 2004 first supplemental request for production as a request that McLeod reproduce documents that we previously produced to you, but organized in response to each request for production. As you know, Rule 34(b) of the Federal Rules of Civil Procedure provides: "A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." (Emphasis added.) McLeod elected to produce the documents organized as they are kept in the usual course of business, and that production satisfies McLeod's obligations under Rule 34.

Second, we have previously objected to your requests for ICTC documents as irrelevant, and continue to do so. We also believe the request in your June 22, 2004 letter to Dan Weiss for "all documents relating to the sale by McLeod of ICTC" is extremely burdensome and overbroad. Notwithstanding these objections, we are trying to locate the closing binder for the ICTC deal. In the meantime, I have enclosed a copy of the December 17, 2002 Order of the Illinois Commerce Commission approving the sale of ICTC to HAC. This document may provide some of the information that you are looking for regarding the sale by McLeod of ICTC.

Very truly yours,

Edward F. Malone

EFM/sag
Enclosure

cc:    Daniel J. Weiss

CHICAGO_1129181_3

**KELTY LAW OFFICES, P.C.**

3201 PLEASANT RUN, SUITE A
P.O. BOX 13317
**SPRINGFIELD, ILLINOIS 62791-3317**
http://www.keltylaw.com

**THOMAS W. KELTY**

ALSO LICENSED IN MISSOURI

August 2, 2004

AREA CODE: 217
TELEPHONE: 726-8200
FAX: 726-8300
E-MAIL: tkelty@keltylaw.com

FRANK M. PFEIFER (1908-1994)

Edward F. Malone, Esq.
Jenner & Block
One IBM Plaza
Chicago, IL 60611-7603

    Re:    *City of Champaign v. McLeodUSA*
            Our File: 3789-90001

Dear Ed:

    I am writing in response to yours of July 20. I respectfully disagree with your interpretation of Rule 34(b) of the Federal Rules of Civil Procedure. The Rule allows the responding party the option (i) to produce them as they are kept in the usual course of business or (ii) organize and label them to correspond with the categories in the request. The latter is what I have requested of McLeod.

    The *Federal Civil Rules Handbook* (2004) Baicker-McKee Janssen Corr, Thomsom West Publishing, explains the various procedural aspects of Rule 34(b). With regard to the production of documents and the obligation of the responding party, the author writes the following annotation:

> "The responding party has the option of allowing the serving party to inspect and copy the documents where they are normally kept (i.e., "There is our file room."). The responding party may also produce selected responsive documents, in which case the party must organize and label them to correspond to the categories requested. The responding party may make copies for the requesting party, but is not obligated to do so."

McLeod elected to select the documents to be produced, declining the option of allowing us to inspect the documents at the McLeod offices in Iowa.

    Clearly, this interpretation of the Rule is designed to avoid the problem we have here: we are unable to identify which documents respond to which request. Please consider this letter a good faith attempt to resolve this discovery issue pursuant to Fed.R.Civ.P. 37.

                                  Sincerely yours,

                                  KELTY LAW OFFICES, P.C.

                                  By:_____
                                           Thomas W. Kelty

TWK:bsw
Enclosure
xc:    Frederick C. Stavins, Esq.

JENNER&BLOCK

August 24, 2004

Jenner & Block LLP   Chicago
One IBM Plaza        Dallas
Chicago, IL 60611-7603   Washington, DC
Tel 312 222-9350
www.jenner.com

**By Facsimile and U.S. Mail**

Edward F. Malone
Tel  312 923-2852
Fax  312 840-7252
emalone@jenner.com

Mr. Thomas W. Kelty
Kelty Law Offices, P.C.
3201 Pleasant Run, Suite A
P.O. Box 13317
Springfield, Illinois 62791-3317

Re:   City of Champaign v. McLeodUSA Inc.
      No. 02-2252

Dear Tom:

I am writing in response to your August 23, 2004 letter regarding certain outstanding discovery issues.

First, in response to Plaintiff's First Supplemental Request for Production of Documents to McLeodUSA and your August 2, 2004 letter, as we have previously discussed, McLeod's response to the City's original request for production of documents complies with Rule 34(b) of the Federal Rules of Civil Procedure, which allows the producing party to produce documents "as they are kept in the usual course of business or . . . organize and label them to correspond with the categories in the request." McLeod produced the documents as they are maintained in the ordinary course of business. Section 2213 of Federal Practice and Procedure: Federal Rules of Civil Procedure, by Wright and Miller, notes some debate among commentators about whether the producing party may elect to produce the documents as they are maintained in the ordinary course of business, and concludes that "in the first instance the producing party shall retain the right to choose between the production formats authorized by Rule 34(b), and the Court shall have the authority <u>where necessary</u> to direct some disclosure of the matter of organization of the producing party's files." As I have previously suggested, if there are particular documents that you are unable to interpret because of the manner in which they have been produced, I would be happy to discuss those individual documents with you. Absent such individual issues, I believe McLeod has complied with its obligations under Rule 34.

Mr. Thomas W. Kelty
August 24, 2004
Page 2

**JENNER&BLOCK**

Second, in response to your June 22 and July 14, 2004 letters, I refer you to my July 20, 2004 responding to that correspondence, and the ICC materials that we previously produced to you.

Very truly yours,

*Edward F. Malone*

Edward F. Malone

EFM/sag

cc:    Daniel J. Weiss

CHICAGO_1143439_1

**KELTY LAW OFFICES, P.C.**
3201 PLEASANT RUN, SUITE A
P.O. BOX 13317
SPRINGFIELD, ILLINOIS 62791-3317
http://www.keltylaw.com



THOMAS W. KELTY

ALSO LICENSED IN MISSOURI

August 30, 2004

AREA CODE: 217
TELEPHONE: 726-8200
FAX: 726-8300
E-MAIL: tkelty@keltylaw.com
FRANK M. PFEIFER (1908-1994)

*Via Facsimile*

~~Confidential and Privileged~~
~~For Settlement Purposes Only~~

Edward F. Malone, Esq.
Jenner & Block
One IBM Plaza
Chicago, IL 60611-7603

    Re:   *City of Champaign v. McLeodUSA*
           Our File: 3789-90001

Dear Ed:

    I am responding to yours of August 24 in one last ditch effort to resolve this matter concerning the *Request for Production of Documents*. As I have stated to you before, the matter of interpretation of documents is not the issue. I can read them and generally understand what they say. I believe that it is within the spirit of Rule 34(b) that a party make meaningful response to production. Indeed, my effort has been to essentially ask that McLeod interpret the documents by identifying their relevance to each of the particular requests. Our *Supplemental Request to Produce* was served April 22, 2004. McLeod has yet to respond. We served not one *Request for Production* but rather 14 of them. We have received one response. We should be able to get over this hurdle without continuing to write letters, but if that is the way McLeod wants it done then we will have to proceed accordingly.

                              Sincerely yours,

                              **KELTY LAW OFFICES, P.C.**

                              By:_____
                                 Thomas W. Kelty

TWK:bsw
xc:    Frederick C. Stavins, Esq.