E-FILED
Monday, 13 September, 2004  04:31:16 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | | |
|---|---|---|
| THE CITY OF CHAMPAIGN, an Illinois municipal corporation, on its own behalf and on behalf of the Class of all other units of local government similarly situated, | ) ) ) ) ) ) ) | |
| Plaintiff, vs. | ) ) ) | NO. 02-2252 |
| MCLEODUSA INCOPRORATED, a Delaware corporation, and MCLEODUSA TELECOMMUNICATION SERVICES, INC., an Iowa corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | |



### DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendants McLeodUSA Incorporated and McLeodUSA Telecommunications Services, Inc. (collectively, "McLeodUSA") answer The City of Champaign's ("the City's") First Request for Production of Documents ("First Requests") as follows.

### GENERAL OBJECTIONS

1.  McLeodUSA objects to making available any information protected from discovery by reason of the attorney-client privilege, work product immunity doctrine or other applicable privileges. To the extent that any of the First Requests can be construed to include such privileged or exempt information or material, McLeodUSA objects thereto and will make available only non-privileged, non-exempt information and materials. McLeodUSA



EXHIBIT C

will produce a privilege log identifying all responsive but privileged documents that it does not otherwise object to producing.

2. McLeodUSA objects to making available any information that is not relevant to the issues pending in this proceeding or that is not reasonably calculated to lead to the discovery of admissible evidence. In responding to the First Requests, and in making available any of the information requested, McLeodUSA does not concede the relevance or admissibility thereof, and expressly reserves the right to object to the relevance or admissibility of such information at any point in the future.

3. McLeodUSA objects to the First Requests as premature and inconsistent with the discovery schedule agreed to by the parties in the April 1, 2003 Report of Parties' Planning Meeting ("Scheduling Order"), which postpones discovery by the City of Champaign until after the resolution of the motion for class certification. If the Court were to rule that, notwithstanding the Scheduling Order, narrowly tailored discovery on class-related issues is appropriate at this time, McLeodUSA objects to the First Requests as overbroad and not reasonably calculated to obtain admissible evidence on class issues.

4. McLeodUSA objects to the First Requests to the extent that the City's definitions, instructions or the requests themselves are intended to characterize the evidence to be presented in this litigation. In responding to the First Requests, McLeodUSA does not concede the validity of the City's definitions.

5. McLeodUSA objects to the definitions and instructions in the First Requests to the extent that they purport to impose on McLeodUSA duties and/or obligations which exceed or differ from those imposed by the Federal Rules of Civil Procedure and the local rules of this Court. McLeodUSA will answer the Document Requests and supplement its responses thereto only to the extent required by those rules.

6. By stating that it will produce documents responsive to a particular request, McLeodUSA does not represent that any such documents exist. Rather, McLeodUSA is responding only that to the extent such non-privileged documents are located after a reasonable search, and are in its possession, custody or control, they will be produced.

7. In the event that McLeodUSA furnishes information coming within the scope of the above-referenced objections, McLeodUSA does not waive any of its general or particular objections.

## RESPONSES AND SPECIFIC OBJECTIONS

1. Produce any and all written contracts, agreements, arrangements, covenants, treaties, pacts, or settlements with any cities, towns, or villages in the state of Illinois that provide for McLeodUSA, Incorporated's, McLeodUSA Telecommunication Services, Inc.'s, or any affiliated entity's use of each respective municipality's or government's right of way.

**RESPONSE:** McLeodUSA objects to Document Request No. 1 on the grounds that it is premature unless and until a class is certified by the court, and inconsistent with the Scheduling Order agreed to by the parties. In the event a class is ultimately certified, McLeodUSA further objects to Document Request No. 1 on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks discovery of documents related to rights of way provided by cities that are not members of, or who opt out of, the class certified.

2. Produce any and all documents which calculate in summary fashion the number of Defendants' lines within the City of Champaign between January 1, 1996 and December 31, 2002.

**RESPONSE:** McLEODUSA objects to Document Request No. 2 on the grounds that it is overbroad and unduly burdensome to the extent it seeks "all documents"

3

reflecting the information requested. Subject to and consistent with these objections and McLeodUSA's General Objections, McLeodUSA will, at the appropriate time, produce documents sufficient to show the information requested.

3. Produce any and all documents which would support Defendants' position that the contracts with the City that are the subject of this action are not fair and reasonable.

**RESPONSE:** Subject to and consistent with McLeodUSA's General Objections, McLeodUSA will, at the appropriate time, produce responsive documents in its possession, custody or control.

4. Produce any and all documents which would support Defendants' position that the contracts with the City that are subject of this action are discriminatory.

**RESPONSE:** Subject to and consistent with McLeodUSA's General Objections, McLeodUSA will, at the appropriate time, produce responsive documents in its possession, custody or control.

5. Produce any and all documents which set out the rates of compensation paid by Defendants for use of the rights of way of any cities, towns, villages, and all other municipal it cities within other forty eight contiguous states, which are not included in Defendants' response to Request 1 above.

**RESPONSE:** McLeodUSA objects to Document Request No. 5 on the grounds that it is premature unless and until a class is certified by the court, and inconsistent with the Scheduling Order agreed to by the parties. In the event a class is ultimately certified, McLeodUSA further objects to Document Request No. 5 on the grounds that it is

4

overbroad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks discovery of documents related to rights of way provided by cities that are not members of, or who opt out of, the class certified.

6. Produce any and all documents received by Defendants within the past ten years from any and all other cities, towns, villages, other municipalities, or other entities of local government that demand or request payment of past-due amounts for use of their respective rights of way by Defendants or any affiliated or subsidiary entity.

**RESPONSE**: McLeodUSA objects to Document Request No. 6 on the grounds that it is premature unless and until a class is certified by the court, and inconsistent with the Scheduling Order agreed to by the parties. In the event a class is ultimately certified, McLeodUSA further objects to Document Request No. 6 on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible eidence to the extent it seeks discovery of documents related to rights of way provided by cities that are not members of, or who opt out of, the class certified, and to the extent that it seeks documents about past disputes with other cities without regard to whether the disputes were resolved, the relevant statutes of limitations, or the reasons for the disputes.

7. For each of the corporate entities listed below, where applicable, produce copies of (i) Articles of Incorporation; (ii) documents granting authority to transact business in Illinois for foreign corporations; (iii) Articles of Merger for any Corporate entity which has merged into any of those listed below, or any corporate entities those listed below have merged into; (iv) the latest Annual Report filed with the Illinois Secretary of State; and (v) the latest Annual Report filed with any other state's corporate governing entity:

    a. McLeodUSA, Inc., a Delaware corporation.

    b. McLeodUSA Telecommunication Services, Inc. , an Iowa corporation.

  c. Illinois Consolidated Communications Telecom Services, Inc., an Illinois corporation.

  d. Consolidated Communications Telecom Services, Inc., an Illinois corporation.

**RESPONSE:** Subject to and consistent with McLeodUSA's General Objections, McLeodUSA will, at the appropriate time, produce responsive documents in its possession, custody or control.

8. Produce any and all documents which tend to support Defendants' First Affirmative Defense, not including documents which are attorney work product.[1]

**RESPONSE:** Subject to and consistent with McLeodUSA's General Objections, McLeodUSA will, at the appropriate time, produce responsive documents in its possession, custody or control.

9. Produce any and all documents which tend to support Defendants' Second Affirmative Defense, not including documents which are attorney work product.

**RESPONSE:** Subject to and consistent with McLeodUSA's General Objections, McLeodUSA will, at the appropriate time, produce responsive documents in its possession, custody or control.

10. Produce any and all documents which tend to support Defendants' Third Affirmative Defense, not including documents which are attorney work product.

---

[1] Plaintiff's First Requests mistakenly numbers the following requests as Nos. 2-8. To avoid duplication of request numbers, McLeodUSA has renumbered the requests 8-14.

6

**RESPONSE:** Subject to and consistent with McLeodUSA's General Objections, McLeodUSA will, at the appropriate time, produce responsive documents in its possession, custody or control.

11. Produce any and all documents which tend to support Defendants' Fourth Affirmative Defense, not including documents which are attorney work product.

**RESPONSE:** Subject to and consistent with McLeodUSA's General Objections, McLeodUSA will, at the appropriate time, produce responsive documents in its possession, custody or control.

12. Produce any and all documents that tend to demonstrate, support, relate, or refer in any way to allegations by the City of Champaign in the Complaint.

**RESPONSE:** McLEODUSA objects to Document Request No. 12 on the grounds that it is vague, overbroad, and unduly burdensome.

13. Produce any and all documents which Defendants reasonably believe may tend to contradict or refute the allegations by the City of Champaign in the Complaint.

**RESPONSE:** Subject to and consistent with McLeodUSA's General Objections, McLeodUSA will, at the appropriate time, produce responsive documents in its possession, custody or control.

14. Produce any and all documents identified or identifiable in response to any of the interrogatories submitted by the City of Champaign.

**RESPONSE:** Subject to and consistent with McLeodUSA's General Objections, McLeodUSA will, at the appropriate time, produce responsive documents in its possession, custody or control.

MCLEODUSA INCORPORATED

By: _____
   One of its Attorneys

Edward F. Malone
Daniel J. Weiss
Robert J. Blazejowski
JENNER & BLOCK, LLC #05003
One IBM Plaza
Chicago, IL 60611
(312) 222-9350

Document No. 958026