E-FILED
Monday, 13 September, 2004  04:32:37 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | |
|---|---|
| THE CITY OF CHAMPAIGN, an Illinois municipal corporation, ) ) ) | |
| Plaintiff, ) ) ) | |
| v. ) | No. 02-2252 |
| ) ) | |
| MCLEODUSA, INC., a Delaware corporation, and MCLEODUSA TELECOMMUNICATION SERVICES, INC., an Iowa corporation, ) ) ) ) ) | Hon. Harold Baker |
| Defendants. ) | |



## MCLEODUSA'S OBJECTIONS AND RESPONSES TO CHAMPAIGN'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendants McLeodUSA Incorporated and McLeodUSA Telecommunications Services, Inc. (collectively, "McLeodUSA") respectfully submit the following objections and responses to the Second Set of Requests for the Production of Documents (the "Document Requests") propounded by plaintiff City of Champaign ("Champaign").

### GENERAL OBJECTIONS

The following general objections are incorporated by reference in and apply to all of McLeodUSA's responses to the Document Requests:

1.  McLeodUSA objects to making available any documents or other information protected from discovery by reason of the attorney-client privilege, work product immunity doctrine, or other applicable privileges. To the extent that any of the Document Requests can be construed to include such privileged or exempt information or material,

-1-    EXHIBIT E

McLeodUSA objects thereto and will make available only non-privileged, non-exempt information and materials.

2. McLeodUSA objects to making available any documents that are not relevant to the issues pending in this proceeding or that are not reasonably calculated to lead to the discovery of admissible evidence. In responding to the Document Requests, and in making available any of the documents or information requested, McLeodUSA does not concede the relevance or admissibility thereof, and expressly reserves the right to object to the relevance or admissibility of such documents or information at any point in the future.

3. McLeodUSA objects to the Document Requests to the extent that Champaign's definitions, instructions, or the Document Requests themselves are intended to characterize the evidence to be presented in this litigation or McLeodUSA's position in this litigation.

4. McLeodUSA objects to the definitions and instructions in the Document Requests to the extent that they purport to impose on McLeodUSA duties and/or obligations which exceed or differ from those imposed by the Federal Rules of Civil Procedure and the rules of this Court. McLeodUSA will answer the Document Requests and supplement its responses thereto only to the extent required by those rules. To the extent a Document Requests is unduly burdensome and/or not reasonably calculated to lead to the discovery of admissible evidence, McLeodUSA will answer or respond to the Document Requests only with information that may be located after a reasonable search and that may be relevant to the discovery of admissible evidence.

5. By stating that it will produce documents responsive to a particular Document Request, McLeodUSA does not represent that any such documents exist, but, rather,

McLeodUSA will produce such documents to the extent that non-privileged, responsive documents are located after a reasonable search, and are in McLeodUSA's custody or control.

6.  In the event that McLeodUSA furnishes documents or information coming within the scope of the above objections, McLeodUSA does not waive any of its general or specific objections.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1:** With regard to the "Contracts" as defined above,

a.  Produce the files within which the Contracts are retained including correspondence files relating thereto;

b.  Produce copies of word processing directories of any and all documents including drafts thereof;

c.  Produce copies of email, memos and correspondence; and

d.  Produce copies of any and all accounts receivable and/or accounts payable records maintained by McLeod with regard to the Contracts.

**RESPONSE:** Subject to the foregoing general objections, McLeodUSA will produce herewith non-privileged, responsive documents in its custody or control.

**REQUEST NO. 2:** Documents, if any, which state or infer that the City of Champaign has taken any actions which have created a competitive and balance [*sic*] between McLeod and its competitors within the City.

**RESPONSE:** Subject to the foregoing general objections, McLeodUSA will produce herewith non-privileged, responsive documents in its custody or control.

**REQUEST NO. 3:** Provide full responses to Plaintiff's First Request to Produce numbers 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, and 14.

**RESPONSE:** McLeodUSA respectfully refers Champaign to McLeodUSA's objections and responses to Champaign's First Set of Document Requests, dated July 30, 2003.

For those requests for which McLeodUSA stated that it would produce responsive documents (Nos. 2, 3, 4, 7, 8, 9, 10, 11, 13, 14), McLeodUSA will produce herewith non-privileged, responsive documents in its custody or control. For those requests for which McLeodUSA objected because a class action had not been certified (Nos. 1 and 6), McLeodUSA continues that objection and restates it as if fully set out here. For prior Request No. 12, McLeodUSA also restates its prior objection as if fully set out here. (The numbering used in this response refers to the numbering adopted in McLeodUSA's July 30, 2003 objections and responses.)

**REQUEST NO. 4:** Produce copies of "as built" maps or drawings of communications facilities installed by McLeod within the City of Champaign right-of-way from the period January 1, 1993 through December 31, 2003.

**RESPONSE:** Subject to the foregoing general objections, McLeodUSA will produce herewith non-privileged, responsive documents in its custody or control.

**REQUEST NO. 5:** Produce copies of the Articles of Organization of each company which is party to the Contracts.

**RESPONSE:** McLeodUSA states that the corporate entities that were parties to the 1994 and 1996 contracts no longer exist, and have no current articles of organization. (*See* McLeodUSA's Response to Champaign's Second Set of Interrogatories, Interrogatory No. 3.) Subject to that information and the foregoing general objections, McLeodUSA will produce herewith non-privileged, responsive documents in its custody or control.

**REQUEST NO. 6:** Produce copies of the Articles of Organization of each company that serves customers within the city.

**RESPONSE:** McLeodUSA states that the only McLeodUSA-affiliated company that serves customers in Champaign is McLeodUSA Telecommunications Services, Inc. Subject to the foregoing general objections, McLeodUSA will produce herewith non-privileged,

-4-

responsive documents related to McLeodUSA Telecommunications Services, Inc. in its custody or control.

**REQUEST NO. 7**: Produce copies of the Articles of Organization of each company of McLeod that operates within the city and provides long distance service.

**RESPONSE:** McLeodUSA states that the only McLeodUSA-affiliated company that serves customers in Champaign is McLeodUSA Telecommunications Services, Inc. Subject to foregoing general objections, McLeodUSA will produce herewith non-privileged, responsive documents related to McLeodUSA Telecommunications Services, Inc. in its custody or control.

**REQUEST NO. 8:** Produce copies of the Articles of Organization of each subsidiary operating company that operates within the city and provides local service.

**RESPONSE:** McLeodUSA states that the only McLeodUSA-affiliated company that serves customers in Champaign is McLeodUSA Telecommunications Services, Inc. Subject to the foregoing general objections, McLeodUSA will produce herewith non-privileged, responsive documents related to McLeodUSA Telecommunications Services, Inc. in its custody or control.

**REQUEST NO. 9:** Provide a sample customer billing for local service to a customer in the City.

**RESPONSE:** McLeodUSA objects to Request No. 9 to the extent the Request calls for documents showing customers' personal and confidential information. Subject to the foregoing general and specific objections, McLeodUSA will produce herewith a sample invoice with personal and confidential customer information redacted.

**REQUEST NO. 10:** Provide a sample customer billing for long distance service to a customer in the City.

**RESPONSE:** McLeodUSA objects to Request No. 10 to the extent the Request calls for documents showing customers' personal and confidential information. Subject to the foregoing general and specific objections, McLeodUSA will produce herewith a sample invoice with potential personal and confidential customer information redacted.

**REQUEST NO. 11:** Provide a sample customer billing for combined local/long distance services to a customer in the City.

**RESPONSE:** McLeodUSA objects to Request No. 11 to the extent the Request calls for documents showing customers' personal and confidential information. Subject to the foregoing general and specific objections, McLeodUSA will produce herewith a sample invoice with personal and confidential customer information redacted.

**REQUEST NO. 12:** Provide profit and loss statements on the local calling services provided to city residents by year for the calendar years 1993 through 2002.

**RESPONSE:** McLeodUSA states that it does not produce or maintain profit and loss statements for services provided to residents in individual municipalities.

**REQUEST NO. 13:** Provide profit and loss statements on the long distance services provided to city residents by year for the calendar years 1993 through 2002.

**RESPONSE:** McLeodUSA states that it does not produce or maintain profit and loss statements for services provided to residents in individual municipalities.

**REQUEST NO. 14:** Documents that support the position of McLeod that it is unable to provide service within the City of Champaign.

**RESPONSE:** McLeodUSA objects to Request No. 14 as mischaracterizing McLeodUSA's position in this litigation. McLeodUSA does not contend that it is unable to provide service within the City of Champaign. Rather, McLeodUSA contends that, if forced to

pay Champaign's discriminatory and non-cost-based rights-of-way-fees, McLeodUSA will be placed at a material competitive disadvantage, in violation of 47 U.S.C. § 253.

**REQUEST NO. 15:** Documents that support the position of McLeod that it is unable to compete within the City of Champaign.

**RESPONSE:** McLeodUSA objects to Request No. 15 as mischaracterizing its position in this litigation. McLeodUSA does not contend that it is unable to compete within the City of Champaign. Rather, McLeodUSA contends that, if forced to pay Champaign's discriminatory and non-cost-based rights-of-way-fees, McLeodUSA will be placed at a material competitive disadvantage, in violation of 47 U.S.C. § 253.

**REQUEST NO. 16:** State whether McLeod's Rule 26(a)(1) disclosure statement is complete. If not, please provide supplemental disclosure in accordance with Fed. R. Civ. P. 26(e).

**RESPONSE:** McLeodUSA objects to Request No. 16 as an inappropriate document request under Fed. R. Civ. P. 34. McLeodUSA has complied with Fed. R. Civ. P. 26, and shall supplement its disclosures, if required, at the appropriate time before trial.

> Respectfully submitted,
> MCLEODUSA INCORPORATED and
> MCLEODUSA TELECOMMUNCATIONS
> SERVICES, INC.
>
> By: _____
> One of its attorneys
>
> Edward F. Malone
> Daniel J. Weiss
> JENNER & BLOCK LLP
> One IBM Plaza
> Chicago, IL 60611
> Telephone: (312) 222-9350
> Facsimile: (312) 840-7517

Dated: March 31, 2004