IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | | |
|---|---|---|
| THE CITY OF CHAMPAIGN, an Illinois municipal corporation, | ) ) ) | |
| Plaintiff, | ) ) | No. 02-2252 |
| v. | ) ) ) | Hon. Harold Baker |
| MCLEODUSA, INC., a Delaware corporation, and MCLEODUSA TELECOMMUNICATIONI SERVICES, INC., an Iowa corporation. | ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT MCLEODUSA'S MOTION FOR LEAVE
TO DEPOSE CITY MANAGER STEVEN C. CARTER**

Defendant McLeodUSA Inc. ("McLeod") hereby moves this Court pursuant to Fed. R. Civ. P. 26(b)(1) and 37(a)(2) for leave to depose Steven C. Carter, City Manager of the City of Champaign (the "City"), prior to the commencement of trial in this case on October 18, 2004. McLeod seeks a limited deposition of Mr. Carter solely to ask him questions about a document he authored that the City should have disclosed or produced in discovery, but did not. In support of this motion, McLeod states as follows:

1. This lawsuit is a dispute between the City and McLeod regarding the fees the City charges McLeod to use the City's right-of-way ( "ROW"). In its First Set of Document Requests, McLeod asked the City for "All documents evidencing any policy, rule, guideline,

-1-

ordinance, or procedure adopted, enforced, maintained, or followed by Champaign during the years 1994 through 2003, inclusive, related to ROW usage by telecommunications carriers." (Tab A.)

2.  In August 2003, after discovery closed and in the course of preparing for mediation with the City in front of Magistrate Judge Bernthal, McLeod's attorneys discovered on the City's website an August 9, 2002 "Report to the City Council" by Steven C. Carter, the City Manager, regarding "Adaptation of Simplified Municipal Telecommunications Tax SS 2002-047." (Exhibit B.) In this document, Mr. Carter summarized the relative advantages and disadvantages of replacing the City's system of charging ROW fees to telecommunications carriers – the fees in dispute in this case – with a simplified municipal telecommunications tax. Importantly, given that McLeod's primary defense in this case is that the City's ROW fees are preempted by section 253 of the Telecommunications Act of 1996, 47 U.S.C.§ 253, Mr. Carter states that federal law "put municipal governments at risk regarding the collection of fees from telecommunication service providers for use of municipal ROWs." In addition, Mr. Carter's report talks about the relative burdens of the ROW fee system on different types of carriers, and it groups McLeod with Ameritech as a "provider of local telephone service," a comparison the City has disputed in this case.

3.  Following the unsuccessful mediation, Jenner & Block reviewed the City's document production and its Rule 26 disclosures to determine whether Mr. Carter's report had previously been disclosed or produced to McLeod, and concluded it had not. McLeod's attorneys confirmed this conclusion with counsel for the City, Thomas Kelty. While

acknowledging that the document had not been produced, the City objected to Mr. Carter's deposition. (Exhibits C and D.)

4. Federal Rule of Civil Procedure 37(a)(2)(A) provides that if a party fails to make a disclosure required by Rule 26(a), the other party may move for an order compelling that disclosure and for appropriate sanctions. Rule 37(a)(2)(B) provides for disclosure when a party fails to allow inspection of a document permitted under Rule 34. In this case, McLeod simply seeks the opportunity to take a short deposition of Mr. Carter to ask him questions about the August 9, 2002 memo, which the City should have disclosed or produced, but did not.

5. Based on communications from counsel for the City, McLeod anticipates that the City may argue that because the City produced other correspondence from the City to McLeod advising that the City might move from ROW fees to the simplified tax, McLeod should have sought to depose witnesses on this subject while discovery was open. But the documents the City produced do not contain the admissions in Mr. Carter's August 9 memo that make that document important to McLeod, and they were not authored by Mr. Carter. They do, however, confirm that the City understood that documents relating to the switch from ROW fees to a simplified tax are relevant to this case and responsive to McLeod's document requests, which only confirms that the City should have produced Mr. Carter's memo.

6. Edward Malone, counsel for McLeod, has conferred with counsel for the City, Thomas Kelty, regarding McLeod's plan to seek leave from the Court to take Mr. Carter's deposition. Mr. Malone and Mr. Kelty have exchanged correspondence and spoken on the

subject, and Mr. Kelty has advised that the City will object to McLeod's request to depose Mr. Carter.

WHEREFORE, McLeod respectfully requests leave to take the deposition of Steven C. Carter, limited to the subject of his August 9, 2002 Report to the City Council, prior to October 18, 2004.

          Respectfully submitted,

          MCLEODUSA INCORPORATED and
          MCLEODUSA TELECOMMUNCATIONS
          SERVICES, INC.

          By: s/Edward F. Malone_____
               One of its attorneys

               Edward F. Malone
               Daniel J. Weiss
               JENNER & BLOCK LLP
               One IBM Plaza
               Chicago, Illinois  60611
               Telephone:  (312) 222-9350
               Facsimile:  (312) 840-7517

Dated:  September 24, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2004, I electronically filed the foregoing DEFENDANT MCLEODUSA'S MOTION FOR LEAVE TO DEPOSE CITY MANAGER STEVEN C. CARTER, using the CM/ECF system which will send notification of such filing to the following:

>Thomas W. Kelty
>tkelty@keltylaw.com
>jking@keltylaw.com

>s/ Edward F. Malone
>Edward F. Malone (#06208496)
>Daniel J. Weiss (#6256843)
>Attorneys for McLeodUSA Holdings, Inc.
>Jenner & Block LLP
>One IBM Plaza
>Chicago, Illinois 60611
>(312) 222-9350
>(312) 527-0484
>emalone@jenner.com
>dweiss@jenner.com

CHICAGO_1156466_2