E-FILED
Friday, 24 September, 2004  04:17:41 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, URBANA/DANVILLE DIVISION

| | |
|---|---|
| THE CITY OF CHAMPAIGN, an Illinois municipal corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 02-2252 ) |
| MCLEODUSA, INC., a Delaware corporation, and MCLEODUSA TELECOMMUNICATION SERVICES, INC., an Iowa corporation, | ) ) Hon. Harold Baker ) ) ) |
| Defendants. | ) ) ) |

## MCLEOD'S FIRST SET OF DOCUMENT REQUESTS TO CHAMPAIGN

Defendants McLeodUSA Incorporated and McLeodUSA Telecommunications Services, Inc., by their attorneys, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, propound the following requests for the production of documents upon plaintiff City of Champaign ("Champaign") and request that responses and the requested document production be made at the offices of Jenner & Block LLP, One IBM Plaza, Chicago, Illinois, 60611 within 30 days of service hereof.

I.   **Definitions**

In construing these document requests, the following definitions shall apply:

1.   "1994 Agreement" means the purported ROW agreement attached to Champaign's complaint in this matter as Exhibit A.

2.   "1996 Agreement" means the purported ROW agreement attached to Champaign's complaint in this matter as Exhibit B.

3.  "1997 Agreement" means the purported ROW agreement attached to Champaign's complaint in this matter as Exhibit D.

4.  "Ameritech Agreement" means the document entitled "Agreement For Use of the Public Way" executed by Champaign and Ameritech Illinois in 1994 and approved by Champaign in City Council Bill No. 94-99.

5.  "AT&T Agreement" means the document entitled "A License Agreement to use Real Property between AT&T Communications of Illinois, Inc. and the City of Champaign, Illinois" executed by Champaign and A&T Communications of Illinois in 1987 and approved by Champaign in City Council Bill. No. 87-48.

6.  "CCI" means Consolidated Communications, Inc.

7.  "Communication" means any statement, admission, denial, inquiry, discussion, conversation, negotiation, agreement, contract, understanding, letter, note, telegram, telex, facsimile, advertisement, e-mail, document, or any other form of written, verbal, electronic, or symbolic discourse.

8.  "CNI" means Consolidated Network Inc.

9.  "CCTS" means Consolidated Communications Telecom Services Inc.

10. "Document" means any written, graphic, recorded or illustrative material of any kind or description, however produced or reproduced, and regardless of whether approved, signed, sent, received, or executed, prepared by or for you, in your possession, custody, or control. The term "document" includes, but is not limited to: all materials listed in Fed. R. Civ. P. 34(a), correspondence, e-mail, memoranda, drafts, computerized records, notes, jottings, books, records, reports, surveys, studies, analyses, films, videotapes, recordings, transcriptions of verbal conversations or statements however made, business forms, labels,

2. _And/or._ "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any information which might otherwise be construed to be outside their scope.

3. _Predecessors and Successors._ Reference to any specific document, object, tangible thing or group of persons (_e.g._, committee, counsel or task force) includes all predecessor and successor documents, objects, tangible things or groups of persons which are substantially similar to the specific document, object, tangible thing or group of persons identified in any interrogatory. Reference to any corporation or other business organization includes all predecessor or successor corporations or organizations.

4. _Lost or Destroyed Documents._ If any documents requested have been lost, discarded, or destroyed, identify such documents as completely as possible, including:

    a. the name(s) of the author(s) of the document;

    b. the name(s) of the person(s) to whom copies were sent;

    c. the date of the document;

    d. the date on which the document was received by each addressee, copyee, or its recipient;

    e. a description of the nature and subject matter of the document that is as complete as possible;

    f. the date on which the document was lost, discarded, or destroyed; and

    g. the manner in which the document was lost, discarded, or destroyed.

5. _Claims of Privileges._ With respect to any document withheld on a claim of attorney-client privilege, the doctrine of work product immunity or any other statutory or common law privilege, Champaign shall provide a statement, signed by an attorney representing it, setting forth as to each such document:

    a.    a brief description of the nature and subject matter of the document;

    b.    the name(s) of the sender(s) of the document;

    c.    the name(s) of the author(s) of the document;

    d.    the name(s) of the person(s) to whom copies were sent;

    e.    the job title of every person named in (b), (c) and (d) above;

    f.    the date of the document;

    g.    the date on which the document was received by each addressee copyee, or its recipient; and

    h.    the statute, rule or decision which is claimed to give rise to the privilege or immunity.

All such documents shall be numbered, held separately and retained intact pending a ruling by the Court on the validity of the claimed privilege.

    6.    <u>Relevant Period</u>. Unless otherwise stated in a specific request, the relevant period for these document requests is the period from January 1, 1997 through the present date.

    7.    <u>Continuing in Nature</u>. These requests are continuing in nature and responses hereto shall be supplemented forthwith consistent with Fed. R. Civ. P. 26(e)(2).

### III.   <u>Requests for the Production of Documents</u>

    1.    All documents evidencing any policy, rule, guideline, ordinance, or procedure adopted, enforced, maintained, or followed by Champaign during the years 1994 through 2003, inclusive, related to ROW usage by telecommunications carriers.

    2.    All documents related to the negotiation or development of the 1994 Agreement, the 1996 Agreement, the 1997 Agreement, the AT&T Agreement, and the Ameritech Agreement.

3. All documents related to the implementation, performance, or nonperformance by any party of the 1994 Agreement, the 1996 Agreement, the 1997 Agreement, the AT&T Agreement, and the Ameritech Agreement, including, but not limited to, all documents comprising any "contract file" related to any of the agreements and any correspondence related to any of the agreements.

4. All documents related to any study or calculation conducted by or on behalf of Champaign regarding any costs incurred by Champaign as a result of ROW usage by any telecommunications company, including but not limited to CNI, CCTS, MTSI, McLeodUSA, Ameritech, or AT&T.

5. All documents related to or evidencing the telecommunications facilities maintained in or along Champaign's ROW by CNI, CCTS, MTSI, Ameritech, or AT&T during the years 1997 through 2002, inclusive, including but not limited to any maps, drawings, and engineering documents reflecting such facilities.

6. All documents related to the payment or nonpayment of ROW fees by CNI, CCTS, MTSI, McLeodUSA, Ameritech, and AT&T during the years 1997 through 2003, inclusive.

7. All documents related to or evidencing the nonpayment or late payment of any ROW fee by any telecommunications carrier during the years 1997 through 2003, inclusive, including but not limited to any correspondence or other communication between Champaign and any carrier regarding the nonpayment or late payment of any ROW fee.

8. All documents related to any dispute between Champaign and any telecommunications carrier regarding ROW fees.

9. All documents reflecting any ROW agreement between Champaign and any telecommunications carrier not already produced to McLeodUSA.

10. All documents related to or reflecting the discussion of this case or McLeodUSA or MTSI at any public meeting of Champaign's officials, including but not limited to minutes or notes of any such meeting.

11. All documents identified in response to McLeodUSA's First Set of Interrogatories to Champaign.

12. All documents relied upon, reviewed, or considered by Champaign in the preparation of its responses to McLeodUSA's First Set of Interrogatories to Champaign and First Set of Requests for Admission to Champaign.

13. All documents relied upon, reviewed, or considered by Champaign in the preparation of its pleadings and briefing in this matter.

14. All documents Champaign has provided or will provide to any expert witness in connection with this matter.

15. All documents prepared by any expert witness retained by Champaign in this matter including working papers, reports, draft reports, and other communications.

16. All exhibits, demonstrative exhibits, and documents Champaign intends to introduce as evidence or otherwise present in this matter.

-7-

                        Respectfully submitted,
                        McLeodUSA Incorporated and
                        McLeod Telecommunications Services, Inc.

By: _____
      One of their attorneys

Edward F. Malone
Daniel J. Weiss
JENNER & BLOCK LLP
One IBM Plaza
Chicago, Illinois  60611
(312) 222-9350
(312) 840-7517 (fax)

February 2, 2004

-8-