E-FILED
Tuesday, 28 September, 2004  04:16:00 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| THE CITY OF CHAMPAIGN, an Illinois municipal corporation, | ) ) ) |
| Plaintiff, | ) ) 02-2252 |
| v. | ) ) |
| MCLEODUSA, INC., a Delaware corporation, and MCLEODUSA TELECOMMUNICATION SERVICES, INC., an Iowa corporation, | ) ) ) ) ) |
| Defendants. | ) |

ORDER

On December 5, 2002, plaintiff City of Champaign, Illinois ("Champaign") filed a complaint against defendants McLeodUSA, Inc. and McLeodUSA Telecommunication Services, Inc. (collectively, "McLeod"). The five-count complaint asserts three claims for breach of contract. It also seeks a declaration of the defendant's obligations pursuant to the three contracts at issue, and relief based on quantum meruit. Jury selection and jury trial are scheduled to begin on October 18, 2004.

According to the discovery plan submitted by the parties and adopted by this court on April 9, 2003, fact discovery was to be "completed by January 15, 2004 or 90 days after the Court's order regarding class certification, whichever is later." This court denied the motion for class certification on December 23, 2003. Thus, the fact discovery deadline passed on March 22, 2004.

The parties attempted to alter the discovery plan by filing, on March 12, 2004, a Revised Report of Parties' Planning Meeting, and, on May 25, 2004, a Second Revised Report of Parties' Planning Meeting. The court ordered those documents stricken; the discovery deadlines in the original Report of the Parties' Planning Meeting remained unchanged.

Now before the court are the plaintiff's motion to compel [#52], filed on September 13, 2004, and the defendants' motion for leave to depose City Manager Steven Carter [#58], filed on September 24, 2004. The court views the pending motions as a roundabout way to extend the discovery deadlines. The City states that McLeod has provided 1,157 pages in response to document requests. The City now seeks to have McLeod correlate the documents to one or another of its twenty document requests. The City frames this request as a first supplemental request for

production,[1] but McLeod contends in its letter dated July 20, 2004 that the first supplemental request is merely a request that McLeod organize the documents that it has produced previously. Subsequent correspondence from the City does not dispute that contention; instead, the correspondence asserts that McLeod has not complied with Federal Rule of Civil Procedure 34 in regard to organization of the documents.  Copies of the correspondence between the City and McLeod, which the City has attached to the motion to compel,[2] show that correspondence was not initiated until well after the discovery deadline had passed.  While the litigants are encouraged to attempt to resolve discovery disputes before seeking the court's assistance, the court is not inclined to step in and resolve disputes that are allowed to drag on until a month before trial.

Similarly, McLeod has waited until too late to seek leave to depose City Manager Steven Carter.  McLeod wishes to question Carter about a document dated August 9, 2002, that McLeod found on the City's web site in August 2004.[3]  McLeod believes the document should have been produced in the normal course of discovery as it is relevant to the issues in this case. McLeod further contends that the City has acknowledged the document was not produced during discovery.[4]  However, McLeod fails to explain why it did not discover the document on its own before it deposed City officials.  The fact that McLeod did eventually discover the document on the City's web site suggests this information could have been located fairly early in the litigation, and well before the discovery deadline passed.

In sum, the parties could have brought these discovery disputes to the court's attention months ago.  But raised this late in the litigation, the motions, if granted, would certainly delay the trial.  The court is unwilling to delay trial in a case that has been pending for almost two years, especially since fact discovery has been closed for six months.

## CONCLUSION

For the foregoing reasons, the motion to compel [#52] and the motion for leave to depose

---

[1] The supplemental request to produce was served on April 22, 2004.

[2] *See* Exhibit A.

[3] The motion states the document was found on the web site in August 2003, after discovery closed and the parties were preparing for a settlement conference. This is certainly incorrect, as discovery had not yet closed by then, and the settlement conference was held in August 2004.

[4] McLeod states that the City would likely argue that other documents produced during discovery contain the same or similar information – an assertion with which McLeod disagrees.

Steven Carter [#58] are denied.

Entered this 28th day of September, 2004.

                            **s/ Harold A. Baker**
                            _____
                            HAROLD A. BAKER
                        UNITED STATES DISTRICT JUDGE