**E-FILED**
Friday, 01 October, 2004  04:37:18 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA/DANVILLE DIVISION

| | |
|---|---|
| THE CITY OF CHAMPAIGN, an Illinois municipal corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) No. 02-2252 |
| MCLEODUSA, INC., a Delaware corporation, and MCLEODUSA TELECOMMUNICATION SERVICES, INC., an Iowa corporation, | ) ) ) Hon. Harold Baker ) ) ) |
| Defendants. | ) ) |

### McLEODUSA'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE THE TESTIMONY OF UNDISCLOSED WITNESS RICHARD SCHNUER

Defendants McLeodUSA Incorporated and McLeodUSA Telecommunications Services, Inc. (collectively, "McLeodUSA"), by their attorneys, and pursuant to Fed. R. Civ. P. 37(c)(1), respectfully submit the following memorandum in support of its motion to bar the City of Champaign from calling an undisclosed witness, Richard Schnuer, at trial.  In further support of its motion, McLeodUSA states as follows:

### Argument

Champaign should be precluded from calling Richard Schnuer, a city finance employee, as a witness at trial because Champaign failed to disclose Mr. Schnuer as a potential witness until September 17, 2004, only weeks before the October 18 trial date in this case and long past the March 22 close of discovery.  Because of Champaign's non-disclosure, McLeodUSA has been prevented from deposing Mr. Schnuer or taking other discovery concerning his potential testimony.  Schnuer's testimony would thus work unfair surprise upon

McLeodUSA, and violate the disclosure requirements of Rules 26(a)(1) and 37(c)(1). The Court should thus bar Schnuer's testimony.

The rules governing witness disclosure are straightforward. Rule 26(a)(1) requires parties to identify in their initial disclosures all persons "likely to have discoverable information that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1). Rule 26(e) requires a party to supplement its disclosures if it later learns that the disclosures are incomplete. *Id.* 26(e)(1). Champaign was thus required to disclose Schnuer as a witness at the outset of the case, or to timely supplement its disclosures with Schnuer's name when it became apparent that it might use Schnuer's testimony to support its claims.

The penalty for failing to disclose a witness pursuant to Rule 26 is also straightforward, and mandatory. Under Federal Rule 37(c)(1), a party is not "permitted to use as evidence at trial . . . any witness or information not so disclosed [under Rule 26]." Fed. R. Civ. P. 37(c)(1). Unless the nondisclosure was somehow "justified or harmless," the exclusion of a non-disclosed witness under Rule 37(c)(1) is "<u>automatic</u> and <u>mandatory</u>." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 759 (7th Cir. 2004) (emphasis added).

Here, there can be no question that Champaign unjustifiably failed to disclose Mr. Schnuer as a witness until the eve of trial. Champaign has obviously known the identity of Schnuer—the city's own employee—and the potential subjects of his testimony from the outset of this case. Mr. Schnuer's name, however, appears nowhere on the City's Rule 26(a)(1) disclosures. (*See* Exhibit A.) Champaign never supplemented those disclosures with Mr. Schnuer's name, and never told McLeodUSA in any other way that it planned to call Mr. Schnuer as a witness. The very first time that Champaign announced its intention to call Schnuer was on September 17, 2004, in its pre-trial list of proposed witnesses. This last-minute attempt

to designate Schnuer as a witness violates Rule 26(a)(1) and the spirit of the Federal Rules in preventing unfair surprise at trial.

## Conclusion

For the foregoing reasons, McLeodUSA respectfully requests that the Court enter an order pursuant to Federal Rule 37(c)(1) precluding Champaign from calling undisclosed witness Richard Schnuer to testify at trial.

Respectfully submitted,
McLeodUSA Incorporated and
McLeod Telecommunications Services, Inc.


By:   s/ Edward F. Malone
      One of their attorneys

Edward F. Malone
Daniel J. Weiss
JENNER & BLOCK LLP
One IBM Plaza
Chicago, Illinois  60611
(312) 222-9350
(312) 840-7517 (fax)

October 1, 2004

## CERTIFICATE OF SERVICE

      I hereby certify that on October 1, 2004, I electronically filed the foregoing McLEODUSA'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE THE TESTIMONY OF UNDISCLOSED WITNESS RICHARD SCHNUER with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Thomas W. Kelty
      tkelty@keltylaw.com


      s/ Daniel J. Weiss

      Edward F. Malone
      Daniel J. Weiss
      Attorneys for Defendants
      Jenner & Block LLP
      One IBM Plaza
      Chicago, Illinois  60611
      (312) 222-9350
      (312) 840-7517 (fax)
      emalone@jenner.com
      dweiss@jenner.com