IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | |
|---|---|
| THE CITY OF CHAMPAIGN, an Illinois municipal corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 02-2252 ) |
| McLEODUSA, INC., a Delaware corporation, and McLEODUSA TELECOMMUNICATION SERVICES, INC., an Iowa corporation, | ) ) Hon. Harold Baker ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF McLEODUSA'S
MOTION *IN LIMINE* NUMBER 4 TO BAR
INTRODUCTION OF PRIVILEGED DOCUMENT**

Pursuant to Fed. R. Civ. P. 16(c) and Local Rule 16.1(E)(5) and (8), defendants, McLeodUSA, Inc. and McLeodUSA Telecommunication Services, Inc. (collectively "McLeod") by their attorneys, submit this memorandum of law in support of their motion *in limine* for entry of an order barring plaintiff from introducing into evidence the document MC 00637, a privileged document that McLeodUSA's counsel Jenner & Block LLP inadvertently produced to Champaign.

**Introduction**

The page labeled MC 00637 is a portion of a privileged document that Jenner & Block mistakenly produced to Champaign. When making McLeodUSA's document production, a Jenner & Block attorney mistakenly failed to notice that a stray page of the privileged document—the last page, unaccompanied by the first three pages containing the indicia of privilege—was left in the production. McLeodUSA has asked Champaign to return the

document, but Champaign has so far not returned it and has indicated that it will seek to introduce the document at trial.

It is plain that the production was inadvertent. Jenner & Block listed the document on a privilege log it provided to plaintiff in April and plaintiff never challenged the privilege assertion. The circumstances of the production further described herein and in the accompanying declarations of McLeodUSA's counsel Edward Malone and Daniel Weiss make clear that McLeodUSA did not intend to produce the page of the privileged document. This Court should thus find that the privilege was not waived, require Champaign to return the document to Jenner & Block, and bar its introduction into evidence. In any event, the Court should bar introduction of the document for the independent reason that the document concerns the development of a settlement offer, and is inadmissible under Rule 408 to show liability on the part of McLeodUSA.

## **BACKGROUND**

In early 2004, Jenner & Block prepared a document production to the City of Champaign consisting of documents responsive to the City's document requests. Jenner & Block ultimately produced 1,157 pages of documents to the City on April 1, 2004.

Among the responsive documents that McLeodUSA provided to Jenner & Block for review and potential production was a February 14, 2002 e-mail from McLeodUSA engineer Michael Smeltzer to McLeodUSA in-house counsel, Victor Lazzaretti, attaching a two page document summarizing the respective positions of McLeodUSA and the City regarding the dispute that is the subject of this lawsuit, as well as potential options for settling the dispute. Based on discussions with Mr. Lazzaretti regarding the circumstances under which the document was prepared, Edward Malone, a partner at Jenner & Block and McLeod's lead trial attorney in

this case, concluded that the document was protected from discovery both by the attorney-client privilege and the work product doctrine. Consequently, Mr. Malone directed Daniel Weiss, an associate attorney at Jenner & Block, to remove the document from McLeod's production. Mr. Weiss reviewed the production for privileged materials and removed the February 14 e-mail and attachment and other privileged documents. (*See* accompanying Decl. of E. Malone ¶ 3, and Decl. of D. Weiss ¶¶ 2-4, filed herewith.)

Subsequently, Mr. Malone and Mr. Weiss listed the February 14 e-mail and attachment as Item No. 1 on McLeod's privilege log and Mr. Weiss sent the log to opposing counsel, Tom Kelty, on April 8, 2004. Mr. Kelty never challenged McLeod's assertion of privilege over the February 14 e-mail, or any other document listed on the privilege log. (*See* Malone Decl. ¶ 4 and Exhibit A thereto.)

On September 30, 2002, Mr. Malone received a fax letter from Mr. Kelty inviting Mr. Malone to call him to further discuss settlement. Mr. Malone called Mr. Kelty, who advised him that the City was *raising* its settlement demand. Mr. Kelty advised Mr. Malone that the City was not negotiating in bad faith, but rather that the decision to raise the settlement demand was the result of Mr. Kelty's recent discovery of a document in McLeod's production, which he said was damaging to McLeod's position in the lawsuit. Mr. Kelty identified the document as "MC 00637." (*See* Malone Decl. ¶ 5.)

Mr. Malone then advised Mr. Weiss of his conversation with Mr. Kelty and they went to McLeodUSA's document production to locate the document. Mr. Malone and Mr. Weiss determined that the document was a stray page of the memorandum attached to the September 14, 2002 e-mail over which McLeod had asserted privilege. Mr. Weiss determined that he must have missed the document when removing privileged materials because the original

3

stray page was loose in a McLeodUSA file, unattached to the rest of the document, and therefore lacked the indicia of privilege. (Malone Decl. ¶ 6 and Exhibit B thereto; Weiss Decl. ¶¶ 5-7.)

Immediately after reviewing the document, Mr. Malone called Mr. Kelty back and explained to him that the document was privileged, that Jenner & Block had identified the document on McLeodUSA's privilege log, but had inadvertently failed to pull MC 00637, which was an extra copy of the last page of the document, from the production because it was not attached to the rest of the document and lacked the indicia of privilege. Mr. Malone told Mr. Kelty that he would like him to return the document and that if Mr. Kelty did not, Mr. Malone would object to its introduction on privilege grounds. The following day, October 1, Mr. Malone sent Mr. Kelty a letter again requesting return of the document on the grounds that it was a privileged document that was inadvertently produced. Mr. Kelty did not respond to these requests. (Malone Aff. ¶¶ 7-8 and Exhibit C thereto.)

## **ARGUMENT**

McLeod's production of the stray page MC 00637 was inadvertent, and under the balancing test employed by courts in the Seventh Circuit, this Court should find that no waiver of the privilege has occurred and that consequently, Champaign should be barred from introducing the document into evidence. In any event, the document is also protected by Fed. R. Evid. 408.

In the Seventh Circuit, when a party "mistakenly discloses information that it had intended to keep secret," such as by accidentally producing a privileged document, a court's treatment of the mistake is governed by the rules of "inadvertent disclosure" *Dellwood Farms v. Cargill, Inc.*, 128 F.3d 1122, 1126 (7th Cir. 1997). Though inadvertent disclosure can result in the waiver of a privilege, courts are "less likely to find waiver in such a case," because

committing a mistake "is not by itself a compelling reason for stripping a person of his privilege." *Id.* at 1126-27.

District courts in the Seventh Circuit most typically apply a multi-factor balancing test in analyzing cases of inadvertent disclosure. *E.g.*, *Simon Prop. Group v. mySimon, Inc.*, 194 F.R.D. 644, 649 (S.D. Ind. 2000); *Sanner v. Board of Trade*, 181 F.R.D. 374, 379 (N.D. Ill. 1998). The factors considered under this test are: (1) the "reasonableness of the precautions taken to prevent the disclosure," (2) "the time taken to rectify the error," (3) "the scope of the discovery [*i.e.,* the volume of information produced]", (4) "the extent of the disclosure," and (5) "the overriding issue of fairness." *Sanner*, 181 F.R.D. at 379.

Here, each factor overwhelmingly favors finding no waiver for McLeodUSA and requiring Champaign to return the privileged document. McLeodUSA plainly took "reasonable precautions to prevent the disclosure" of the privileged document; an attorney reviewed the production for privileged documents, including the complete version of the document at issue, and listed those documents on a privilege log. McLeod's attorney then removed all copies of the document from McLeodUSA's production save for the single stray page MC 00637. That page, unaccompanied by any other portion of the document, including the pages containing indicia of privilege, was loose in the original McLeodUSA file and thus difficult to detect. (*See* Malone Decl. ¶ 6; Weiss Decl. ¶¶ 5-7.) Especially given the "scope of the discovery," here more than 1,100 pages, counsel's accidental failure to remove a single stray page cannot fairly be considered anything other than a simple mistake. Similarly, the "extent of the disclosure," a mere single-page fragment of a document disclosed on McLeodUSA's privilege log, was exceedingly narrow. Each of those factors strongly supports finding no waiver here.

Regarding the "the time taken to rectify the error," McLeodUSA's counsel immediately asked that Champaign return the document after Champaign indicated for the first time on September 30, 2004 that it had received the document in McLeodUSA's April 2004 production. Despite the express listing of the privileged document on McLeodUSA's April 8, 2004 privilege log, counsel for Champaign had not indicated in any manner before September 30 that Champaign had received the mistakenly produced document or intended to use it in any way in this case.

Last, and perhaps most importantly, "the overriding issue of fairness" powerfully supports requiring the return and exclusion of the privileged document. The privileged document contains the details of an internal effort within McLeodUSA to develop an appropriate settlement proposal in this case. The document thus contains an unvarnished analysis of the strengths and weaknesses of McLeodUSA's and Champaign's respective positions, and financial recommendations concerning an appropriate settlement offer. Opening these internal, privileged deliberations to the view of the jury on the basis of a one-page mistake in McLeodUSA's production would be plainly unfair. Among other things, it would violate the policies underlying Fed. Civ. P. 408, which makes offers of settlement inadmissible  Moreover, in the privilege context, the "severity of punishment for a mistake should be proportioned to the gravity of the mistake." *Dellwood Farms*, 128 F.3d at 1127. Here, revealing McLeodUSA's privileged settlement deliberations at trial would be grossly out of proportion with counsel's mistake. For that reason, and all of the above reasons, the Court should hold that Champaign must return the document to McLeodUSA and not seek to introduce the document at trial.

In any event, even setting the attorney-client and work-product doctrines aside, document MC 00637 is inadmissible because it details internal settlement discussions, Fed. R.

6

Evid. 408. The document is protected by Rule 408 because it represents "[e]vidence of . . . attempting to compromise a claim," which, under the plain terms of the rule, is "not admissible to prove liability[.]" Fed. R. Evid. 408. McLeodUSA's own internal efforts to assess potential settlement options falls within the heart of Rule 408 and should thus be excluded on this independent basis.

## Conclusion

For the foregoing reasons, the Court should enter an order requiring that Champaign return to McLeodUSA the document marked MC 00637 and precluding Champaign from introducing the document or otherwise using the document at trial.

>
> Respectfully submitted,
> McLeodUSA Incorporated and
> McLeod Telecommunications Services, Inc.
>
>
> By:   s/ Edward F. Malone
>       One of their attorneys
>       Edward F. Malone
>       Daniel J. Weiss
>       JENNER & BLOCK LLP
>       One IBM Plaza
>       Chicago, Illinois  60611
>       (312) 222-9350
>       (312) 840-7517 (fax)

October 4, 2004

7

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 4, 2004, I electronically filed the foregoing McLEODUSA'S MOTION IN LIMINE NUMBER 2 TO BAR INTRODUCTION OF PRIVILEGED DOCUMENT and MEMORANDUM OF LAW IN SUPPORT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Thomas W. Kelty
      tkelty@keltylaw.com

      s/ Daniel J. Weiss
      Edward F. Malone
      Daniel J. Weiss
      Attorneys for Defendants
      Jenner & Block LLP
      One IBM Plaza
      Chicago, Illinois   60611
      (312) 222-9350
      (312) 840-7517 (fax)
      emalone@jenner.com
      dweiss@jenner.com