IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | |
|---|---|
| THE CITY OF CHAMPAIGN, an Illinois municipal corporation, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>McLEODUSA, INC., a Delaware corporation, and McLEODUSA TELECOMMUNICATION SERVICES, INC., an Iowa corporation, )<br>)<br>)<br>)<br>)<br>Defendants. )<br>)<br>) | No. 02-2252<br><br>Hon. Harold Baker |

## DECLARATION OF EDWARD F. MALONE

Edward F. Malone, having been duly sworn and deposed, states as follows:

1. I am an attorney licensed to practice law in the State of Illinois and a partner at the law firm of Jenner & Block LLP. I have been admitted to practice law in Illinois since December 1991 and I have been a member of the bar of the United States District Court for the Central District of Illinois since July 1995. I am lead trial counsel for McLeodUSA, Incorporated and McLeodUSA Telecommunications Services, Inc. (collectively, "McLeodUSA") in this lawsuit. If called to testify about the facts set forth below, I would testify as follows.

2. On April 1, 2004, Jenner & Block made a document production to the City of Champaign consisting of 1,157 pages of documents responsive to the City's document requests.

3. Among the responsive documents that McLeodUSA provided to Jenner & Block that counsel reviewed for the purpose of making McLeodUSA's document production was a February 14, 2002 e-mail from McLeodUSA engineer Michael Smeltzer to McLeodUSA in-house counsel, Victor Lazzaretti, attaching a two page document summarizing the respective positions of McLeodUSA and the City regarding the dispute that is the subject of this lawsuit, as well as potential options for settling the dispute. Based on discussions with Mr. Lazzaretti regarding the circumstances under which the document was prepared, I concluded that the document was protected from discovery both by the attorney-client privilege and the work product doctrine. Consequently, I directed my colleague Daniel Weiss, an associate attorney at Jenner & Block, to remove the document

    from McLeod's production. Mr. Weiss reviewed the production for privileged materials and removed the February 14 e-mail and attachment and other privileged documents.

4. Subsequently, we listed the February 14 e-mail and attachment as Item No. 1 on McLeod's privilege log and Mr. Weiss sent the log to opposing counsel, Tom Kelty, on April 8, 2004. (Exhibit A) Mr. Kelty never challenged McLeod's assertion of privilege over the February 14 e-mail, or any other document listed on the privilege log.

5. On September 30, 2002, I received a fax letter from Mr. Kelty inviting me to call him to further discuss settlement. I called Mr. Kelty, who advised me that the City was *raising* its settlement demand. Mr. Kelty advised me that the decision to raise the settlement demand was the result of Mr. Kelty's recent discovery of a document in McLeodUSA's production, which he regarded as damaging to McLeodUSA's position in the lawsuit. Mr. Kelty identified the document as "MC 00637" and described it to me.

6. I then advised Mr. Weiss of my conversation with Mr. Kelty and we went to McLeod's document production to locate the document. We determined that the document was an extra copy of the second page of the memorandum attached to the September 14 e-mail over which McLeodUSA had claimed privilege. Mr. Weiss explained to me that he must have missed the document when segregating privileged materials because the single page was loose in McLeodUSA's original files and was not attached to the e-mail or the first page of the settlement memorandum, and therefore lacked the indicia of privilege. A copy of MC 00637 is attached as Exhibit B.

7. Immediately after reviewing the document, I called Mr. Kelty back and explained to him that the document was privileged, that we had identified the document on our privilege log, but that we had inadvertently failed to pull MC 00637, which was a stray copy of the last page of the document, from the production because it was not attached to the rest of the document and lacked the indicia of privilege. I told Mr. Kelty that I would like him to return the document and that if he did not, I would object to its introduction on privilege grounds. Mr. Kelty did not respond to my request.

8. The following day, October 1, 2004, I sent Mr. Kelty a letter again requesting return of the document on the grounds that it was a privileged document that was inadvertently produced. I told Mr. Kelty that if he did not return the document by the end of the day, I would file a motion *in limine* to bar introduction of the document at trial. (Exhibit C) I understand that Mr. Kelty went out of town on the afternoon of October 1, and he did not respond to my request.

9. I declare under penalty of perjury that the foregoing is true and correct. Executed on October 3, 2004.

s/ Edward F. Malone<br>
Edward F. Malone

## CERTIFICATE OF SERVICE

      I hereby certify that on October 4, 2004, I electronically filed the foregoing AFFIDAVIT OF EDWARD F. MALONE and attached exhibits with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Thomas W. Kelty
    tkelty@keltylaw.com

                              s/ Daniel J. Weiss
                              Edward F. Malone
                              Daniel J. Weiss
                              Attorneys for Defendants
                              Jenner & Block LLP
                              One IBM Plaza
                              Chicago, Illinois   60611
                              (312) 222-9350
                              (312) 840-7517 (fax)
                              emalone@jenner.com
                              dweiss@jenner.com