## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA/DANVILLE DIVISION

| | |
|---|---|
| THE CITY OF CHAMPAIGN, an Illinois municipal corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 02-2252 |
| McLEODUSA, INC., a Delaware corporation, and McLEODUSA TELECOMMUNICATION SERVICES, INC., an Iowa corporation, | ) ) ) Hon. Harold Baker ) ) ) |
| Defendants. | ) ) ) |

## DECLARATION OF DANIEL J. WEISS

Daniel J. Weiss, having been duly sworn and deposed, states as follows:

1. I am an attorney licensed to practice law in the State of Illinois and an associate at the law firm of Jenner & Block LLP. I have been admitted to practice law in Illinois since December 1998 and I have been a member of the bar of the United States District Court for the Central District of Illinois since 2002. I am counsel for McLeodUSA, Incorporated and McLeodUSA Telecommunications Services, Inc. (collectively, "McLeodUSA") in this lawsuit. If called to testify about the facts set forth below, I would testify as follows.

2. I am the attorney that was primarily responsible for the preparation and production of McLeodUSA's documents to Champaign.

3. In preparing McLeodUSA's production, I removed certain documents from the production at the direction of lead counsel Edward Malone for reasons of attorney-client privilege or the attorney work-product doctrine. I listed the documents removed from productions on a privilege log, which Mr. Malone and I sent to Champaign's counsel. (*See* Ex. A to Malone Decl.)

4. One of the documents I removed from McLeodUSA's production and listed on the privilege log was a February 14, 2002 e-mail from McLeodUSA engineer Michael Smeltzer to McLeodUSA in-house counsel, Victor Lazzaretti, attaching a two page document summarizing the respective positions of McLeodUSA and the City regarding the dispute that is the subject of this lawsuit, as well as potential options for settling the dispute. Based on consultation with Mr. Malone, I

   removed the document on the basis of the attorney-client privilege and the work-product doctrine, and so indicated on McLeodUSA's privilege log.

5.  I carefully reviewed McLeodUSA's production for all copies of the February 14, 2002 document, and removed all of the copies I located.

6.  I apparently failed to notice a single stray page of the February 14, 2002 document that was loose in an original McLeodUSA file without any of the accompanying pages, including the cover the e-mail or the first page of the settlement memorandum, and therefore lacked the indicia of privilege. That stray page was produced as document MC 00637.

7.  My failure to locate and remove document MC 00637 was inadvertent and occurred despite my careful review of McLeodUSA's documents before production. I believe I did not locate and remove the page MC 00637 because it is a stray copy that was not attached to any other page and was not accompanied by the other pages of the document in the original McLeodUSA file. I had intended to remove all copies of the February 14, 2002 document from the production, as I indicated on McLeodUSA's privilege log.

8.  I declare under penalty of perjury that the foregoing is true and correct. Executed on October 4, 2004.

                s/ Daniel J. Weiss
                Daniel J. Weiss