IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | | |
|---|---|---|
| THE CITY OF CHAMPAIGN, an Illinois municipal corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 02-2252 |
| MCLEODUSA, INC., a Delaware corporation, and MCLEODUSA TELECOMMUNICATION SERVICES, INC., an Iowa corporation, | ) ) ) ) ) ) | Hon. Harold Baker |
| Defendants. | ) ) | |

**MCLEODUSA'S PRETRIAL MOTION
RENEWING MOTION FOR SUMMARY JUDGMENT ON DISCRIMINATION**

Defendants McLeodUSA Incorporated and McLeodUSA Telecommunications Services, Inc. (collectively, "McLeodUSA"), by their attorneys, and pursuant to Fed. R. Civ. P. 16 and Local Rule 16.1(E), respectfully submit the following motion seeking a pretrial order that, as a matter of law, Champaign may not enforce multiple rights-of-way ("ROW") fees against McLeodUSA when it enforced only one fee against every other carrier. Rather, pursuant to the federal Telecommunications Act of 1996, 47 U.S.C. § 253, Champaign may only enforce against McLeodUSA the same nondiscriminatory ROW fee that Champaign charged McLeodUSA's closest competitor, Ameritech.

McLeodUSA previously moved for summary judgment on this issue in a November 20, 2003 motion. The Court denied that motion in a July 28, 2004 order, holding that it could not grant McLeodUSA summary judgment because, at the time, McLeodUSA had presented insufficient evidence that McLeodUSA was the only carrier that Champaign charged multiple fees. (July 28, 2004 Order at 5.) The Court, however, expressly noted that "the court

would be presented with an entirely different picture had Champaign's city attorney made this assertion." (*Id.* at 5 n.5.)  The Court issued its July 28 Order after the deadline for dispositive motions had passed, as set forth in the Court's order.

As set out in further detail below, Champaign's City Attorney has made the precise admission that the Court described in its July 28, 2004 opinion.  While that evidence was not available to McLeodUSA at the time of its earlier summary judgment motion, the evidence is now undisputed and supported by the City Attorney's own admissions that McLeodUSA is the *only* carrier from which Champaign has sought multiple ROW fees.  Thus, as a matter of law, Champaign's ROW fees are unlawfully discriminatory under 47 U.S.C. § 253 for all of the reasons described in McLeodUSA's November 20, 2003 summary judgment motion, and there is no remaining factual issue for a jury to resolve.  In further support of this motion, McLeodUSA incorporates its November 20, 2003 summary judgment motion and states as follows:

1.  As detailed in McLeodUSA's November 20, 2003 summary judgment motion, federal law is clear that municipalities are prohibited from charging ROW fees that are not "competitively neutral and nondiscriminatory."  47 U.S.C. § 253(c).  That federal rule preempts state and local authorities from enforcing any local ROW requirement that "materially inhibits the ability of any competitor or potential competitor to compete in a fair and balanced legal and regulatory environment."  *TCG New York v. City of White Plains*, 305 F.3d 67, 77 (2d Cir. 2002).  The burden of showing that a ROW regulation complies with Section 253 is upon the local authority attempting to enforce the requirement.  *New Jersey Payphone Ass'n v. Town of West New York*, 299 F.3d 235, 234 (3d Cir. 2002). (For more detail and additional authority, *see* McLeodUSA Nov. 20, 2003 S.J. Mem. at 8-15.)

2. In this case, the ROW charges Champaign seeks to enforce against McLeodUSA are not "competitively neutral and nondiscriminatory" because Champaign seeks to apply three different ROW charges to McLeodUSA whereas Champaign applied only one ROW charge to every other carrier.

3. The undisputed evidence shows that, during the relevant period (1998 through 2002), Champaign required Ameritech, the dominant incumbent local carrier in the city, to pay only a single 38-cent monthly "access line" rate for the rights to use city ROW. (Ex. A at 14, Champaign Resp. to Req. to Admit No. 21.)

4. In complete contrast, Champaign seeks to charge McLeodUSA the same access line rate under the 1996 agreement between Consolidated Communications Telecom Systems, Inc. (Compl. ¶¶ 45-54), *plus* two additional "conduit footage" charges under two other ROW agreements executed in 1994 and 1997. (Compl. ¶¶ 34-44, 55-61.) By the City's own calculations, McLeodUSA would be required to pay approximately $32,000 annually under the same access line rate it charged Ameritech. (*See* Compl. ¶ 51.) But with the two additional conduit charges, the City calculates that McLeodUSA would pay an extra $107,000 per year, more than tripling the access line fee. (*Id.* at ¶¶ 35-36, 56-59.) On its face, this scheme is discriminatory and unfairly burdens McLeodUSA as compared to its competitors, in contravention of 47 U.S.C. § 253(c). (*See also* McLeodUSA Nov. 20, 2003 S.J. Mem. at 8-15.)

5. In its July 28, 2004 order on summary judgment, the Court denied McLeodUSA's motion because the Court was not convinced that McLeodUSA had established for purposes of Fed. R. Civ. P. 56 that McLeodUSA was the only carrier that Champaign sought to charge multiple ROW fees. (July 28, 2004 Order at 5.) The Court wrote that the declaration of McLeodUSA employee Victor Lazzaretti was insufficient for this purpose, because Lazzaretti

could not "state with absolute certainty that Champaign does not hold any other carrier to multiple ROW contracts." (*Id.*)

6. The Court, however, expressly noted that "the court would be presented with an entirely different picture had Champaign's city attorney made this assertion." (*Id.* at 5 n.5.)

7. In his April 27, 2004 deposition, Champaign's City Attorney made the precise admission described in the Court's order. In deposition, City Attorney Fredrick Stavins gave the following testimony:

> McLeod: Who are the defendants in this action?
>
> Stavins: McLeodUSA, Inc., McLeodUSA Telecommunications Services, Inc.; two.
>
> McLeod: Okay. And the City, as I understand it, is seeking to enforce ROW charges under three contracts against those defendants. Is that right?
>
> Stavins: Yes.
>
> McLeod: Okay. Is there any other company other than the ones we just talked about that the City is trying to enforce more than one contract against?
>
> Stavins: No.
>
> McLeod: Okay. And that's true for the relevant period; right?
>
> Stavins: Yes.

(Ex. B, Stavins Dep. Testimony at 330-31.)

8. Champaign's City Attorney thus admitted the precise fact that the Court found was necessary to McLeodUSA's summary judgment motion. With that admission, the Court is "presented with an entirely different picture" regarding the merits of the motion. In particular, it is now entirely undisputed that McLeodUSA is the only carrier from which

4

Champaign seeks multiple ROW charges. In the face of that undisputed fact, Champaign's ROW claims cannot survive 47 U.S.C. § 253 as a matter of law.

9. Stavin's admission was not available to McLeodUSA at the time of the parties' summary judgment briefing. The centrality of Stavin's admission to the Court's analysis was also not known to McLeodUSA until the Court's order denying summary judgment, where the Court expressly discussed the importance of an admission by the City Attorney.[1]

10. Because—with Stavin's admission—Champaign's claims to extra ROW fees under the 1994 and 1997 agreements fail as a matter of law, there is no issue for the jury on those contracts. Rather, as further described in McLeodUSA's November 20, 2003 summary judgment motion, Champaign is prohibited as a matter of law from enforcing any ROW charge against McLeodUSA other than the nondiscriminatory rate that Champaign charged Ameritech. (*See* McLeodUSA Nov. 20, 2003 S.J. Mem. at 11-15.)

11. The Court should thus hold, as a matter of law and the undisputed facts, that Champaign may not charge McLeodUSA ROW fees other than the nondiscriminatory fee charged to Ameritech. That holding requires judgment against Champaign as a matter of law on Champaign's Counts I (the 1994 contract), III (the 1997 contract), and IV (declaration regarding all three contracts), and partial judgment against Champaign on its Count IV (quatum meruit), limiting any quantum meruit compensation to the same level as the nondiscriminatory rate. (*See* McLeodUSA Nov. 20, 2003 S.J. Mem. at 14-15.)

---

[1] While McLeodUSA had planned to raise this issue at the previously scheduled August 13, 2004 status conference, the Court canceled that conference in favor of the mediation conference the parties held before Magistrate Judge Bernthal on August 25, 2004.

12. The Court is authorized to issue such an order pursuant to Fed. R. Civ. P. 56, or, if after trial has commenced, Fed. R. Civ. P. 50. *See Mayer v. Gary Partners & Co.*, 29 F.3d 330, 335 (7th Cir. 1994).

### **Conclusion**

For the reasons set out above and in McLeodUSA's November 20, 2003 motion for partial summary judgment, the Court should enter an order holding that Champaign may not, as a matter of law under 47 U.S.C. § 253, enforce discriminatory ROW fees against McLeodUSA. Specifically, the Court should enter judgment against Champaign as a matter of law on Champaign's Counts I, III, and IV, and partial judgment against Champaign on its Count IV, limiting any quantum meruit compensation to the same level as the nondiscriminatory rate.

        Respectfully submitted,
        McLeodUSA Incorporated and
        McLeod Telecommunications Services, Inc.

By:    s/ Edward F. Malone
       One of their attorneys
       Edward F. Malone
       Daniel J. Weiss
       JENNER & BLOCK LLP
       One IBM Plaza
       Chicago, Illinois 60611
       (312) 222-9350
       (312) 840-7517 (fax)

October 4, 2004

**CERTIFICATE OF SERVICE**

   I hereby certify that on October 4, 2004, I electronically filed the foregoing MCLEODUSA'S PRETRIAL MOTION RENEWING MOTION FOR SUMMARY JUDGMENT ON DISCRIMINATION with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

  Thomas W. Kelty
  tkelty@keltylaw.com

        s/ Daniel J. Weiss
        Edward F. Malone
        Daniel J. Weiss
        Attorneys for Defendants
        Jenner & Block LLP
        One IBM Plaza
        Chicago, Illinois   60611
        (312) 222-9350
        (312) 840-7517 (fax)
        emalone@jenner.com
        dweiss@jenner.com