# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA/DANVILLE DIVISION

| | |
|---|---|
| THE CITY OF CHAMPAIGN, an Illinois municipal corporation, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 02-2252 |
| MCLEODUSA, INC., a Delaware corporation, and MCLEODUSA TELECOMMUNICATION SERVICES, INC., an Iowa corporation, ) ) ) ) ) ) | Hon. Harold Baker |
| Defendants. ) ) | |

v

**MCLEODUSA'S MOTION *IN LIMINE* NO. 5
TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING
<u>IRRELEVANT CORPORATE TRANSACTIONS AND ENTITIES</u>**

Defendants McLeodUSA Incorporated and McLeodUSA Telecommunications Services, Inc. (collectively, "McLeodUSA"), by their attorneys, and pursuant to Fed. R. Civ. P. 16 and Local Rule 16.1(E)(8), respectfully submit the following motion *in limine* to bar Champaign from introducing evidence or argument concerning corporate transactions and entities that played no role in the allegations of Champaign's complaint.  Such evidence is irrelevant to the issues to be tried in this case and risks confusing the issues at trial and misleading the jury and thus should be barred under Fed. R. Evid. 403.  In further support of this motion, McLeodUSA has herewith submitted a memorandum of law and further states as follows:

1.  This Court should preclude Champaign from introducing at trial any argument or evidence concerning business units acquired or divested by McLeodUSA that did not operate in Champaign and bear no relation to any allegation in Champaign's complaint.

2. Such an order is necessary because Champaign has wrongly suggested in its prior advocacy that McLeodUSA has structured its subsidiaries in a complex or confusing manner, implying shady dealings where none exist.

3. For example, Champaign wrote the following response to a basic request to admit served by McLeodUSA:

> Request: Admit that the parties to the 1994 Agreement were Champaign and CNI.
>
> RESPONSE: Champaign denies Request for Admissions No. 2 as stated. McLeod has created a virtual morass of companies which it appears they have bought, sold, merged, repurchased and restructured so many times that it is virtually impossible to get a clear understanding of who they are and what they do.

(Exhibit 1 to Mem. at 7.)

4. Champaign's suggestion that McLeodUSA has created a "morass" of companies and has disguised "who they are and what they do" is wrong, unsupported by evidence, and would obviously prejudice McLeodUSA before the jury.

5. As further detailed in the accompanying memorandum of law, the only McLeodUSA-affiliated companies that have any role at all in this case are Consolidated Network, Inc. ("CNI"), Consolidated Communications Telecom Services, Inc. ("CCTS"), and McLeodUSA Telecommunications Services, Inc. ("MTSI"). References to other McLeodUSA subsidiaries or transactions involving other McLeodUSA subsidiaries have absolutely no relevance to Champaign's claims. Under Federal Rule of Evidence 402, the admission of such evidence would therefore be improper.

6. Further, from its prior advocacy, Champaign appears likely to argue that McLeodUSA has a "morass" of subsidiaries, or that McLeodUSA has sought to disguise its

operations through subsidiary transactions. Any such allegations would be false, unsupported by any evidence, misleading to the jury, and unfairly prejudicial to McLeodUSA in contravention of Rule 403.

    7. For those reasons, Champaign should be precluded from introducing evidence or argument regarding any McLeodUSA-affiliated company other than the three directly involved in this case (CNI, CCTS, and MTSI). Champaign should also be precluded from falsely suggesting that McLeodUSA's corporate structure is somehow suspicious or improper.

In addition to generally prohibiting such irrelevant and prejudicial evidence and argument, the Court should specifically preclude Champaign from offering at trial its proposed trial exhibits No. 32, 33, 35, 36, 37, and 38, each of which concerns McLeodUSA subsidiaries or transactions that bear no relation to the matters at issue in this case.

## **Conclusion**

  For the foregoing reasons, the Court should preclude Champaign from introducing evidence or argument about McLeodUSA-related entities other then CNI, CCTS, or MTSI. The Court should specifically exclude Champaign's proposed exhibits Nos. No. 32, 33, 35, 36, 37, and 38, which do not concern any McLeodUSA entity or transaction relevant to this case.

        Respectfully submitted,
        McLeodUSA Incorporated and
        McLeod Telecommunications Services, Inc.


By:    s/ Edward F. Malone
        One of their attorneys

        Edward F. Malone
        Daniel J. Weiss
        JENNER & BLOCK LLP
        One IBM Plaza
        Chicago, Illinois  60611
        (312) 222-9350
        (312) 840-7517 (fax)

October 4, 2004

## CERTIFICATE OF SERVICE

      I hereby certify that on October 4, 2004, I electronically filed the foregoing MCLEODUSA'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING IRRELEVANT CORPORATE TRANSACTIONS AND ENTITIES with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Thomas W. Kelty
      tkelty@keltylaw.com


      / Daniel J. Weiss

      Edward F. Malone
      Daniel J. Weiss
      Attorneys for Defendants
      Jenner & Block LLP
      One IBM Plaza
      Chicago, Illinois  60611
      (312) 222-9350
      (312) 840-7517 (fax)
      emalone@jenner.com
      dweiss@jenner.com