E-FILED
Monday, 04 October, 2004  03:18:36 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | | |
|---|---|---|
| THE CITY OF CHAMPAIGN, an Illinois municipal corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 02-2252 |
| MCLEODUSA, INC., a Delaware corporation, and MCLEODUSA TELECOMMUNICATION SERVICES, INC., an Iowa corporation, | ) ) ) ) ) ) | Hon. Harold Baker |
| Defendants. | ) ) | |

**MCLEODUSA'S MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* NO. 5
TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING
<u>IRRELEVANT CORPORATE TRANSACTIONS AND ENTITIES</u>**

Defendants McLeodUSA Incorporated and McLeodUSA Telecommunications Services, Inc. (collectively, "McLeodUSA"), by their attorneys, and pursuant to Local Rule 16.1(E)(8), respectfully submit the following memorandum in support of their motion *in limine* to bar Champaign from introducing evidence or argument concerning corporate transactions and entities that played no role in the allegations of Champaign's complaint. Such evidence is irrelevant to the issues to be tried in this case and risks confusing the issues at trial and misleading the jury and thus should be barred under Fed. R. Evid. 403.

The Court's order excluding such evidence and argument should specifically exclude from trial Champaign's proposed trial exhibits No. 32, 33, 35, 36, 37, and 38, each of which deals with McLeodUSA subsidiaries or corporate transactions that do not relate to any of Champaign's allegations. McLeodUSA is prepared to reach stipulations regarding all relevant aspects of its corporate structure and transactions.

**Argument**

This Court should preclude Champaign from introducing at trial any argument or evidence concerning business units acquired or divested by McLeodUSA that did not operate in Champaign and bear no relation to any allegation in Champaign's complaint. Such an order is necessary because Champaign has wrongly suggested in its prior advocacy that McLeodUSA has structured its subsidiaries in a complex or confusing manner, implying shady dealings where none exist. For example, Champaign wrote the following response to a basic request to admit served by McLeodUSA:

> Request: Admit that the parties to the 1994 Agreement were Champaign and CNI.
>
> RESPONSE: Champaign **denies** Request for Admissions No. 2 as stated. McLeod has created a virtual morass of companies which it appears they have bought, sold, merged, repurchased and restructured so many times that it is virtually impossible to get a clear understanding of who they are and what they do.

(Ex. A at 7.)[1]

Champaign's suggestion that McLeodUSA has created a "morass" of companies and has disguised "who they are and what they do" is wrong, unsupported by evidence, and would obviously prejudice McLeodUSA before the jury. There are only <u>three</u> companies related to McLeodUSA that are relevant to Champaign's allegations:

    (a)    McLeodUSA Telecommunications, Inc. ("MTSI"); which acquired

    (b)    Consolidated Communications Telecom Services, Inc. ("CCTS"); which was formerly known as:

    (c)    Consolidated Network, Inc. ("CNI").

---

[1] That response is inexplicable given that Champaign's own complaint alleges that "[i]n or about 1994, the City of Champaign entered into a 25-year right-of-way agreement with Consolidated Network, Inc. ('CNI')." (Compl. ¶ 35.)

Each of the predecessor companies merged into its successor, such that CNI became part of CCTS, and CCTS then became part of MTSI, with MTSI as the sole remaining McLeodUSA-affiliated company doing business in Champaign. Those facts are not disputed. Champaign admits in its complaint that "whether through merger or acquisition, CNI became part of Consolidated Communications Telecom Services, Inc.," and that "CCTS[] merged with and into MTSI." (Compl. ¶¶ 38, 50(d).)

Other than the three companies listed above, no other company affiliated with McLeodUSA is alleged to have ever provided service in Champaign or executed a right-of-way agreement with Champaign. There is no contrary evidence. Nor has McLeodUSA attempted to avoid liability to Champaign by hiding behind some unnamed subsidiary or "shell." Thus the only McLeodUSA-affiliated companies that have any role at all in this case are CNI, CCTS, and MTSI. References to other McLeodUSA subsidiaries or transactions involving other McLeodUSA subsidiaries have absolutely no relevance to Champaign's claims. Under Federal Rule of Evidence 402, the admission of such evidence would therefore be improper.

Perhaps more importantly, evidence and argument regarding unrelated McLeodUSA subsidiaries or corporate transactions would be unfairly prejudicial to McLeodUSA and not probative of any matter in dispute, contrary to Federal Rule of Evidence 403. It is well-settled that references to a corporation's structure are unduly prejudicial unless related to some matter in dispute. *E.g.*, *Adams Laboratories, Inc. v. Jacobs Eng'g, Inc.*, 761 F.2d 1218, 1226 & n.17 (7th Cir. 1985) (holding impermissibly prejudicial counsel's argument to jury that "you are dealing with one large corporation"). From its prior advocacy, however, Champaign appears likely to argue that McLeodUSA has a "morass" of subsidiaries, or that McLeodUSA has sought to disguise its operations through subsidiary transactions. Any such

allegations would be false, unsupported by any evidence, misleading to the jury, and unfairly prejudicial to McLeodUSA in contravention of Rule 403.

For those reasons, Champaign should be precluded from introducing evidence or argument regarding any McLeodUSA-affiliated company other than the three directly involved in this case (CNI, CCTS, and MTSI). Champaign should also be precluded from suggesting that McLeodUSA's corporate structure is somehow suspicious or improper—*i.e.*, that McLeodUSA has a "morass" of subsidiaries or that it is "impossible to get a clear understanding of who they are and what they do." There is no evidence to support such prejudicial disparagement.

In addition to generally prohibiting such irrelevant and prejudicial evidence and argument, the Court should specifically preclude Champaign from offering at trial its proposed trial exhibits No. 32, 33, 35, 36, 37, and 38, each of which concerns McLeodUSA subsidiaries or transactions that bear no relation to the matters at issue in this case. Proposed exhibit No. 32 and 33 are newspaper articles that describe corporate transactions involving a business called Illinois Consolidated Telephone Company ("ICTC") that McLeodUSA acquired in 1997 and sold in 2002.[2] Similarly, proposed exhibits 35, 36, 37, and 38 are corporate transaction forms and regulatory approvals for McLeodUSA's 2002 sale of ICTC.

ICTC did not provide telephone service in Champaign, did not execute a right-of-way agreement with Champaign, and is not the subject of any allegation in Champaign's case. (*E.g.*, Ex. B, May 27, 2004 Dep. Testimony of Victor Lazzaretti at 37-38.) While ICTC bears a similar name to CNI and CCTS (because it was once part of the same group of companies purchased by McLeodUSA), it was a separate business unit that did not operate in Champaign. (*Id.*) There is no contrary evidence in the record. Thus, none of the proposed exhibits

---

[2] In addition to being irrelevant and tending to confuse the issues at trial, these newspaper articles consist of nothing but hearsay and are inadmissible under Fed. R. Evid. 802.

concerning ICTC has anything to do with Champaign's right-of-way claims against CNI, CCTS, and MTSI. Their introduction into evidence would shed no light on any issue at trial and would be unduly prejudicial to McLeodUSA if employed to portray McLeodUSA's corporate structure as suspicious or overly complex. The Court should bar the exhibits as irrelevant and potentially leading to confusion of the issues. Fed. R. Evid. 402, 403.

## Conclusion

For the foregoing reasons, the Court should preclude Champaign from introducing evidence or argument about McLeodUSA-related entities other then CNI, CCTS, or MTSI. The Court should specifically exclude Champaign's proposed exhibits Nos. No. 32, 33, 35, 36, 37, and 38, which do not concern any McLeodUSA entity or transaction relevant to this case.

Respectfully submitted,
McLeodUSA Incorporated and
McLeod Telecommunications Services, Inc.


By:    s/ Edward F. Malone_____
       One of their attorneys

       Edward F. Malone
       Daniel J. Weiss
       JENNER & BLOCK LLP
       One IBM Plaza
       Chicago, Illinois  60611
       (312) 222-9350
       (312) 840-7517 (fax)

October 4, 2004

## CERTIFICATE OF SERVICE

      I hereby certify that on October 4, 2004, I electronically filed the foregoing MCLEODUSA'S MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING IRRELEVANT CORPORATE TRANSACTIONS AND ENTITIES with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Thomas W. Kelty
    tkelty@keltylaw.com


        s/ Daniel J. Weiss
        ―――――――――――――――――――

        Edward F. Malone
        Daniel J. Weiss
        Attorneys for Defendants
        Jenner & Block LLP
        One IBM Plaza
        Chicago, Illinois   60611
        (312) 222-9350
        (312) 840-7517 (fax)
        emalone@jenner.com
        dweiss@jenner.com