IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | |
|---|---|
| THE CITY OF CHAMPAIGN, an Illinois municipal corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 02-2252 ) |
| MCLEODUSA, INC., a Delaware corporation, and MCLEODUSA TELECOMMUNICATION SERVICES, INC., an Iowa corporation, | ) ) Hon. Harold Baker ) ) ) |
| Defendants. | ) ) ) |

**MCLEODUSA'S PRETRIAL MOTION
REGARDING NON-APPLICATION OF 1994 AGREEMENT**

Defendants McLeodUSA Incorporated and McLeodUSA Telecommunications Services, Inc. (collectively, "McLeodUSA"), by their attorneys, and pursuant to Fed. R. Civ. P. 16 and Local Rule 16.1(E), respectfully submit the following motion and accompanying memorandum of law seeking a pretrial order holding that, as a matter of law, McLeodUSA does not owe any fees to Champaign under the 1994 agreement between Consolidated Network, Inc. ("CNI") and Champaign because the 1994 agreement was expressly superseded by a 1996 agreement between the same parties. This motion is submitted for the purpose of the "[s]implification of the issues for trial." L. R. 16.1(E)(5)(a). In further support of this motion, McLeodUSA states as follows:

1. A portion of Champaign's claim to right-of-way ("ROW") fees in this case depends on the application of a 1994 contract between CNI and Champaign that was expressly superseded by a subsequent 1996 contract between the same parties.

2.    The unambiguous terms of a 1996 agreement between Champaign and CNI—operating under the new name Consolidated Communications Telecom Services ("CCTS")—expressly replaced fees under the 1994 contract. At least three separate and unambiguous provisions in the 1996 agreement expressly provide that the 1996 contract replaced the parties' prior 1994 agreement.

3.    As Champaign seeks fees for the period 1998 through 2002, and the 1994 agreement was replaced with the 1996 agreement before that period commenced, McLeodUSA owes no fees to Champaign under the 1994 agreement.

4.    The application of the express, unambiguous terms of the 1996 contract is a matter for the Court, not the jury. *Kaplan v. Sure Bros.*, 266 F.3d 598, 604 (7th Cir. 2001) (applying Illinois law). A pretrial ruling on this issue will substantially simplify the issues for trial. The Court is authorized to issue such an order pursuant to Fed. R. Civ. P. 56, or, if after trial has commenced, Fed. R. Civ. P. 50. *See Mayer v. Gary Partners & Co.*, 29 F.3d 330, 335 (7th Cir. 1994).

5.    McLeodUSA has submitted herewith a memorandum of law in support of this motion.

### Conclusion

For the reasons set out above and in the accompanying memorandum of law, the Court should enter a pre-trial order pursuant to holding as a matter of law that the 1996 Agreement expressly superseded the 1994 Agreement.

        Respectfully submitted,
        McLeodUSA Incorporated and
        McLeod Telecommunications Services, Inc.


By:    s/ Edward F. Malone
        One of their attorneys
        Edward F. Malone
        Daniel J. Weiss
        JENNER & BLOCK LLP
        One IBM Plaza
        Chicago, Illinois  60611
        (312) 222-9350
        (312) 840-7517 (fax)

October 4, 2004

**CERTIFICATE OF SERVICE**

   I hereby certify that on October 4, 2004, I electronically filed the foregoing MCLEODUSA'S PRETRIAL MOTION REGARDING NON-APPLICATION OF 1994 AGREEMENT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

  Thomas W. Kelty
  tkelty@keltylaw.com

          s/ Daniel J. Weiss
          Edward F. Malone
          Daniel J. Weiss
          Attorneys for Defendants
          Jenner & Block LLP
          One IBM Plaza
          Chicago, Illinois  60611
          (312) 222-9350
          (312) 840-7517 (fax)
          emalone@jenner.com
          dweiss@jenner.com