E-FILED
Monday, 04 October, 2004  04:17:07 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | |
|---|---|
| THE CITY OF CHAMPAIGN, an Illinois municipal corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 02-2252 ) |
| MCLEODUSA, INC., a Delaware corporation, and MCLEODUSA TELECOMMUNICATION SERVICES, INC., an Iowa corporation, | ) ) Hon. Harold Baker ) ) ) |
| Defendants. | ) ) |

**<u>McLEODUSA'S PRETRIAL MOTION REGARDING PREJUDGMENT INTEREST</u>**

Defendants McLeodUSA Incorporated and McLeodUSA Telecommunications Services, Inc. (collectively, "McLeodUSA"), by their attorneys, and pursuant to Fed. R. Civ. P. 16 and Local Rule 16.1(E), respectfully submit the following motion and accompanying memorandum of law concerning the appropriate rate of prejudgment interest to be applied to any damages awarded to plaintiff city of Champaign in this matter. This motion is submitted for the purpose of the "[s]implification of the issues for trial." L.R. 16.1(E)(5). McLeodUSA further respectfully submits that the resolution of this issue will assist the parties in resolving their claims.

In further support of this motion, McLeodUSA states as follows:

1. This case concerns Champaign's claims to unpaid rights-of-way ("ROW") fees from McLeodUSA. Far larger than Champaign's claim to fees, however, is its claim to prejudgment interest. Champaign seeks about $685,000 in ROW fees during the period 1998 to 2002. Should Champaign prevail on that claim, and should the Court hold that prejudgment

interest applies to the entire amount, McLeodUSA would owe prejudgment interest at the rate of five percent simple interest per year under the long-standing 1879 Illinois Interest Act, or about $120,000 in total interest.

2. Champaign, however, has enacted a municipal ordinance purporting to increase dramatically the prejudgment rate for money owed to Champaign to a rate of two percent per *month*, compounded *monthly*. According to Champaign, applying that rate to Champaign's entire claim would result in a prejudgment interest award of more than $1.15 million, or nearly *twice* the amount of fees Champaign seeks and nearly *ten times* the amount of interest due under the state Interest Act.

3. As further detailed in McLeodUSA's memorandum of law, Champaign's effort to reap such a windfall award through its municipal ordinance should be rejected, for at least two reasons.

4. *First*, Champaign is not authorized under Illinois law to enact an ordinance that alters the statewide prejudgment interest rate. Though "home-rule" cities like Champaign have broad powers, they are not authorized to alter matters of statewide concern, such as state judicial rules, court procedures, and the state law of contracts. The matter of prejudgment interest has been settled on a statewide basis in Illinois for month than a century—altering such a fundamental rule of state law through a purely self-serving municipal ordinance is beyond the city's powers.

5. *Second*, Champaign's attempt to alter the prejudgment rate is unreasonable on its face, and must fail under a long line of Illinois cases rejecting facially unreasonable city fees and penalties. Indeed, Champaign's own City Attorney admitted in deposition that he was unaware of *any single case* in which Champaign has actually enforced its prejudgment rate

ordinance. The city's conduct in setting a patently usurious prejudgment rate, and then selectively enforcing the rate as a cudgel in litigation, renders the rate unreasonable and unenforceable as applied in this case.

6. For either independent reason, the Court should hold that Champaign's interest ordinance does not apply in this case. The Court should also exclude from trial Champaign's proposed Exhibit No. 17, which is a copy of the city interest rate ordinance and has no application in this case, and, in any event, is not a matter for the jury.

### Conclusion

For the reasons set out above and the accompanying memorandum of law, the Court should hold that the Illinois Interest Act, not Champaign's ordinance, applies to any award of prejudgment interest in this case. The Court should also exclude from trial Champaign's proposed Exhibit No. 17, which is a copy of the city interest rate ordinance and has no application in this case, and, in any event, is not a matter for the jury.

       Respectfully submitted,
       McLeodUSA Incorporated and
       McLeod Telecommunications Services, Inc.

       By:    s/ Edward F. Malone
               One of their attorneys

               Edward F. Malone
               Daniel J. Weiss
               JENNER & BLOCK LLP
               One IBM Plaza
               Chicago, Illinois  60611
               (312) 222-9350
               (312) 840-7517 (fax)

October 4, 2004

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 4, 2004, I electronically filed the foregoing McLEODUSA'S PRETRIAL MOTION REGARDING PREJUDGMENT INTEREST with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Thomas W. Kelty
    tkelty@keltylaw.com


            s/ Daniel J. Weiss

            Edward F. Malone
            Daniel J. Weiss
            Attorneys for Defendants
            Jenner & Block LLP
            One IBM Plaza
            Chicago, Illinois  60611
            (312) 222-9350
            (312) 840-7517 (fax)
            emalone@jenner.com
            dweiss@jenner.com