IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | |
|---|---|
| THE CITY OF CHAMPAIGN, an Illinois municipal corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 02-2252 ) |
| MCLEODUSA, INC., a Delaware corporation, and MCLEODUSA TELECOMMUNICATION SERVICES, INC., an Iowa corporation, | ) ) ) Hon. Harold Baker ) ) ) |
| Defendants. | ) ) |

**McLEODUSA'S MEMORANDUM IN SUPPORT OF PRETRIAL MOTION REGARDING PREJUDGMENT INTEREST**

Defendants McLeodUSA Incorporated and McLeodUSA Telecommunications Services, Inc. (collectively, "McLeodUSA"), by their attorneys, and pursuant to Fed. R. Civ. P. 16 and Local Rule 16.1(E), respectfully submit the following memorandum in support of their pre-trial motion concerning the appropriate rate of prejudgment interest to be applied to any damages awarded to plaintiff city of Champaign in this matter. This motion is submitted for the purpose of the "[s]implification of the issues for trial." L.R. 16.1(E)(5).

### Introduction

This case concerns Champaign's claims to unpaid rights-of-way ("ROW") fees from McLeodUSA. Far larger than Champaign's claim to fees, however, is its claim to prejudgment interest. Champaign seeks about $685,000 in ROW fees during the period 1998 to 2002. Should Champaign prevail on that claim, and should the Court hold that prejudgment interest applies to the entire amount, McLeodUSA would owe prejudgment interest at the rate of five percent simple interest per year under the long-standing 1879 Illinois Interest Act, or about

$120,000 in total interest. Champaign, however, has enacted a municipal ordinance purporting to increase dramatically the prejudgment rate for money owed to Champaign to a rate of two percent per *month*, compounded *monthly*. Applying that rate to Champaign's entire claim would result in a prejudgment interest award of more than $1.15 million, or nearly *twice* the amount of fees Champaign seeks and nearly *ten times* the amount of interest due under the state Interest Act.

Champaign's effort to reap such a windfall award through its municipal ordinance should be rejected, for at least two reasons:

> *First*, Champaign is not authorized under Illinois law to enact an ordinance that alters the statewide prejudgment interest rate. Though "home-rule" cities like Champaign have broad powers, they are not authorized to alter matters of statewide concern, such as state judicial rules, court procedures, and the state law of contracts. The matter of prejudgment interest has been settled on a statewide basis in Illinois for month than a century—altering such a fundamental rule of state law through a purely self-serving municipal ordinance is beyond the city's powers. (*See* Part I, below.)

> *Second*, Champaign's attempt to alter the prejudgment rate is unreasonable on its face, and must fail under a long line of Illinois cases rejecting facially unreasonable city fees and penalties. Indeed, Champaign's own City Attorney admitted in deposition that he was unaware of *any single case* in which Champaign has actually enforced its prejudgment rate ordinance. The city's conduct in setting a patently usurious prejudgment rate, and then selectively enforcing the rate as a cudgel in litigation, renders the rate unreasonable and unenforceable as applied in this case.

For either independent reason, the Court should hold that Champaign's interest ordinance does not apply in this case. The Court should also exclude from trial Champaign's proposed Exhibit No. 17, which is a copy of the city interest rate ordinance. As discussed below, prejudgment interest is a matter to be decided by the Court, not the jury.

## Background

The Illinois Interest Act was enacted in 1879 and provides that "[c]reditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, promissory note, or other instrument of writing[.]" 815 ILCS 205/2; Ill. Comp. Stat. Ann. 815 ILCS 205/0.01 (note on derivation). This statue applies to prejudgment interest on contract claims. *E.g.*, *Lyon Metal Prods. v. Protection Mut. Ins. Co.*, 747 N.E.2d 495, 510, 321 Ill. App. 3d 330, 348 (2d Dist. 2001).

Despite the longstanding state rule, Champaign enacted a municipal ordinance in 1990 that provides in relevant part:

> if a person fails to pay any fee, tax, bill for work performed on their behalf pursuant to the Code or other amount due to the City, within fourteen (14) days of the due date, that person shall owe, in addition to all other sums owed to the City, interest at the rate of two percent (2%) per month or part thereof until the amount due is paid in full or judgment against them is entered in Court.

(Ex. A, Champaign Council Bill 90-261 § 1(b).) The ordinance also purports to impose unilaterally the city's prejudgment rate in all contracts made with the city. (*Id.* § 1(d).)

In its draft pre-trial calculation of damages, Champaign has indicated that it believes McLeodUSA owes about $1.15 million in prejudgment interest under the city's ordinance. Using the same calculations but applying the Interest Act rate, McLeodUSA would owe approximately $120,000 in interest.

Champaign designated its City Attorney, Frederick Stavins, as the city's Rule 30(b)(6) witness to be deposed on the subject of the city's damages claims, including interest. During that deposition, Stavins presented the following testimony about Champaign's municipal interest ordinance:

McLeod:     What's the interest the City is seeking?

3

| | |
|---|---|
| Stavins: | Well, you know, our ordinances provide for an interest rate with Is—is it 2 percent a month? A percent a month? That's what our ordinances provide for. |
| McLeod | Is the City asking the Court for interest at 24 percent a year[?] |
| Stavins: | Gee, if it was permissible by law, we'd try to enforce our ordinance. I'm not sure as I sit here if it is or not. |
| McLeod: | You're not sure if 24 percent a year— |
| Stavins: | I'm not sure if the pre-interest judgment statute would permit us that much interest. |
| . . . | |
| McLeod: | Has the City to your knowledge ever enforced 24 per year against anybody? |
| Stavins: | I don't know. Don't know. I don't know what the finance department has imposed. |
| McLeod: | Okay. But in your position as City Attorney are you telling me that you don't know of any example in which the City has actually enforced 24 percent per year against anybody? |
| Stavins: | I don't know that we've ever been in that position before to impose it. In fact, we may not have, but I'm not understanding that we've ever had somebody who is so arrears on a contract before. |
| McLeod: | . . . Do you have an example of anybody that the City has ever enforced 24 percent a year against? |
| Stavins: | I don't recall any. |

(Ex. B, April 14, 2004 Deposition Testimony of Frederick Stavins at 168-69, 171-72.)

### **Relevant Prejudgment Interest Law**

In a diversity case such as this one, "federal courts look to state law to determine the availability of (and rules for computing) prejudgment interest." *In re Oil Spill by the Amoco Cadiz*, 954 F.2d 1279, 1333 (7th Cir. 1992); *see also Medcom Holding Co. v. Baxter Travenol Laboratories*, 106 F.3d 1388, 1405 (7th Cir. 1997). Prejudgment interest in Illinois is a matter

4

long controlled by the state Interest Act. 815 ILCS 205/2; *Chicago v. S. Obermayer Co.*, 268 F. 237 (7th Cir. 1920). Under the statute, an annual rate of five percent per year applies to monies due on an "instrument of writing," such as the ROW agreements in this case. 815 ILCS 205/2.

Under the state Interest Act, whether any prejudgment interest should be awarded at all is "within the trial court's sound discretion." *Lyon Metal Prods.*, 747 N.E.2d at 510, 321 Ill. App. 3d at 348; *see also Medcom*, 106 F.3d at 1405. Courts apply the Illinois law may refuse to apply prejudgment interest in a variety of circumstances, including where payment has been withheld because of a "genuine and reasonable dispute" about the amount owed. *Liu v. Price Waterhouse LLP*, 302 F.3d 749, 757 (7th Cir. 2002) (upholding district court decision to not award interest under Illinois law because of "good-faith exception"). Courts may also refuse to grant prejudgment interest where the amount due is not "liquidated or subject to an easy determination by calculation or computation." *Lyon Metal Prods.*, 747 N.E.2d at 510, 321 Ill. App. 3d at 348; *see also Medcom*, 106 F.3d at 1405. Similarly, courts may decline to award prejudgment interest where the amount due "depends largely on the construction placed on the terms of a contract." *General Dynamics Cop. v. Zion State Bank & Trust Co.*, 427 N.E.2d 131, 134, 86 Ill. 2d 135, 140 (Ill. 1981) (internal quotations deleted).

In contrast to the state Interest Act, Champaign's interest ordinance purports to apply a prejudgment rate of two percent per month, compounded monthly. (Ex. A, Champaign Council Bill 90-261 § 1(b).) Also unlike the statewide rule, Champaign's ordinance does not purport to provide any discretion to the trial court in deciding whether to award interest. (*Id.*)

### Argument

Champaign may not enforce its interest rate ordinance case as a matter of law because: (1) the alteration of the statewide prejudgment interest rate is beyond the power of a

municipality like Champaign; and (2) Champaign's proposed rate is unreasonable on its face and is being unjustifiably enforced in a selective manner.

**I.     Champaign is not Authorized to Alter the Prejudgment Interest Rate.**

Champaign may not use its municipal ordinances to alter the generally applicable statewide prejudgment interest rule. Section 6(a) of Article VII of the 1970 Illinois constitution provides that "home-rule" municipalities like Champaign may "exercise any power and perform any function <u>pertaining to its government and affairs</u>." Ill. Const. Art. VII § 6(a) (emphasis added). Though a city's powers under this provision are broad with respect to municipal matters (the city's "government and affairs"), a home-rule city's authority does *not* reach "matter[s] of statewide concern." *Ampersand v. Finley*, 338 N.E.2d 15, 18, 61 Ill. 2d 537, 542 (Ill. 1975).

Where a matter has been governed by longstanding statewide rules of general application, the issue in not a matter of city "government and affairs," but is rather entrusted to state laws which a city may not override. *Peoples Gas Light & Coke Co. v. Chicago*, 465 N.E.2d 603, 607, 125 Ill. App. 3d 95, 100 (1st Dist. 1984). Illinois courts have thus routinely invalidated municipal ordinances which overstepped the boundaries of local issues and sought to change uniform statewide rules within the domain of generally applicable state law. *E.g.*, *Peoples Gas*, 465 N.E.2d at 607, 125 Ill. App. 3d 95, 100 (1st Dist. 1984) (invalidating city ordinance prohibiting termination of gas services to city residents in winter because of statewide utility rules); *Bridgman v. Korzen*, 54 Ill. 2d 74, 78, 295 N.E.2d 9, 11 (Ill. 1972) (invalidating county real estate tax ordinance that conflicted with statewide tax scheme); *City of Des Plaines v. Chicago & N.W. Ry. Co.*, 65 Ill. 2d 1, 7, 357 N.E.2d 433, 436 (Ill. 1976) (invalidating city rules regarding train noise within city limits because of uniform statewide noise control rules).

6

In particular, Illinois courts have repeatedly found that the rules and procedures governing the statewide judicial function are not susceptible to change by local ordinances. For example, in *Ampersand*, the Illinois Supreme Court invalidated a county rule requiring litigants to pay a special fee to the county court. 61 Ill. at 542, 338 N.E.2d at 18. The county rule expressly purported to trump a state rule that applied a lower fee. *Id.* The court struck the local requirement, holding "[t]he administration of justice under our constitution is a matter of <u>statewide</u> concern and does not pertain to local government or affairs." *Id.* at 543, 338 N.E.2d at 18 (emphasis added). As the court explained, the state "Constitution does not contemplate nor does it authorize the exercise of <u>any</u> control over or permit the imposition of a burden on the judicial system by any local entity." *Id.* at 542, 338 N.E.2d at 18 (emphasis added).

Similarly, in *City of Carbondale v. Yehling*, 96 Ill. 2d 495, 501, 451 N.E.2d 837, 840 (Ill. 1983), the Illinois Supreme Court invalidated a city ordinance purporting to alter statewide judicial rules governing condemnation proceedings in cases where the city sought to condemn property. The rejected the ordinance, holding that the city had improperly attempted to "set forth rules for the State judiciary to follow." *Id.* This was impermissible, because "[t]his exercise of power is clearly a matter of State concern, and not a local function pertaining to a home rule unit's government and affairs." *Id.*

Likewise, in *East St. Louis v. McLorn*, 105 Ill. App. 3d 148, 153, 434 N.E.2d 44, 47-48 (5th Dist. 1982), a city enacted a self-serving local ordinance that purported to prevent the judicial garnishment of the city's own assets. The court invalidated the ordinance, finding that the susceptibility of assets to garnishment was a matter of state—not local—concern, and that the ordinance thus did not relate to the city's "government and affairs," as required by the state constitution. *Id*

7

The same principles apply here, and preclude Champaign's effort to alter the application of the state's uniform prejudgment interest rules. Through legislation more than a century old, the state legislature has established statewide rules governing prejudgment interest. 815 ILCS 205/2. The uniform application of those rules is unquestionably a matter of statewide concern, and not a topic to be treated separately by each Illinois municipality. As the state law of prejudgment interest is not a matter of municipal "government and affairs," Champaign is not authorized to alter the state rules through its municipal ordinances. *E.g.*, *Ampersand*, 61 Ill. at 542, 338 N.E.2d at 18. Champaign's effort alter the applicable rate of prejudgment interest from five percent per year to a special rate of "two percent (2%) per month" thus fails.

Indeed, Champaign's ordinance would not only greatly increase the rate of interest from the uniform statewide rate, it would also appear to impermissibly diminish judicial discretion. Under Illinois law, a court may decline to impose prejudgment interest because the amount owed was withheld in good faith or was not readily ascertainable. *Lyon Metal Prods.*, 747 N.E.2d at 510, 321 Ill. App. 3d at 348; *General Dynamics*, 427 N.E.2d at 134, 86 Ill. 2d at 140. Champaign's ordinance, however, contains no such exceptions, apparently attempting to curtail judicial discretion in applying prejudgment interest. (*See* Ex. A § 1(b).) For this reason also, Champaign has overreached, attempting to "set forth rules for the State judiciary to follow," *Carbondale*, 96 Ill. 2d at 501, 451 N.E.2d at 840, without authorization under the state constitution.[1]

---

[1] Indeed, regardless of whether the Court applies the state prejudgment interest rule or Champaign's ordinance, McLeodUSA contends that the Court should apply the Illinois common law discretionary exceptions to prejudgment interest in any event.

## II.     Champaign's Ordinance is Unreasonable on its Face and Arbitrarily Applied.

Champaign's interest ordinance is unenforceable for the separate and independent reason that the ordinance is unreasonable on its face, and has been applied in an arbitrary manner.

Even when a municipality is authorized to address a particular topic through local regulation, the municipality's rules and ordinances are always subject to constitutional and common-law requirements of reasonability. For example, in the ROW licensing context, a city fee must "bear [a] reasonable relationship to the burdens imposed by the particular proposed use of the public streets." *AT&T v. Village of Arlington*, 216 Ill. App. 3d 474, 484, 576 N.E.2d 984, 991 (1st Dist. 1991). Applying that common law rule, the Illinois Supreme Court rejected "on its face" a city's "unreasonable and excessive" claim to $120,000 in late fees per telephone company for purported unpaid ROW charges totaling $34,800. *City of Chicago v. Western Union Tel. Co.*, 406 Ill. 428, 434, 94 N.E.2d 306, 310 (Ill. 1950). Likewise, the court in *Village of Arlington* rejected as "exorbitant" a city's attempt to charge "millions of dollars in franchise fees" which "bore no reasonable relationship to the minimal burdens which plaintiffs have imposed upon [the city] by running their cable underneath short segments of [city] streets." *Village of Arlington*, 216 Ill. App. 3d at 484, 576 N.E.2d at 991.

More generally, all local laws are subject to state and federal constitutional requirements of rationality and proportionality. Under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution and analogous state constitutional provisions, for example, a city may not enforce an ordinance that does not "have a rational relationship to a legitimate government interest" or is "arbitrary or discriminatory." *Town of Normal v. Seven Kegs, Two Tappers, and Two Barrels*, 234 Ill. App. 3d 715, 719-20, 599, N.E.2d 1384, 1387 (4th Dist.

9

1992). Likewise, under the federal Equal Protection Clause (and similar state provisions) "demands at a minimum that a municipality must apply its laws in a rational and nonarbitrary way." *Ciechon v. City of Chicago*, 686 F.2d 511, 522 (7th Cir. 1982). The federal Eighth Amendment also prohibits "excessive fines."

Under any one of those background requirements of reasonability, rationality, and proportionality, Champaign's attempt to impose a prejudgment interest rate of two percent per month is impermissible. Champaign's proposed rate is usurious on its face. It is nearly *five times* the state prejudgment rate, and, in this case amount to $1.15 million in interest—nearly double the amount of claimed fees at issue and *ten times* what the state rate would require. (*See* Background, above.) Especially considering the low-interest-rate environment over the last few years, Champaign would be grossly overcompensated by the application of its prejudgment interest ordinance. The ordinance is thus unreasonable on its face, has no rational relationship to any government purpose, and cannot be enforced consistent with federal and Illinois law. *E.g.*, *Western Union Tel. Co.*, 406 Ill. at 434, 94 N.E.2d at 310; *Town of Normal*, 234 Ill. App. 3d at 719-20, 599, N.E.2d at 1387.

Moreover, Champaign has not enforced its interest ordinance in a "rational and nonarbitrary way," as required by the state and federal constitutional principles of Equal Protection. *Ciechon*, 686 F.2d at 522. The City Attorney—Champaign's top legal authority—admitted in deposition that he is unable to cite a single instance in which Champaign has *ever* enforced its prejudgment interest ordinance against another party. (Ex. B.) Indeed, given the circumstances of Champaign's non-enforcement of the ordinance, and the punitive rate established in the rule, it is clear that Champaign's ordinance is little more than a weapon the city chooses to wield selectively in support of its litigation positions. The city's admissions makes

clear that Champaign's prejudgment interest ordinance is arbitrarily enforced and cannot be applied in this case.

## Conclusion

At bottom, Champaign seeks an unjustified windfall under a self-serving local ordinance that Champaign was not authorized to enact, and that Champaign cannot enforce consistent with federal and state rules.  For all of the reasons discussed above, the Court should issue a pretrial order pursuant to Fed. R. Civ. P. 16 and Local Rule 16.1(E) simplifying the matters to be tried by holding the Illinois Interest Act, and not Champaign's local ordinance, will set the rate for any prejudgment interest awarded in this case.  The Court should also exclude from trial Champaign's proposed Exhibit No. 17, which is a copy of Champaign's interest ordinance and has no application in this matter.

        Respectfully submitted,
        McLeodUSA Incorporated and
        McLeod Telecommunications Services, Inc.

By:    s/ Edward F. Malone
        One of their attorneys

        Edward F. Malone
        Daniel J. Weiss
        JENNER & BLOCK LLP
        One IBM Plaza
        Chicago, Illinois  60611
        (312) 222-9350
        (312) 840-7517 (fax)

October 4, 2004

## CERTIFICATE OF SERVICE

       I hereby certify that on October 4, 2004, I electronically filed the foregoing McLEODUSA'S MEMORANDUM IN SUPPORT OF PRETRIAL MOTION REGARDING PREJUDGMENT INTEREST with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

       Thomas W. Kelty
       tkelty@keltylaw.com

       s/ Daniel J. Weiss

       Edward F. Malone
       Daniel J. Weiss
       Attorneys for Defendants
       Jenner & Block LLP
       One IBM Plaza
       Chicago, Illinois 60611
       (312) 222-9350
       (312) 840-7517 (fax)
       emalone@jenner.com
       dweiss@jenner.com