IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | |
|---|---|
| THE CITY OF CHAMPAIGN, an Illinois municipal corporation, on its own behalf and on behalf of the Class of all other units of local government similarly situated, ) ) ) ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | NO. 02-2252 |
| MCLEODUSA, INC., a Delaware corporation, and MCLEODUSA TELECOMMUNICATION SERVICES, INC., an Iowa corporation, ) ) ) ) ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO BAR DEFENDANTS' SECOND AFFIRMATIVE DEFENSE**

NOW COMES Plaintiff, THE CITY OF CHAMPAIGN, an Illinois municipal corporation, by and through its attorneys, Kelty Law Offices, P.C., pursuant to Local Rule 16.1(E)(8) to file herein its *Memorandum in Support of its Motion in Limine to Bar Defendants' Second Affirmative Defense*.

**ARGUMENT**

Defendants' second Affirmative Defense states as follows:

"Champaign's Complaint is preempted, in whole or in part, by federal law and the federal Telecommunications Act of 1996, 47 U.S.C. § 253"

H:\3789\90001\Limine01.mem\10-4-2004

This Affirmative Defense is based upon Defendants' interpretation of Section 253(c) of the federal Telecommunications Act of 1996, (47 U.S.C. § 253(c) (West 2004)) (the "Act"), which provision, as a mater of law, violates the Tenth Amendment and the Commerce Clause. Section 253 of the Act purports to prevent the Plaintiff City of Champaign (the "City") from receiving fair and reasonable compensation for Defendants use of its right-of-way ("ROW"). As interpreted by Defendants, such Congressional power is overreaching and intrudes upon the rights of the State of Illinois, acting through the City, to lease, license or rent its ROW for fair compensation.

## Commerce Power

Congressional power is limited to those powers expressly delegated to it in the Constitution. See <u>New York v. United States</u>, 505 U.S. 144, 156 (1992). The Constitution delegates to Congress the power "to regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. Const. art. I, § 8, cl. 3. Under the Commerce Power, Congress may regulate three broad categories of activity, including the regulation of:

1. the channels of interstate commerce;
2. the instrumentalities of interstate commerce; and
3. those activities having substantial relations to interstate commerce.

See <u>United States v. Lopez</u>, 514 U.S. 549, 558 (1995).

The Act, including 47 U.S.C. § 253 (West 2004), regulates the telecommunications industry.  Telephones are instrumentalities of interstate commerce.  <u>United States v. Richeson</u>, 338 F.3d 653, 661 (7th Cir. 2003).  Consequently, constitutional authority to enact 47 U.S.C. § 253 is derived from Congress's power to regulate interstate commerce.

### **Tenth Amendment Defense**

Inherent in the Tenth Amendment's limitation, "Congress has the power to regulate individuals, not states." <u>New York</u>, 505 U.S. at 166.  Thus, "Congress has the authority under the Constitution to pass laws requiring or prohibiting certain acts, but it lacks the power directly to compel the States to require or prohibit those acts." <u>Id</u>.

Consistent with these principles of federalism, the U.S. Supreme Court held in <u>New York</u> that Congress may not commandeer the state legislative process by requiring a state legislature to enact a particular kind of law.  See <u>id</u>.  A few years later in <u>Printz v. United States</u>, 521 U.S. 898 (1997), the Court held that Congress may not require state executive officials or employees to enact or administer a federal regulatory program.

Clearly, then, a Congressional requirement that a State (and not other private actors) affirmatively take some action, including

either enacting or administering some federal regulation, violates the Tenth Amendment's federalism principles.

### The Act

47 U.S.C. 253(a) (West 2004) states "[n]o State or local statute or regulation, or other State or local legal requirement, may prohibit or have the effect of prohibiting the ability of any entity to provide any interstate telecommunications service." While the language does not expressly require the State to take affirmative steps to enact any regulatory telecommunication scheme, its interpretation creates such requirements. As such, it violates the Tenth Amendment as in New York, without further conditioning its enactment on federal funds or preemption. While from an examination of the language, it appears the provision merely limits the State's interference with the federal government's regulation of the telecommunication industry, the language as applied violates the Tenth Amendment and the Commerce Clause.

47 U.S.C. 253 (c) states:

> "Nothing in this section affects the authority of a State or local government to manage the public rights-of-way or to require fair and reasonable compensation from telecommunications providers, on a competitively neutral and nondiscriminatory basis, for use of public rights-of-way on a nondiscriminatory basis, if the compensation required is publicly disclosed by such government."

Consistently referred to as the safe harbor provision, 47 U.S.C. 253(c) (West 2004) acknowledges the State's and local government's authority to manage their public right-of-ways, a power derived

from the State's police powers. In reality it requires them, if interpreted as Defendants suggest, to affirmatively surrender both police powers and property rights.

Importantly, the court in Qwest Corp. v. City of Santa Fe, 224 F. Supp. 2d 1305, 1329 (N.M. 2002), inferred 47 U.S.C. § 253's language as a "negative restriction on local authorities' choices regarding the management of their rights of way." Such a "negative restriction" violates the Tenth Amendment's federalism principles, much like an affirmative requirement to enact or administer legislation would.

47 U.S.C. § 253 (d) states:

> "If, after notice and an opportunity for public comment, the Commission determines that a State or local government has permitted or imposed any statute, regulation, or legal requirement that violates subsection (a) or (b) of this section, the Commission shall preempt the enforcement of such statute, regulation, or legal requirement to the extent necessary to correct such violation or inconsistency."

The U.S. Supreme Court has stated that Congress may, in regulating private activities pursuant to the commerce power, "pre-empt express state law determinations contrary to the result which has commended itself to the collective wisdom of Congress." Hodel v. VA Surface Mining & Reclamation Assoc., 425 U.S. 264, 291 (1981) (quoting National League of Cities v. Usery, 426 U.S. 833, 840 (1976)). This preemption applies to laws enacted under the State's police powers. See id.

The State's authority to manage its public right-of-ways is derived from its police powers. The principle enunciated in <u>Hodel</u> limits local governments from interfering with the telecommunication industry's development throughout their communities, subject to the limitations Congress provided for under the safe harbor provision and constraints under the Tenth Amendment and Commerce Clause. Consequently this Court must apply a balancing test to the fair and reasonable compensation determination.

WHEREFORE, Plaintiff moves to strike Defendants' Second Affirmative Defense, or in the alternative, allow Plaintiff to challenge same as set forth herein.

    Respectfully submitted,

    **THE CITY OF CHAMPAIGN, an Illinois municipal corporation, Plaintiff**


    s/ <u>Thomas W. Kelty</u>
    Thomas W. Kelty, No. 1441337
    Attorneys for Plaintiff
    **KELTY LAW OFFICES, P.C.**
    3201 Pleasant Run, Suite A
    P.O. Box 13317
    Springfield, IL 62791-3317
    Telephone: 217/726-8200
    Facsimile: 217/726-8300
    Email: tkelty@keltylaw.com

**STATE OF ILLINOIS** )
                          ) SS.
**COUNTY OF SANGAMON** )

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 4th day of October, 2004, pursuant to the provisions of Rule 5 of the Federal Rules of Civil Procedure, [proposed] CDIL-LR 5.3, and the penalties therein provided, that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participant[s]:

    Edward F Malone, Esq.
    emalone@jenner.com

    Daniel J Weiss, Esq.
    dweiss@jenner.com

and that the original was maintained in my files.

                                                   s/ Thomas W. Kelty
                                                   Thomas W. Kelty, No. 1441337
                                                   Attorneys for Plaintiff
                                                   **KELTY LAW OFFICES, P.C.**
                                                   3201 Pleasant Run, Suite A
                                                   P.O. Box 13317
                                                   Springfield, IL 62791-3317
                                                   Telephone: 217/726-8200
                                                   Facsimile: 217/726-8300