**E-FILED**
Monday, 04 October, 2004  04:40:24 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### URBANA/DANVILLE DIVISION

| | | |
|---|---|---|
| THE CITY OF CHAMPAIGN, an<br>Illinois municipal corporation,<br>on its own behalf and on behalf<br>of the Class of all other units<br>of local government similarly<br>situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>MCLEODUSA, INC., a Delaware<br>corporation, and MCLEODUSA<br>TELECOMMUNICATION SERVICES, INC.,<br>an Iowa corporation,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br><br><br><br><br>NO. 02-2252 |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO BAR THE TESTIMONY OF CERTAIN WITNESSES

NOW COMES Plaintiff, THE CITY OF CHAMPAIGN, an Illinois municipal corporation, by and through its attorneys, Kelty Law Offices, P.C., pursuant to Local Rule 16.1(E)(8) to file herein its *Memorandum in Support of Plaintiff's Motion in Limine to Bar the Testimony of Certain Witnesses* at trial.

### Background

In Plaintiff's Initial Disclosures Under Rule 26(a)(1), filed January 31, 2004, McLeodUSA identified Scott Erberle, Victor Lazzaretti, Michele McLaughlin, Michael Smeltzer and Michael Vrem

as individuals "likely to have discoverable information that the disclosing party may use to support its claims or defenses".

Plaintiff served McLeodUSA with Interrogatories on June 30, 2003 and February 2, 2004.  The responses from McLeodUSA were propounded July 20, 2003 and April 1, 2004.  At no time has McLeodUSA ever identified the trial witnesses as requested.

On December 23, 2003, Plaintiff's counsel, Thomas W. Kelty ("Kelty") wrote McLeodUSA's counsel, Edward F. Malone ("Malone"), requesting to schedule depositions of company witnesses either January 27 or January 29, 2004.  **Exhibit A**, page 1.

On December 29, 2003, Kelty wrote requesting for witness identification by January 15, 2004.  **Exhibit A**, page 2.

On January 6, 2004, Malone advised Kelty by phone that he had sent Kelty's letter to Richard Lipman, Associate General Counsel for McLeodUSA, and that Malone would be advising Kelty of a date and the time when McLeodUSA would respond.

On January 22, 2004, Kelty wrote McLeodUSA's Counsel, Daniel J. Weiss ("Weiss") again requesting responses to interrogatories. Plaintiff also sent a Notice of Deposition for Richard Lipman. **Exhibit A**, pages 3 - 7.

On January 23, 2004, Weiss wrote to confirm the deposition of Victor Lazzaretti but made no mention of availability of other witnesses.  **Exhibit A**, page 8.

On January 23, 2004, Kelty wrote Malone to advise that, per Weiss, McLeodUSA does not intend to bring to deposition any of the documents that we had previously requested.    Again, Kelty requested a response to discovery.  **Exhibit A**, page 9.

On January 26, 2004, Malone wrote that McLeodUSA will "respond to discovery consistent with the time lines established by the Federal Rules of Civil Procedure."  **Exhibit A**, page 10.  On January 27, 2004, Kelty  wrote Malone and Weiss, requesting to schedule depositions of Smeltzer and Vrem.  **Exhibit A**, page 12.

On March 2, 2004, Kelty wrote Weiss concerning the March 22, 2004 deadline for depositions of fact witnesses.  **Exhibit A**, page 13.

On March 9, 2004, Weiss wrote that Victor Lazzaretti was available for deposition April 13 and 14.  **Exhibit A**, page 14.

On March 11, 2004, Weiss wrote requesting Rule 30(b)(6) topics.  **Exhibit A**, page 15.  On May 20, 2004, Weiss wrote that Victor Lazzaretti was available May 27, 2004 for deposition.  **Exhibit A**, page 17.

Kelty served Plaintiff's *First Set of Interrogatories* on June 30, 2003.  McLeodUSA responded to interrogatory number 8, regarding the identification of "each witness . . . who will testify at the trial of this cause, together with the subject of their testimony" as follows:

"McLeodUSA objects to Interrogatory No. 8 on the grounds that it is premature because trial in this case is set for more than one year from this date and McLeodUSA has not yet determined who it may call as a witness at trial. Subject to this objection and McLeodUSA's General Objections, McLeodUSA will provide the information required at the appropriate time, consistent with the Federal Rules of Civil Procedure, the Local Rules of the Central District of Illinois, and any discovery or pre-trial orders entered by the court."

Kelty served Champaign's *Second Set of Interrogatories* on February 2, 2004 and McLeodUSA responded March 31, 2004. Interrogatory number 3 requested complete answers to original interrogatories 2, 5, 6, 7 and 8.   McLeodUSA response is as follows:

"Subject to the foregoing general objections, McLeodUSA respectfully refers Champaign to McLeodUSA's objections and responses to Champaign's First Set of Interrogatories, and incorporates those objections and responses as if fully set out here."

## Argument

Rule 26(a)(1) Initial Disclosures calls for the identification of individuals "likely to have discoverable information that the disclosing party may use to support its claims or defenses". Plaintiff's interrogatories were propounded pursuant to Rule 33, and specifically requested the identification of "each witness . . . who will testify at the trial of this cause, together with the subject of their testimony".   This is clearly not the same thing.

McLeodUSA's responses to Plaintiff's interrogatories, as set forth aboveherein, do not adequately disclose those witnesses listed on McLeodUSA's List of Potential Witnesses.   McLeodUSA had

ample opportunity to supplement their discovery responses, which they have not done so once, to identify their witnesses.

Rule 37(c) of the Federal Rules of Civil Procedure states:

"If a party that without substantial justification fails to . . . amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Rule 26(e)(2) calls for a party to "seasonably supplement to amend a prior response to an interrogatory, [or] request for production . . . if the party learns that the response is in some respect incomplete or incorrect".

Not only did Defendants fail to supplement their answers to interrogatories specifically requesting witnesses to be presented at trial, but they also appear to have deliberately misled Plaintiff. As the background herein and the Exhibits attached hereto illustrate, Defendants repeatedly misinformed Plaintiff that Victor Lazzaretti is the only witness with information pertaining to this matter, and they only allowed access to Victor Lazzaretti for deposition. If a party makes false or misleading disclosures the party should be barred from using the witnesses not properly

disclosed, <u>Musser v. Gentiva Health Services</u>, 356 F.3d 751 (7th Cir. 2004).

Furthermore, due to this misinformation, Plaintiff understood McLeodUSA's disclosure to be complete, and therefor has been unable to file a Motion to Compel complete disclosure.

Finally, Rule 26(a)(3)(A) calls for the separate identification of which witnesses the party "expects to present and those whom the party may call if the need arises". the List of Defendants' Potential Witnesses does not indicate if McLeodUSA "expects" to call, or "may" call, these witnesses.

WHEREFORE, for the foregoing reasons Plaintiff respectfully requests that this Court enter an Order barring Defendants' witnesses Scott Erberle, Michele McLaughlin, Michael Smeltzer and Michael Vrem from testifying at trial in this matter.

Respectfully submitted,

**THE CITY OF CHAMPAIGN, an Illinois municipal corporation, Plaintiff**


s/ <u>Thomas W. Kelty</u>
Thomas W. Kelty, No. 1441337
Attorneys for Plaintiff
**KELTY LAW OFFICES, P.C.**
3201 Pleasant Run, Suite A
P.O. Box 13317
Springfield, IL 62791-3317
Telephone: 217/726-8200
Facsimile: 217/726-8300
Email: tkelty@keltylaw.com

STATE OF ILLINOIS    )
                     )    SS.
COUNTY OF SANGAMON   )


## CERTIFICATE OF SERVICE


The undersigned hereby certifies that on this 4th day of October, 2004, pursuant to the provisions of Rule 5 of the Federal Rules of Civil Procedure, [proposed] CDIL-LR 5.3, and the penalties therein provided, that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Edward F Malone, Esq.
emalone@jenner.com

Daniel J Weiss, Esq.
dweiss@jenner.com


and that the original was maintained in my files.


s/ Thomas W. Kelty
Thomas W. Kelty, No. 1441337
Attorneys for Plaintiffs
**KELTY LAW OFFICES, P.C.**
3201 Pleasant Run, Suite A
P.O. Box 13317
Springfield, IL 62791-3317
Telephone: 217/726-8200
Facsimile: 217/726-8300