E-FILED
Monday, 04 October, 2004  04:48:24 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | | |
|---|---|---|
| THE CITY OF CHAMPAIGN, an Illinois municipal corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 02-2252 |
| MCLEODUSA, INC., a Delaware corporation, and MCLEODUSA TELECOMMUNICATION SERVICES, INC., an Iowa corporation, | ) ) ) ) ) ) | Hon. Harold Baker |
| Defendants. | ) ) | |

### McLEODUSA'S MOTION *IN LIMINE* NUMBER 2 TO BAR TESTIMONY OF STEPHEN D. WHITSITT, PURSUANT TO FEDERAL RULE OF EVIDENCE 702

Pursuant to Fed. R. Civ. P. 16(c) and Local Rule 16.1(E)(5) and (8), defendants McLeodUSA, Inc. and McLeodUSA Telecommunication Services, Inc. (collectively, "McLeodUSA"), by their attorneys, submit this motion *in limine* and accompanying memorandum of law seeking entry of an order barring plaintiff City of Champaign's expert, Stephen D. Whitsitt, from testifying at trial regarding his opinions about the value of land dedicated to the public right-of-way ("ROW") in Champaign. The City has disclosed Mr. Whitsitt as an expert pursuant to Fed. R. Civ. P. 26(a)(2). McLeodUSA requests that this Court bar Mr. Clark from testifying about these matters pursuant to Fed. R. Evid. 702 and the standards established by *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). In further support of this motion, McLeodUSA states as follows:

1. Under the federal Telecommunications Act of 1996, the fees the City charges McLeodUSA for ROW access must be "fair and reasonable." It is Champaign's burden to

establish that the ROW fees meet this federal mandate, and the "fair and reasonable" mandate requires Champaign to show that their charges bear a direct relation to the costs imposed by McLeodUSA's use of the City's ROW. *E.g. XO Missouri Inc. v. Md. Heights*, 256 F. Supp. 2d 987, 995 (E.D. Mo. 2003).

2. In his expert report and testimony, Mr. Whitsitt appraises the general value of real estate in Champaign. But his report does not examine the value of the ROW used by McLeodUSA and thus bears no relevance to the issues in this case.

3. Mr. Whitsitt's opinions are inadmissible under Fed. R. Evid. 702 and the standards established by *Daubert* because they are irrelevant and cannot assist the trier of fact. Specifically, they are irrelevant because they 1) are derived from parcels of land largely unused by McLeodUSA, 2) do not account for the fact that ROW usage is more like a rental or easement and not a purchase of land, and 3) do not account for the fact that ROW usage is non-exclusive.

5. McLeodUSA has submitted herewith a memorandum of law in support of this motion.

WHEREFORE, for the reasons set out above and in the accompanying memorandum of law, McLeodUSA respectfully requests that this Court enter an order 1) striking Mr. Whitsitt's opinion report; and 2) baring Mr. Whitsitt from offering any expert or lay opinion at the trial of this matter.

        Respectfully submitted,
        McLeodUSA Incorporated and
        McLeod Telecommunications Services, Inc.

By:    s/ Edward F. Malone
        One of their attorneys
        Edward F. Malone
        Daniel J. Weiss
        JENNER & BLOCK LLP
        One IBM Plaza
        Chicago, Illinois  60611
        (312) 222-9350
        (312) 840-7517 (fax)

October 4, 2004

## CERTIFICATE OF SERVICE

      I hereby certify that on October 4, 2004, I electronically filed the foregoing MCLEODUSA'S MOTION *IN LIMINE* NUMBER 2 TO BAR TESTIMONY OF STEPHEN D. WHITTSITT, PURSUANT TO FEDERAL RULE OF EVIDENCE 702 and MEMORANDUM OF LAW IN SUPPORT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Thomas W. Kelty
      tkelty@keltylaw.com

      s/ Daniel J. Weiss
      Edward F. Malone
      Daniel J. Weiss
      Attorneys for Defendants
      Jenner & Block LLP
      One IBM Plaza
      Chicago, Illinois   60611
      (312) 222-9350
      (312) 840-7517 (fax)
      emalone@jenner.com
      dweiss@jenner.com