E-FILED
Wednesday, 06 October, 2004  03:27:20 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | | |
|---|---|---|
| THE CITY OF CHAMPAIGN, ) | | |
| *Plaintiff*, ) | | |
| ) | | |
| *v.* ) | No. 02-2252 | |
| ) | | |
| MCLEODUSA, INC., and MCLEODUSA ) | Hon. Harold Baker | |
| TELECOMMUNICATION SERVICES, ) | | |
| INC., ) | | |
| *Defendants*. ) | | |

### McLEODUSA'S RESPONSE TO CHAMPAIGN'S
### MOTION IN LIMINE TO BAR THE TESTIMONY OF CERTAIN WITNESSES

Defendants McLeodUSA Incorporated and McLeodUSA Telecommunications Services, Inc. (collectively, "McLeodUSA"), respectfully respond as follows to the "Motion In Limine To Bar The Testimony Of Certain Witnesses," filed by Champaign on October 4, 2004.

### Introduction

Champaign has moved to bar from trial four potential McLeodUSA fact witnesses on the grounds that McLeodUSA supposedly did not "properly disclose" them. This motion should be summarily denied, for three reasons:

- It is undisputed that McLeodUSA *disclosed* each witness in its August 1, 2003 Rule 26(a) initial disclosure. (Ex. A.) That document—which alone disposes of this matter—is tellingly not attached to Champaign's motion.

- Despite those disclosures, Champaign did not notice depositions for *any* of the listed McLeodUSA witnesses except for Victor Lazzaretti, whom McLeodUSA produced. Champaign's only other deposition notice in this case was issued under Rule 30(b)(6), for which McLeodUSA produced Lazzaretti as its representative. Champaign noticed *no* other depositions, and cannot now hold McLeodUSA responsible for its own lack of diligence.

- Finally, contrary to the unsupported suggestion in Champaign's motion, McLeodUSA *never* told Champaign that it would not call any of the disclosed witnesses at trial. Nothing in the correspondence attached to Champaign's motion says otherwise. Champaign's claim that it was "misled" is dead wrong.

For those reasons alone, the Court should summarily deny Champaign's motion, and the Court need not consider this response further. If the Court believes that additional detail would be helpful, McLeodUSA further sets out the facts below.

## **Response**

Champaign has moved to exclude from trial all of McLeodUSA's non-adverse fact witnesses except for one, Victor Lazzaretti. Champaign claims that the other four non-adverse fact witnesses listed in McLeodUSA's September 17, 2004 witness list—Scott Erberle, Michelle McLaughlin, Michael Smeltzer, and Michael Vremm—should be excluded because McLeodUSA supposedly did not properly disclose them. (Since filing the exhibit list, McLeodUSA has determined that it will not need to call Erberle or Vremm; Champaign's motion thus concerns only McLaughlin and Smeltzer.) Champaign's motion is frivolous.

McLeodUSA *disclosed* on August 1, 2003 the names and addresses of each of the four individuals targeted in Champaign's motion (*See* McLeodUSA's Rule 26(a) disclosures, Exhibit A.) McLeodUSA expressly listed the four witnesses as people "likely to have discoverable information that the disclosing party may use to support its claims or defenses." (*Id.*, emphasis added.) Given that disclosure, Champaign's repeated claim that McLeodUSA "failed to properly disclose" each witness simply strains credulity. (*See* Mot. ¶¶ 1-4.) Champaign has known the names and addresses of each of the subjects of its motion for *more than a year*. There is no unfair surprise here.[1]

Champaign's motion is all the more remarkable because Champaign never issued notices of deposition for the four individuals that are the subject of its motion. Despite

---

[1] In complete contrast, Champaign has listed a witnesses, Richard Schnuer, whom it never identified in its Rule 26(a) disclosures. That witness is the subject of McLeodUSA's October 1, 2004 motion pursuant Rule 37(c)(1).

2

McLeodUSA's disclosures, Champaign noticed only two depositions in this entire case: the deposition of Victor Lazzaretti, whom McLeodUSA produced on April 13, 2004, and a deposition pursuant to Rule 30(b)(6), for which McLeodUSA produced Mr. Lazzaretti as its representative on May 27, 2004. Champaign noticed *no* other deposition in this case, and cannot now complain that it failed to depose witnesses that McLeodUSA disclosed. Indeed, had McLeodUSA truly refused to "allow access" to any of the disclosed witnesses, as Champaign now claims (*see* Mem. at 5), Champaign surely would have sought relief from the Court during the discovery period. Champaign made no such complaint because McLeodUSA did not refuse access to any witness.

Champaign's other attempts to blame McLeodUSA for its failure to take discovery likewise go nowhere. Champaign points to interrogatories it served in 2003 asking McLeodUSA to identify its trial witnesses. (*See* Mem. at 3-4.) McLeodUSA objected, stating that the issue of trial witnesses was premature, and that McLeodUSA would provide a witnesses list before trial in accordance with the Federal Rules. (*Id.* at 4.) McLeodUSA then did exactly that—providing its witnesses list 30 days before trial as required by Rule 26(a)(3). If Champaign believed it was entitled to a witness list sooner than required by the Federal Rules, its recourse was a timely motion to compel. But again, Champaign sought no relief from the Court.

Champaign's next tactic is simply to malign McLeodUSA and its counsel, charging that they "deliberately misled" and "repeatedly misinformed" Champaign. (Mem. at 5.) That is not the truth. Champaign points to no specific document or oral statement supporting those serious accusations, because none exists. McLeodUSA *never* told Champaign that it would not call any witness at trial. Champaign hopes that the mass of irrelevant correspondence it has attached to its motion will obscure this fact, but none of the documents attached to

Champaign's motion says otherwise. Rather, the correspondence shows that McLeodUSA cooperated with Champaign in scheduling the depositions that Champaign properly noticed.

Indeed, the only deposition notice that McLeodUSA initially rejected was a notice that purported to require a Rule 30(b)(6) deposition of a specific McLeodUSA executive, Richard Lipman, who is not a witness in this case. (*See* Champaign Ex. A at 5-6.) That notice was plainly inappropriate, as parties are entitled to designate their *own* Rule 30(b)(6) representatives. Fed. R. Civ. P. 30(b)(6). Champaign acceded to this objection, and posed its Rule 30(b)(6) questions to Mr. Lazzaretti, whom McLeodUSA designated as the company representative. Champaign's accusations of non-cooperation thus ring hollow.

Champaign's last argument is a quibble that McLeodUSA did not indicate in its witness list if it "expects" to call the listed witnesses or if it "may" call them, per the language of Rule 26(a)(3). McLeodUSA listed all of its witnesses as "potential witnesses," which plainly indicates that McLeodUSA "may" call them. As noted above, McLeodUSA has determined that it will not call Mr. Erberle or Mr. Vremm. All of the other potential McLeodUSA witnesses are "may call" because McLeodUSA is the defendant, does not know what evidence Champaign will establish in its case in chief, does not know how the Court will rule on its pretrial motions, and has substantial legal defenses to Champaign's claims. This issue does not support excluding McLeodUSA's properly disclosed witnesses from trial.

## Conclusion

For the reasons set out above, the Court should deny Champaign's motion.

          Respectfully submitted,
          McLeodUSA Incorporated and
          McLeod Telecommunications Services, Inc.


      By:    s/ Edward F. Malone
              One of their attorneys

              Edward F. Malone
              Daniel J. Weiss
              JENNER & BLOCK LLP
              One IBM Plaza
              Chicago, Illinois  60611
              (312) 222-9350
              (312) 840-7517 (fax)

October 6, 2004

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 6, 2004, I electronically filed the foregoing McLEODUSA'S RESPONSE TO CHAMPAIGN'S "MOTION IN LIMINE TO BAR THE TESTIMONY OF CERTAIN WITNESSES" with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Thomas W. Kelty
      tkelty@keltylaw.com

      s/ Daniel J. Weiss

      Edward F. Malone
      Daniel J. Weiss
      Attorneys for Defendants
      Jenner & Block LLP
      One IBM Plaza
      Chicago, Illinois  60611
      (312) 222-9350
      (312) 840-7517 (fax)
      emalone@jenner.com
      dweiss@jenner.com