**E-FILED**
Wednesday, 06 October, 2004  04:17:31 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA/DANVILLE DIVISION

| | | |
|---|---|---|
| THE CITY OF CHAMPAIGN, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *v.* | ) | No. 02-2252 |
| | ) | |
| MCLEODUSA, INC., and MCLEODUSA | ) | Hon. Harold Baker |
| TELECOMMUNICATION SERVICES, | ) | |
| INC., | ) | |
| *Defendants*. | ) | |

### McLEODUSA'S RESPONSE TO CHAMPAIGN'S MOTION
### <u>IN LIMINE TO BAR THE TESTIMONY OF McLEODUSA'S OPINION WITNESS</u>

Defendants McLeodUSA Incorporated and McLeodUSA Telecommunications Services, Inc. (collectively, "McLeodUSA"), respectfully respond as follows to the "Motion In Limine To Bar The Testimony Of McLeodUSA's Opinion Witness" filed by Champaign on October 4, 2004 (Docket Entry No. 75).

### <u>Response</u>

Champaign's motion to exclude McLeodUSA's expert witness, Lynn Shishido-Topel, fails on its face. The motion and accompanying memorandum contain no specific argument or citations, merely reciting boilerplate from Fed. R. Evid. 702 and asserting in a conclusory fashion that Ms. Shishido-Topel's report does not satisfy that rule, as interpreted by the Supreme Court in *Daubert*. Champaign's barely sketched argument does not specifically identify any supposed deficiency in Ms. Shishido-Topel's report or expertise, gives the Court no concrete basis upon which to assess Champaign's challenge, and provides no notice to McLeodUSA of the precise nature of Champaign's attack. For any one of those failures, the Court should reject the motion out of hand.

It is likely that Champaign cannot articulate specific criticisms of Ms. Shishido-Topel or her report because her opinions are based on sound economics and because she is plainly qualified to give them.  Ms. Shishido-Topel's report addresses Champaign's claims that its rights-of-way ("ROW") fees are cost-based, and thus comply with federal telecommunications law.  (Ms. Shishido-Topel's report is attached hereto as Exhibit A.)  To reach her conclusions about the opinions offered by Champaign's purported expert, David Clark, Ms. Shishido-Topel analyzed budgetary data provided by Champaign itself, and the report and deposition testimony provided by Mr. Clark.  (Ex. A at 6-16.)  As a Ph.D. in economics and a former commissioner of the Illinois Commerce Commission, which regulates utilities in Illinois, Ms. Topel's qualifications to perform such an analysis are beyond any serious question.  (Ms. Topel's *vita* is attached to her report as Appendix A.)

There can thus be no doubt that Ms. Shishido-Topel's report and testimony meet the *Daubert* requirements of reliability and helpfulness to the trier of fact.  *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993).  Ms. Shishido-Topel's extensive expertise in regulatory economics, and her use of basic economic analysis such as the allocation of "incremental costs" (*see, e.g.,* Ex A ¶¶ 1, 3, 10-19) is a reliable foundation for her opinions about allocating costs as required by the "fair and reasonable" limitation on ROW fees under the Telecommunications Act of 1996.  47 U.S.C. § 253(c); *see also XO Missouri v. Md. Heights*, 256 F. Supp. 2d 987, 995 (E.D. Mo. 2003).  Ms. Shishido-Topel's analysis will plainly be helpful to assessing Champaign's argument that its ROW fees are justified by its economic costs, as required by the 1996 Act.  With no contrary argument or evidence from Champaign in its skeletal motion, it is difficult to understand how Champaign can say otherwise.

At bottom, Champaign asks the Court to reject a thorough report by a well-qualified expert regarding a matter at the heart of this case, based on a motion devoid of any specific argument or explanation. The Court should reject Champaign's unexplained and unsupported motion out of hand.

## **Conclusion**

For the reasons set out above, the Court should deny Champaign's motion.

Respectfully submitted,
McLeodUSA Incorporated and
McLeod Telecommunications Services, Inc.


By:    s/ Edward F. Malone
       One of their attorneys

       Edward F. Malone
       Daniel J. Weiss
       JENNER & BLOCK LLP
       One IBM Plaza
       Chicago, Illinois  60611
       (312) 222-9350
       (312) 840-7517 (fax)

October 6, 2004

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2004, I electronically filed the foregoing McLEODUSA'S RESPONSE TO CHAMPAIGN'S "MOTION IN LIMINE TO BAR THE TESTIMONY OF OPINION WITNESS" with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas W. Kelty
tkelty@keltylaw.com


s/ Daniel J. Weiss

Edward F. Malone
Daniel J. Weiss
Attorneys for Defendants
Jenner & Block LLP
One IBM Plaza
Chicago, Illinois  60611
(312) 222-9350
(312) 840-7517 (fax)
emalone@jenner.com
dweiss@jenner.com