E-FILED
Monday, 11 October, 2004   04:58:41 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | |
|---|---|
| THE CITY OF CHAMPAIGN, an Illinois municipal corporation, on its own behalf and on behalf of the Class of all other units of local government similarly situated, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) NO. 02-2252 |
| MCLEODUSA, INC., a Delaware corporation, and MCLEODUSA TELECOMMUNICATION SERVICES, INC., an Iowa corporation, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**CHAMPAIGN'S RESPONSE TO MCLEODUSA'S MOTION
IN LIMINE NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENT
REGARDING IRRELEVANT CORPORATE TRANSACTIONS AND ENTITIES**

NOW COMES Plaintiff, THE CITY OF CHAMPAIGN, an Illinois municipal corporation, by and through its attorneys, Kelty Law Offices, P.C., pursuant to Rule 26 of the Federal Rules of Civil Procedure and respectfully responds as follows to *McLeodUSA's Motion in Limine No. 5 to Exclude Evidence and Argument Regarding Irrelevant Corporate Transactions and Entities.*

McLeodUSA urges this Court to bar evidence as to the corporate structure of the McLeodUSA holding company entities.  Clearly, it would be to McLeod's benefit to do so given the confusing series of

mergers and name changes undertaken by McLeod during the time periods in question. (**Exhibit 8**)

If changing names and merging/spinning off corporate entities is irrelevant, then why is it relevant that the 1994 agreement with CNI was superseded (argued by McLeodUSA) by the 1996 agreement with CCTSI (disputed by the City of Champaign), and then CCTSI disappeared and CNI came back into the picture.

The City should be entitled to argue that the corporate structure of the McLeodUSA affiliated companies reveals not a single McLeodUSA operating company, but rather a group of independently operated and wholly owned subsidiaries of McLeod. This supports the position of the City that the separate companies have separate rights and uses of the ROW, and the uses are substantially different.

To the extent CNI operates, it has its own rights and obligations under its contracts with the City of Champaign. The same holds true for CCTSI, and for MTSI.

Evidence of such structuring and restructuring will not be confusing or misleading to the jury and is not barred under Federal Rule of Evidence 403. Proposed trial exhibits 32, 33, 35, 36, 37 and 38 are documents produced by McLeod (Champaign Doc. No. 2368 through 2509) in response to discovery.

McLeod argues repeatedly that such evidence and argument "would be unfairly prejudicial" to it, but offers no explanation.

Its argument suggests that the Champaign response to McLeodUSA's Request for Admission No. 2 is "inexplicable", but McLeodUSA chooses to state only a portion of the response. The entire response is as follows:

> "Champaign **denies** Request for Admissions No. 2 as stated. McLeod has created a virtual morass of companies which it appears they have bought, sold, merged, repurchased and restructured so many times that it is virtually impossible to get a clear understanding of who they are and what they do. Attached hereto and numbered as **Response to Admissions 1** is an organizational chart furnished to the Illinois Commerce Commission by McLeod. In its responses to these Requests for Admissions, Champaign relies upon the information provided by McLeod. It is Champaign's position that the companies with which it contracted in the 1994 Agreement, the 1996 Agreement and the 1997 Agreement, are separate and distinct operating companies which appear to be operating subsidiaries of McLeod Holding Company. Also, upon information and belief, Champaign believes that the operating carrier for local service within the City of Champaign, Consolidated Communications, Inc., has recently been sold by McLeod to an outside group of owners. Champaign has received no response to its initial discovery herein and has not deposed officers of McLeod who could provide the requested information.
>
> Notwithstanding the above, Champaign **admits** the parties to the 1994 Agreement are (rather than were) Consolidated Network, Inc., an Illinois corporation, and the City of Champaign, Illinois, a municipal corporation and the Plaintiff herein."

The organization chart of the McLeodUSA companies shows an easily understandable visual portrayal of the company structure. To suggest that it would be confusing or misleading to a jury is a suggestion without merit.

WHEREFORE, for the foregoing reasons Plaintiff respectfully requests that this Court enter an Order allowing evidence as to the corporate structure of the McLeodUSA holding company entities.

Respectfully submitted,

**THE CITY OF CHAMPAIGN, an Illinois municipal corporation, Plaintiff**

s/ Thomas W. Kelty
Thomas W. Kelty, No. 1441337
Attorneys for Plaintiff
**KELTY LAW OFFICES, P.C.**
3201 Pleasant Run, Suite A
P.O. Box 13317
Springfield, IL 62791-3317
Telephone: 217/726-8200
Facsimile: 217/726-8300
Email: tkelty@keltylaw.com

**STATE OF ILLINOIS** )
                               )    SS.
**COUNTY OF SANGAMON** )

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that on this 11th day of October, 2004, pursuant to the provisions of Rule 5 of the Federal Rules of Civil Procedure, [proposed] CDIL-LR, and the penalties therein provided, that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

        Edward F Malone, Esq.
        emalone@jenner.com

        Daniel J Weiss, Esq.
        dweiss@jenner.com

and that the original was maintained in my files.

                                    s/ <u>Thomas W. Kelty</u>
                                    Thomas W. Kelty, No. 1441337
                                    Attorneys for Plaintiff
                                    **KELTY LAW OFFICES, P.C.**
                                    3201 Pleasant Run, Suite A
                                    P.O. Box 13317
                                    Springfield, IL 62791-3317
                                    Telephone: 217/726-8200
                                    Facsimile: 217/726-8300