E-FILED
Monday, 11 October, 2004  05:23:38 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | | |
|---|---|---|
| THE CITY OF CHAMPAIGN, an Illinois municipal corporation, on its own behalf and on behalf of the Class of all other units of local government similarly situated, | ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | NO. 02-2252 |
| MCLEODUSA, INC., a Delaware corporation, and MCLEODUSA TELECOMMUNICATION SERVICES, INC., an Iowa corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**CHAMPAIGN'S RESPONSE TO MCLEOD'S OBJECTION TO
EXHIBIT #9 OF CHAMPAIGN'S LIST OF POTENTIAL TRIAL EXHIBITS**

NOW COMES Plaintiff, THE CITY OF CHAMPAIGN, an Illinois municipal corporation, by and through its attorneys, Kelty Law Offices, P.C., pursuant to Fed. R. Civ. P. 26 (a)(3) for their Response to McLeodUSA's Objection to Exhibit #9 of Champaign's List of Potential Trial Exhibits. In support of this response, Champaign respectfully states as follows:

1. On October 1, 2004, McLeodUSA filed objections to Champaign's Potential Trial Exhibits, including an objection to Exhibit #9 - *Nonexclusive Utility License* between The Board of Trustees of the University of Illinois and McLeodUSA

H:\3789\90001\Response Objection Exh#9.wpd\10-11-2004

Telecommunications Services, Inc., dated Oct. 15, 1998. A copy of McLeodUSA's objections is attached hereto and made apart hereof.

    2. McLeod's objection to Champaign's Exhibit #9 should be denied for the following reasons:

    a. McLeodUSA has had a reasonable period to take discovery of Exhibit #9.

    i. On September 1, 2004, Champaign found Exhibit #9 in a file for the University of Illinois totally unrelated to McLeod.

    ii. On September 17, 2004, Champaign filed the Potential Exhibit List which identified Exhibit #9 at least 30 days before the trial pursuant to Fed. R. Civ. P. 26(a)(3). A copy of the Potential Exhibit List is attached hereto and made apart hereof.

    iii. On September 22, 2004, McLeodUSA requested copies of the documents, identified on the Potential Exhibit List but not in McLeodUSA's possession, including Exhibit #9.

    iv. On October 1, 2004, attorney for Champaign, Thomas W. Kelty, faxed a letter to McLeodUSA stating the documents would be produced by the end of that week.

    v. On October 1, 2004, Champaign overnighted Exhibit #9, identified as Champaign's Fifth Supplemental Production, to McLeodUSA pursuant to Fed. R. Civ. P. 26(e). A

copy of Champaign's Fifth Supplemental Production is attached hereto and made apart hereof.

    vi. McLeodUSA has made no requests to take discovery regarding Exhibit #9.

    vii. On October 1, 2004, McLeodUSA filed an objection to Exhibit #9.

  b. The use of Exhibit #9 does not work as an unfair surprise and should not be excluded under Fed. R. Civ. P. 37 (c)(1).

    i. Fed. R. Civ. P. 37 (c)(1) states "a party that without substantial justification fails to disclose information required by Rule 26 (a)…is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any…information not so disclose." The sanction imposed by the Court, in this case the exclusion of evidence, "must be proportionate to the circumstances surrounding the party's failure to comply with discovery rules." *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir. 1996). In order to exclude evidence, the Court must find the party's failure to comply with discovery was both unjustified and harmful to the opposing party. *Sherrod v. Lingle*, 223 F.3d 605 (7th Cir. 2000).

    ii. Champaign did not fail to comply with discovery. First, the Exhibit was produced in a timely manner, it was not in a City "McLeod" file. Secondly, the exhibit was under

McLeod's control the entire time. The exhibit is an agreement between the University of Illinois and McLeodUSA. Accordingly, Champaign is justified for not furnishing Exhibit #9 prior to September 17, 2004.

       iii. It is harmless to allow Exhibit #9 as evidence. McLeodUSA has had a reasonable amount of time to examine the exhibit and depose any witnesses of interest. It is not filed away with other documents, in which McLeodUSA has to sort through to find. Furthermore, Exhibit #9 has been in McLeod USA's possession the entire time. Accordingly, Exhibit #9 operates as no surprise and is thus harmless.

       iv. Excluding Exhibit #9 would be disproportionate with the justified September 17, 2004 disclosure.

    c. Exhibit #9 is extremely relevant to Champaign's case against McLeod and will not confuse the issues at trial. The exhibit is an agreement between McLeodUSA and the University of Illinois, a governmental entity closely related to Champaign and Urbana that includes language identifying a right-of-way fee per lineal foot. It will be used to show that McLeod also deems the University of Illinois's right-of-way fee as a reasonable. This fee will be compared to the Champaign agreements. Clearly, no confusion will result from such a comparison. This Exhibit is relevant and will not confuse the issue at trial.

WHEREFORE, the City of Champaign, by and through their attorney, respectfully request the Court to deny McLeodUSA's objection to Exhibit #9 of Champaign's Potential Exhibits in accordance with the Fed. R. Civ. P. 26 (e).

          Respectfully submitted,

          **THE CITY OF CHAMPAIGN, an Illinois municipal corporation, Plaintiff**

          s/ Thomas W. Kelty
          Thomas W. Kelty, No. 1441337
          Attorneys for Plaintiff
          **KELTY LAW OFFICES, P.C.**
          3201 Pleasant Run, Suite A
          P.O. Box 13317
          Springfield, IL 62791-3317
          Telephone: 217/726-8200
          Facsimile: 217/726-8300
          Email: tkelty@keltylaw.com

**STATE OF ILLINOIS** )
                               )   ss.
**COUNTY OF SANGAMON** )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this _____ day of October, 2004, pursuant to the provisions of Rule 5 of the Federal Rules of Civil Procedure, [proposed] CDIL-LR 5.3, and the penalties therein provided, that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

        Edward F Malone, Esq.
        emalone@jenner.com

        Daniel J Weiss, Esq.
        dweiss@jenner.com

and that the original was maintained in my files.

        s/ <u>Thomas W. Kelty</u>
        Thomas W. Kelty, No. 1441337
        Attorneys for Plaintiff
        **KELTY LAW OFFICES, P.C.**
        3201 Pleasant Run, Suite A
        P.O. Box 13317
        Springfield, IL 62791-3317
        Telephone: 217/726-8200
        Facsimile: 217/726-8300