**E-FILED**
Tuesday, 12 October, 2004  09:59:38 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### URBANA/DANVILLE DIVISION

| | |
|---|---|
| THE CITY OF CHAMPAIGN, an Illinois municipal corporation, on its own behalf and on behalf of the Class of all other units of local government similarly situated, ) ) ) ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | NO. 02-2252 |
| MCLEODUSA, INC., a Delaware corporation, and MCLEODUSA TELECOMMUNICATION SERVICES, INC., an Iowa corporation, ) ) ) ) ) | |
| Defendants. ) | |

### CHAMPAIGN'S RESPONSE TO MCLEODUSA'S OBJECTION TO EXHIBIT #28 ON CHAMPAIGN'S LIST OF POTENTIAL TRIAL EXHIBITS

NOW COMES Plaintiff, THE CITY OF CHAMPAIGN, an Illinois municipal corporation, by and through its attorneys, Kelty Law Offices, P.C., pursuant to Fed. R. Civ. P. 26 (a)(3) for their *Response to McLeodUSA's Objection to Champaign's List of Potential Trial Exhibits*. In support of this response, Champaign respectfully states as follows:

1.    On October 1, 2004, McLeodUSA filed objections to some of Champaign's Potential Trial Exhibits, including objections to Exhibit #28 - Champaign Doc. No. 2319 through 2328, handwritten

note to "Sandy", author unknown[1], dated 5/28, transmitting a faxed draft *Agreement for Use of the Public Way*, between CCTS and the City, fax heading is dated May 16, 1996 from Consolidated Comm.  A copy of McLeodUSA's objections is attached hereto and made apart hereof.

2.    McLeodUSA's objection to #28 of Champaign's Potential Trial Exhibits should be denied for the following reasons:

a.    McLeodUSA was given Exhibit #28 with more than a reasonable period to take discovery.

i.    On September 1, 2004, Champaign found Exhibit #28 buried among the 1157 documents produced by McLeodUSA.

ii.    On September 3, 2004, Champaign provided a copy of Exhibit #28, identified as Champaign's Fourth Supplemental Production, to McLeodUSA pursuant to Fed. R. Civ. P. 26 (e).

iii.    On September 14, 2004, McLeodUSA requested any additional information about Exhibit #28.

iv.    On September 16, 2004, Champaign responded that no other information was available, but agreed to have the file available for McLeodUSA's inspection.

v.    On September 17, 2004, Champaign filed the Potential Exhibit List which identified Exhibit #28 at least 30 days before the trial pursuant to Fed. R. Civ. P. 26 (a) (3).  A copy of the Potential Exhibit List is attached hereto and made apart hereof.

vi.    Forty-one days is a reasonable period to take discovery.

_____

[1]City Attorney Stavins will testify the handwriting is that of Ellyn Crutcher, in-house McLeodUSA attorney.

b.    The use of Exhibit #28 does not work as an unfair surprise and should not be excluded under Fed. R. Civ. P. 37 (c)(1).

i.    Fed. R. Civ. P. 37 (c)(1) states "a party that without substantial justification fails to disclose information required by Rule 26 (a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any . . . information not so disclose." In order to exclude evidence, the trial judge must find the party's failure to comply with discovery was both unjustified and harmful to the opposing party. *Sherrod v. Lingle*, 223 F.3d 605 (7th Cir. 2000). The sanction imposed by the Court, in this case the exclusion of evidence, "must be proportionate to the circumstances surrounding the party's failure to comply with discovery rules." *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir. 1996).

ii.    Champaign did not fail to comply with discovery. First, the Exhibit was not found earlier because it was not in a McLeodUSA contract file. Second, McLeod did not ask for Exhibit #28 specifically during discovery. Accordingly, Champaign is justified for not furnishing Exhibit #28 sooner.

iii. It is harmless to allow Exhibit #28 as evidence. McLeodUSA has had a reasonable amount of time to examine the Exhibit and depose any witnesses of interest. The Exhibit is a 10 page document. It is not filed away with other documents, in which McLeodUSA has to sort through to find. Accordingly, Exhibit #28 operates as no surprise and is thus harmless.

iv.    Excluding Exhibit #28 would be disproportionate with the justified late disclosure.

c.    Exhibit #28 is extremely relevant to Champaign's case against McLeodUSA and will not confuse the issues at trial. It addresses the dispute over the definitional

reference in the CCTS Agreement to "CNI". Clearly, no confusion will result from such a comparison. This Exhibit is relevant and will not confuse the issue at trial.

d. The parol evidence rule bars examination of evidence outside the contract when the language of the contract is unambiguous. *Grun v. Pneumo Abex Co.*, 163 F.3d 411, 420 (7th Cir. 1998); *Fred Kornick v. Orange-Co., Inc.*, No. 83C9145, 1985 WL 1728, *2 (N.D. Ill. 1985); *In re Marriage of Johnson*, 604 N.E.2d 378, 391 (4th Dist. 1992). In Illinois, though, the doctrine of mutual mistake of fact is an exception to the parol evidence rule. *Grun.*, 163 F.3d at 420; *Fred Kornick v. Orange-Co., Inc.*, 1985 WL 1728 at *2; *In re Marriage of Johnson*, 604 N.E.2d at 391.

"Under Illinois law, a mutual mistake occurs when the parties are in actual agreement but the agreement in its written form does not express the parties' real intent." *Grun.*, 163 F.3d at 420; *Miller's Blasting Service v. Texas AGA, Inc.*, No. 99C40246 2003 WL 21058344, *3 (N.D. Ill. 2003) (citing *In re Marriage of Johnson*, 604 N.E.2d at 391) (internal quotations omitted). A party alleging mutual mistake has the clear and convincing burden to show (1) there was an agreement; (2) it was intended to be put in writing; and (3) it is different from the actual writing. *Ind. Insurance Co. v. Pana Comm. Unit Sch. Dst. No. 8*, 173 F. Supp.

2d 835, 842 (C.D. Ill. 2001); *Fred Kornick v. Orange-Co., Inc.*, 1985 WL 1728 at *2. A scrivener's error or clerical error is one example of a mutual mistake. *See Miller's Blasting Service v. Texas AGA, Inc.*, 2003 WL 21058344, *4 (clerical error that had wrong insurance coverage date was a mutual mistake).

In Illinois, when a mistake is alleged, a defendant's negligence argument will fail because "simple negligence will not bar a reformation or rescission based on a mistake; instead the negligence must be so gross as to amount to the violation of a positive legal duty." *Fred Kornick v. Orange-Co., Inc.*, 1985 WL 1728 at *2. (citation omitted, internal quotes omitted). It is assumed that mistakes result from some sort of negligence, and therefore, to hold negligence a bar would preclude relief in most cases. *Id.* (citation omitted.)

The draft (parol evidence) shows the intent of the parties when drafting. McLeodUSA's attorney put the correct name of the "Company" on the draft. Due to a clerical error, the changes were never made to "Company". The definition of "Company" in the contract is not what both parties intended. . . . thus mutual mistake. Accordingly, the draft can be used.

In addition, McLeodUSA's negligence argument fails. McLeodUSA must show that a clerical error, in this case not changing the company's name is more than simple negligence.

WHEREFORE, the City of Champaign, by and through their attorney, respectfully request the Court to deny McLeodUSA's objection to Exhibit #28 of Champaign's Potential Exhibits in accordance with the Fed. R. Civ. P. 26 (e).

Respectfully submitted,

**THE CITY OF CHAMPAIGN, an Illinois municipal corporation, Plaintiff**

s/ <u>Thomas W. Kelty</u>
Thomas W. Kelty, No. 1441337
Attorneys for Plaintiff
**KELTY LAW OFFICES, P.C.**
3201 Pleasant Run, Suite A
P.O. Box 13317
Springfield, IL 62791-3317
Telephone: 217/726-8200
Facsimile: 217/726-8300
Email: tkelty@keltylaw.com

**STATE OF ILLINOIS    )**
                       **)    SS.**
**COUNTY OF SANGAMON   )**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 12th day of October, 2004, pursuant to the provisions of Rule 5 of the Federal Rules of Civil Procedure, [proposed] CDIL-LR 5.3, and the penalties therein provided, that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

> Edward F Malone, Esq.
> emalone@jenner.com
>
> Daniel J Weiss, Esq.
> dweiss@jenner.com

and that the original was maintained in my files.

> s/ Thomas W. Kelty
> Thomas W. Kelty, No. 1441337
> Attorneys for Plaintiff
> **KELTY LAW OFFICES, P.C.**
> 3201 Pleasant Run, Suite A
> P.O. Box 13317
> Springfield, IL 62791-3317
> Telephone: 217/726-8200
> Facsimile: 217/726-8300

H:\3789\90001\Response Object Exh#28\10-12-2004