IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | | |
|---|---|---|
| THE CITY OF CHAMPAIGN, an Illinois municipal corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 02-2252 |
| MCLEODUSA, INC., a Delaware corporation, and MCLEODUSA TELECOMMUNICATION SERVICES, INC., an Iowa corporation, | ) ) ) ) ) ) | Hon. Harold Baker |
| Defendants. | ) ) | |

**MCLEODUSA'S RESPONSES AND OBJECTIONS TO CHAMPAIGN'S
LISTS OF POTENTIAL TRIAL EXHIBITS**

Defendants McLeodUSA Incorporated and McLeodUSA Telecommunications Services, Inc. (collectively, "McLeodUSA"), by their attorneys, and pursuant to Fed. R. Civ. P. 26(a)(3), respectfully submit the following objections to the list of potential exhibits filed by plaintiff Champaign on September 17, 2004.

In making the following responses and objections, McLeodUSA expressly reserves its right pursuant to Fed. R. Civ. P. 26(a)(3) to make objections at trial on the basis of Federal Rules of Evidence 402 and 403. In addition, McLeodUSA reserves the right to supplement its objections to the extent that Champaign alters or amends its trial exhibit list; object at trial to any exhibit not properly identified on Champaign's trial exhibit list; and assert at trial any and all objections to exhibits, witnesses or testimony as may be warranted by developments at trial.

**Responses and Objections**

1.  A License Agreement to Use Real Property Between Consolidated Network, Inc. (CNI) and the City of Champaign, Illinois.

    **Response:**   No objection.

2.  Agreement for Use of the Public Way between Consolidated Communications Telecom Services, Inc. (CCTS), and the City of Champaign (the "City").

    **Response:**   No objection.

3.  A License Agreement to Use Real Property Between McLeodUSA Telecommunications Services, Inc. (MTSI) and the City.

    **Response:**   No objection.

4.  An Ordinance Granting to the Illinois Bell Telephone Company, its Lessees, Successors and Assigns, Certain Rights in the City, adopted by the City Jan. 15, 1985.

    **Response:**   Objection.  This case concerns rights-of-way fees charged and agreements in force during the period 1994 through 2002.  Champaign Exhibit No. 4 appears to be an ordinance and agreement that governed Ameritech's access to Champaign's rights-of-ways between the years 1985 and 1993.  In 1994, the ordinance and agreement were superseded by a 1994 contract between Ameritech and Champaign, which is designated as Champaign Exhibit No. 5.  The pre-1994 ordinance and agreement contained in Champaign Exhibit No. 4 are thus not relevant, because they pre-date the relevant period, and would tend to confuse the issues at trial, because they were superseded by Champaign Exhibit No. 5 before the start of the relevant period.  Fed. R. Evid. 402, 403.

5.  Agreement for Use of the Public Way and a Letter of Understanding by and Between the City and Ameritech Illinois, signed by the City Apr. 19, 1994 and by Ameritech May 18, 1994.

**Response:**   No objection.

6.  A License Agreement to Use Real Property Between AT&T Communications of Illinois, Inc. and the City.

**Response:**   No objection.

7.  A License Agreement to Use Real Property Between U.S. Sprint Communications Company Limited Partnership and the City.

**Response:**   No objection.

8.  A License Agreement to Use Real Property Between Access Transmission Services, Inc. (ATS) and the City.

**Response:**   No objection.

9.  Nonexclusive Utility License between The Board of Trustees of the University of Illinois and McLeodUSA Telecommunications Services, Inc., dated Oct. 15, 1998.

**Response:**   Objection. Champaign did not disclose this document pursuant to Fed. R. Civ. P. 26(a)(1) as a "document[] . . . that [Champaign] may use to support its claims," did not produce the document in response to relevant document requests, and did not identify the document until September 17, 2004, only weeks before trial and months after the March 22, 2004 close of discovery. McLeodUSA has thus been denied the opportunity to take discovery regarding the document, and the introduction of the document into evidence would work an

unfair surprise. Fed. R. Civ. P. 37. This document, which is an easement granted by the University of Illinois to allow McLeodUSA to provide services to the University, has nothing to do with McLeodUSA's relationship with Champaign and is therefore not relevant to any matter in dispute, and would tend to confuse the issues at trial. Fed. R. Evid. 402, 403.

10. Written Report of David L. Clark, P.E.

**Response:** Objection. As set forth in greater detail in a motion *in limine* McLeodUSA will file on October 4, 2004 pursuant to Local Rule 16.1(E)(8), Mr. Clark's report should be excluded under Fed. R. Evid. 702 and the standards established by *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

11. Written Report of Stephen D. Whitsitt, MAI, SRA.

**Response:** Objection. As set forth in greater detail in a motion *in limine* McLeodUSA will file on October 4, 2004 pursuant to Local Rule 16.1(E)(8), Mr. Whitsitt's report should be excluded under Fed. R. Evid. 702 and the standards established by *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

12. Written Report of Abbas A. Butt, Ph.D., P.E.

**Response:** No objection.

13. Complaint and relevant pleadings.

**Response:** Subject to more definite identification, no objection.

14. McLeodUSA 1996 Annual Report.

**Response:** No objection.

4

15. Champaign Doc. No. 327 through 328, Request to the City by Ameritech to perform work as outlined in the attached plan, dated June 4, 2001.

**Response:**  Objection. McLeodUSA does not believe that Champaign is able to establish an appropriate foundation for this document or prove the document's authenticity. Fed. R. Evid. 901. In addition, this document is not relevant to any matter in dispute, and would tend to confuse the issues at trial. Fed. R. Evid. 402, 403. To the extent the document is offered to prove the truth of the matters asserted in the document, the document is also inadmissible hearsay. Fed. R. Evid. 802.

16. Champaign Doc. No. 1005 through 1009, the City's Municipal Code, Chapter 30, Streets, Sidewalks and Public Ways, Article X, Use of Streets and City Property for Equipment.

**Response:**  No objection.

17. Champaign Doc. No. 1010 through 1013, An Ordinance Amending the Champaign Municipal Code by the Adoption of Section 1-25 and Section 1-26 (General Provisions – Late Payment Handling Fee; Interest on Unpaid Accounts; Bad Check Charge), adopted Oct. 2, 1990.

**Response:**  Objection. As set forth in greater detail in a pre-trial motion McLeodUSA will file on October 4, 2004 concerning the appropriate rate of prejudgment interest that would apply to any award in this matter, the ordinance contained in Champaign's proposed Exhibit No. 17 does not apply, and should not be entered as evidence at the trial.

18. Champaign Doc. No. 1290 through 1308, PowerPoint presentation by McLeodUSA, entitled "City of Champaign, Common Ground", dated Mar. 8, 2002.

**Response:** No objection.

19. Champaign Doc. No. 1329 through 1330, 1340, and 1994 through 1995, Certificates of Liability Insurance for McLeodUSA Incorporated, dated Oct. 20, 1999, Sept. 26, 1997 and Sept. 23, 2003, respectively.

**Response:** Objection. These documents, which appear to be forms prepared by a third-party insurance company, are not relevant to any matter in dispute, and would tend to confuse the issues at trial. Fed. R. Evid. 402, 403. In addition, because the author of the document appears to be a third-party insurance company with no relation to this case, Champaign will not be able to establish an appropriate foundation for this document or prove the document's authenticity. Fed. R. Evid. 901. Moreover, to the extent the document is offered to prove the truth of matters asserted in the document, the document is inadmissible hearsay. Fed. R. Evid. 802.

20. Champaign Doc. No. 1462 through 1466, Correspondence to Stavins, from Lazzaretti, dated Mar. 4, 2002, re: McLeodUSA Right-of-Way Issues.

**Response:** No objection.

21. Champaign Doc. No. 1483 through 1485, Correspondence to Stavins, from James Brown, Schiff, Hardin & White, P.C., dated Feb. 16, 1999, re: Consolidated Communication Inc./McLeodUSA Incorporated.

**Response:** No objection.

22. Champaign Doc. No. 1540 through 1541, Memo to Jeff Smith, City Engineer, from Stavins, dated Sept. 11, 1998, re: Right-of-Way - Prospect Avenue - McLeod Communications.

**Response:** To the extent the document is offered to prove the truth of matters asserted in the document, the document is inadmissible hearsay. Fed. R. Evid. 802.

23. Champaign Doc. No. 1567 through 1568, Correspondence to Crutcher, from Crowley, dated July 10, 2000, re: Compliance with the City of Champaign License Agreement.

**Response:** No objection.

24. Champaign Doc. No. 1677 through 1689, Documents produced from Champaign's Finance Department.

**Response:** Objection. McLeodUSA does not believe that Champaign is able to establish an appropriate foundation for these documents or prove their authenticity. Fed. R. Evid. 901. The documents appear to have been prepared by Colleen S. Liveremore (*see* pg. 1678, upper right corner), who has not been disclosed or designated as a witness. To the extent the document is offered to prove the truth of the matters asserted in the document, the document is also inadmissible hearsay for which McLeodUSA does not believe Champaign can establish an appropriate exception. Fed. R. Evid. 802.

25. Champaign Doc. No. 1690 through 1714, Correspondence to Vrem, from Schnuer, dated July 9, 2002, transmitting spreadsheets showing McLeod present value and

payments made to AT&T, Ameritech, Consolidated Network, Inc., Consolidated Communications Telecom Services, McLeodUSA, and Sprint.

**Response:** Objection. This exhibit appears to contain incomplete portions of at least two different documents, incorrectly assembled as one document. The first page of the document (pg. 1690) bears the date July 9, 2002, and appears to be an incomplete copy of a letter. The remaining pages of the exhibit appear to be wholly separate documents consisting of spreadsheets that are unrelated to the incomplete letter. Many of the spreadsheet documents bear the date March 16, 2004, which is well after the July 9, 2002 "transmittal" date on the letter. (*E.g.*, pgs. 1696-1714.) Given these facts, McLeodUSA does not believe that Champaign is able to establish an appropriate foundation for these documents or prove their authenticity. Fed. R. Evid. 901. Moreover, the introduction of these incomplete documents would likely result in substantial confusion. Fed. R. Evid. 403. To the extent the documents are offered to prove the truth of the matters asserted therein, the documents are also inadmissible hearsay, for which McLeodUSA does not believe Champaign can establish an appropriate exception. Fed. R. Evid. 802.

26.     1741 through 1771, documents from the Illinois Commerce Commission regarding Docket No. 93-0345, McLeod Telemanagement, Inc.'s Application for a Certificate of Service Authority to Provide Direct Non-switched Exchange and Interexchange Services and Resold Local Exchange and Interexchange Services Within All Illinois Bell Telephone Company Exchanges in Illinois Except the City of Chicago.

**Response:** Objection. This proposed exhibit consists of an application by McLeodUSA to provide certain services in Illinois, filed in a 1993 administrative proceeding.

The document bears no relevance to any disputed issue at trial, and pre-dates relevant period in the case. The document is thus irrelevant and could tend to confuse the issues at trial. Fed. R. Evid. 402, 403.

27. Champaign Doc. No. 2168 through 2183, IML/Illinois Bell Model ROW Agreement documents.

**Response:** Objection. This collection of documents appears to relate a 1991 right-of-way agreement concerning Ameritech. The documents are not relevant to any matter in dispute, and significantly pre-date the relevant period in this case. The documents are thus irrelevant and could tend to confuse the issues at trial. Fed. R. Evid. 402, 403. In addition, McLeodUSA does not believe that Champaign will be able to establish an appropriate foundation for the documents or prove the documents' authenticity. Fed. R. Evid. 901. To the extent the documents are offered to prove the truth of matters asserted therein, the documents are also inadmissible hearsay. Fed. R. Evid. 802.

28. Champaign Doc. No. 2319 through 2328, Hand written note to "Sandy", author unknown, dated 5/28, transmitting a faxed draft Agreement for Use of the Public Way, between CCTS and the City, fax heading is dated May 16, 1996 from Consolidated Comm.

**Response:** Objection. Champaign did not disclose this document pursuant to Fed. R. Civ. P. 26(a)(1) as a "document[] . . . that [Champaign] may use to support its claims," did not produce the document in response to relevant document requests, and did not inform McLeodUSA of the document's existence until September 3, 2004, only weeks before trial and months after the close of discovery. McLeodUSA has thus been denied the opportunity to take discovery regarding the document, and the introduction of the document into evidence would

work an unfair surprise.  Fed. R. Civ. P. 37.  In addition, given Champaign's description of the document, acknowledging that its author is "unknown," Champaign will be unable to establish an appropriate foundation for the document or prove the document's authenticity.  Fed. R. Evid. 901.  Further, the document appears to represent parole evidence concerning the negotiation of a contract, and is inadmissible because the terms of the contract are unambiguous.  The grounds for excluding the document as parole evidence are set forth in detail in a motion *in limine* McLeodUSA will file on October 4, 2004 pursuant to Local Rule 16.1(E)(8).  To the extent the document is offered to prove the truth of matters asserted therein, the document is also inadmissible hearsay.  Fed. R. Evid. 802.

29.  Customer Billing Summaries and other documents produced by McLeodUSA Oct. 8, 2003, by letter from Edward F. Malone, Esq.

**Response:**   No objection.

30.  All Articles of Incorporation, Articles of Merger and attachments thereto produced by McLeodUSA in response to the City's Requests for Production of Documents, identified as MC1-38.

**Response:**   No objection.

31.  All documents produced by McLeodUSA in response to the City's First, Second, and Third Requests, and First Supplemental Request, for Production of Documents, [that McLeodUSA identified as being produced in support of their Affirmative Defenses], identified as MC1-MC1157.

**Response:**   Objection.  This "exhibit" consists of McLeodUSA's entire document production in the case.  This is obviously not an appropriate designation of an exhibit,

and would lead to "undue delay," a "waste of time," and "needless presentation of cumulative evidence." Fed. R. Evid. 403. Further, McLeodUSA has identified the specific exhibits it may present at trial, obviating any need for Champaign to introduce the entirety of McLeodUSA's document production, as Champaign appears to suggest.

In addition, one of the pages contained in the bates range, numbered MC00637, is a privileged document inadvertently produced by McLeodUSA that is subject to the attorney-client privilege and the work-product doctrine. McLeodUSA has asked Champaign to return the document, and McLeodUSA objects to its introduction at trial. To the extent that Champaign nevertheless seeks to admit that document at trial, the document is also inadmissible hearsay for which Champaign cannot establish an exception. Fed. R. Evid. 802. McLeodUSA also believes that Champaign will be unable will be unable to establish an appropriate foundation for the document. Fed. R. Evid. 901.

32.    Article from the State Journal-Register, Jan. 21, 2004, entitled Dialing Long-Distance Consolidated Buys Texas Company for $527 million.

**Response:**    Objection. This newspaper article concerns a business unit that McLeodUSA sold in 2002 that did not provide service in Champaign and was never a party to any right-of-way agreement with Champaign. The article thus bears no relation to the matters at issue in this case. Fed. R. Evid. 402, 403. McLeodUSA will submit on October 4, 2004 a motion *in limine* pursuant to Local Rule 16.1(E)(8) further detailing the basis for excluding evidence and argument regarding corporate entities and transactions that have no relation to the matters in dispute in this case. The newspaper article also constitutes inadmissible hearsay. Fed. R. Evid. 802.

33.   Article from the State Journal-Register, Jan. 3, 2003, entitled New owners, old name for Consolidated.

**Response:**   Objection.  As above, this newspaper article concerns a business unit that McLeodUSA sold in 2002 that did not provide service in Champaign and was never a party to any right-of-way agreement with Champaign.  The article thus bears no relation to the matters at issue in this case.  Fed. R. Evid. 402, 403.  McLeodUSA will submit on October 4, 2004 a motion *in limine* pursuant to Local Rule 16.1(E)(8) further detailing the basis for excluding evidence and argument regarding corporate entities and transactions that have no relation to the matters in dispute in this case.  The newspaper article also constitutes inadmissible hearsay.  Fed. R. Evid. 802.  In addition, Champaign has never disclosed or produced the newspaper article to McLeodUSA.  Fed. R. Civ. P. 37.

34.   Profile for McLeodUSA, Inc. (NasdaqNM:MCLD) by Yahoo Finance, dated Apr. 14, 2002. Plaintiff may offer this Exhibit.

**Response:**   Objection.  This web-page has never been produced by Champaign, bears no relation to the matters at issue in this case, and constitutes inadmissible hearsay.  Fed. R. Civ. P. 37; Fed. R. Evid. 402, 403, 802.

35.   Order of the Illinois Commerce Commission on the Application for Approval of a Reorganization pursuant to Section 7-204 of the Public Utilities Act and for approval of the sale of certain assets pursuant to Section 7-102 of the Public Utilities Act, dated Dec. 17, 2002, 202 Ill. PUC LEXIS 1167 (2002).

**Response:**   Objection.  This administrative decision concerns McLeodUSA's 2002 sale of a business unit that did not provide service in Champaign and was never a party to

any right-of-way agreement with Champaign. The decision thus bears no relation to the matters at issue in this case, and post-dates the relevant period. Fed. R. Evid. 402, 403. McLeodUSA will submit on October 4, 2004 a motion *in limine* pursuant to Local Rule 16.1(E)(8) further detailing the basis for excluding evidence and argument regarding corporate entities and transactions that have no relation to the matters in dispute in this case.

36.     Acquisition Agreement by and among McLeodUSA Telecommunications Services, Inc., McLeodUSA Holdings, Inc., McLeodUSA Integrated Business Systems, Inc., McLeodUSA Market Response, Inc. and Homebase Acquisition Corp., dated July 16, 2002, Exhibit 2.18 to 202 Ill. PUC LEXIS 1167 (2002).

**Response:**     Objection. This agreement concerns a business unit that McLeodUSA sold in 2002 that did not provide service in Champaign and was never a party to any right-of-way agreement with Champaign. The agreement thus bears no relation to the matters at issue in this case. Fed. R. Evid. 402, 403. McLeodUSA will submit on October 4, 2004 a motion *in limine* pursuant to Local Rule 16.1(E)(8) further detailing the basis for excluding evidence and argument regarding corporate entities and transactions that have no relation to the matters in dispute in this case.

37.     Exhibits to the Acquisition Agreement, Exhibit 2.19 to 202 Ill. PUC LEXIS 1167 (2002).

**Response:**     Objection. This agreement concerns a business unit that McLeodUSA sold in 2002 that did not provide service in Champaign and was never a party to any right-of-way agreement with Champaign. The agreement thus bears no relation to the matters at issue in this case. Fed. R. Evid. 402, 403. McLeodUSA will submit on October 4,

2004 a motion *in limine* pursuant to Local Rule 16.1(E)(8) further detailing the basis for excluding evidence and argument regarding corporate entities and transactions that have no relation to the matters in dispute in this case.

38.     Results of searches with the Illinois Secretary of State, using LexisNexis, into McLeodUSA Incorporated and its various subsidiaries.

**Response:**     Objection. The documents described in proposed Exhibit No. 37 have never been disclosed or produced to McLeodUSA. Fed. R. Civ. P. 37. In addition, Champaign's description of the documents is too vague to provide McLeodUSA with notice and an opportunity to respond at trial, and their admission would work unfair surprise. Champaign has also failed to indicate the relevance of such documents. Fed. R. Evid. 402. In addition, to the extent these documents refer to McLeodUSA business units or transactions not relevant to this proceeding, McLeodUSA will submit on October 4, 2004 a motion *in limine* pursuant to Local Rule 16.1(E)(8) further detailing the basis for excluding evidence and argument regarding corporate entities and transactions that have no relation to the matters in dispute in this case.

39.     Computation of amounts due the City from McLeodUSA under the ROW Agreements for all relevant periods.

**Response:**     No objection provided that this demonstrative exhibit fairly reflects underlying admissible evidence.

          Respectfully submitted,
          McLeodUSA Incorporated and
          McLeod Telecommunications Services, Inc.

    By:    s/ Edward F. Malone
          One of their attorneys

          Edward F. Malone
          Daniel J. Weiss
          JENNER & BLOCK LLP
          One IBM Plaza
          Chicago, Illinois  60611
          (312) 222-9350
          (312) 840-7517 (fax)

October 1, 2004

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 1, 2004, I electronically filed the foregoing MCLEODUSA'S RESPONSES AND OBJECTIONS TO CHAMPAIGN'S LIST OF POTENTIAL TRIAL EXHIBITS with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

  Thomas W. Kelty
  tkelty@keltylaw.com


        s/ Daniel J. Weiss

        Edward F. Malone
        Daniel J. Weiss
        Attorneys for Defendants
        Jenner & Block LLP
        One IBM Plaza
        Chicago, Illinois   60611
        (312) 222-9350
        (312) 840-7517 (fax)
        emalone@jenner.com
        dweiss@jenner.com