E-FILED
Tuesday, 12 October, 2004  03:49:34 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | |
|---|---|
| THE CITY OF CHAMPAIGN, an Illinois municipal corporation, on its own behalf and on behalf of the Class of all other units of local government similarly situated, | ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | )  NO. 02-2252 ) |
| MCLEODUSA, INC., a Delaware corporation, and MCLEODUSA TELECOMMUNICATION SERVICES, INC., an Iowa corporation, | ) ) ) ) ) |
| Defendants. | ) |

**CHAMPAIGN'S RESPONSE TO MCLEODUSA'S MOTION
IN LIMINE NUMBER 1 TO BAR TESTIMONY OF DAVID L. CLARK
PURSUANT TO FEDERAL RULES OF EVIDENCE 701 AND 702**

NOW COMES Plaintiff, THE CITY OF CHAMPAIGN, an Illinois municipal corporation, by and through its attorneys, Kelty Law Offices, P.C., and respectfully responds as follows to *McLeodUSA's Motion in Limine Number 1 to Bar Testimony of David L. Clark Pursuant to Federal Rules of Evidence 701 and 702* filed October 4, 2004.

McLeodUSA's requests this Court to bar Mr. Clark from testifying based upon their argument that he fails the Daubert test. (Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993) and Fed. R. Evid. 701.)

H:\3789\90001\Response Bar Clark\10-12-2004

In his expert report and testimony, David L. Clark shows the fees Champaign charged McLeodUSA bear a relationship to the costs incurred by the City as McLeodUSA's use of the ROW, and are therefore "fair and reasonable." They are not arbitrary. Clark analyzes Champaign's costs for concrete, asphalt, and general maintenance to compute a "per mile cost" for ROW maintenance.

Mr. Clark's opinions are admissible under Fed. R. Evid. 702 and the standards established by <u>Daubert</u> for three reasons. First, Clark's opinions are relevant and can assist the trier of fact expenditures and activities of which he has first hand knowledge. Second, Mr. Clark is well qualified to testify about how the City allocates costs in Champaign's budgets to utility companies use of the City's ROW. Third, Mc. Clark's methodology for concluding that the ROW fees assessed to McLeodUSA attributable to utility's use of ROW is fair and impartial.

Mr. Clark's methodology for concluding that the ROW fees assessed to McLeodUSA were "fair and reasonable" meets <u>Daubert</u>. There is no science to repair pavement cracks and potholes.

## Argument

Throughout Defendants' *Memorandum of Law in Support of McLeodUSA's Motion in Limine Number 1 to Bar Testimony of David L. Clark Pursuant to Federal Rules of Evidence 701 and 702*, McLeodUSA seeks to raise the level of <u>Daubert</u> testimony to one which far exceeds the required basis for testimony such as that of Mr. Clark. <u>Daubert</u> does not require that methodology be sophisticated or

arcane, simply that it be reliable.  <u>Daubert</u> further requires that the testimony assist the trier of fact in understanding the facts. Mr. Clark's testimony is essentially unchallenged by Defendant in its discovery deposition of him.  His qualifications are clearly laid out his deposition testimony.

>   A.   My official title is Civil Engineer II in the Engineering Division of the Public Works Department, and generally I supervise projects.  I supervise a couple employees, and most of my projects are roadway expansion projects where we rebuild and maintain the roadways throughout the City of Champaign.  I work with my staff.  I work with local engineering firms and I work with contractors to maintain and improve the City's street infra-structures.
>
>   Q.   How long have you had the position of Civil Engineer II?
>
>   A.   Since December 1997.
>
>   Q.   Okay.  And very briefly, could you describe your educational background, especially with respect to engineering, any engineering qualifications you have.
>
>   A.   I have a Bachelor's of Science degree from the University of Illinois, Urbana-Champaign, in Civil Engineering, and I received that degree in May of 1992, and have also received a Master's of Science degree also from the University Of Illinois, Urbana-Champaign, a Master of Science in Civil Engineering with emphasis on pavement facilities. And did I tell you when I received that?
>
>   Q.   I'm not sure.
>
>   A.   I received that in May of 2001.

Clark describes his duties with the City since 1992:

>   Q.   . . . In your position as civil engineer for the City do you deal with use of City rights-of-way by utilities?

A. Quite frequently.

Q. Okay, and could you just describe the nature of your involvement in dealing with rights-of-way of utilities?

A. Well, essentially any project that I do, whether it be a roadway expansion project or an annual concrete street maintenance project, every project we coordinate with our utility companies because they are in our right-of-way and we have to work with them to make our improvements, and so it's almost on a day-to-day basis we're involved in some extent with all utility companies on our projects.

Q. Okay. And so as I understand it, you are involved with utilities and rights-of-way because when the City undertakes road construction or improvement projects, you have to coordinate with the utilities because they have facilities that are in the streets that could impact your project. Is that right?

A. That's correct. There's occasions where we need to work with the utility companies to move their facilities to accommodate our improvements, and whether it be in the street or off right-of-way, it depends on the magnitude of the improvement, but, yes, we have to coordinate with them.

Q. Okay. Do you have any involvement in reviewing or approving planned right-of-way construction? That is right-of-way construction that is independent of any City street project.

A. Yes.

Clark explains engineering issues related to utility use of ROW:

A. On the back side of that, after they do their work and leave that particular location, they've left behind evidence that they've been there through utility cuts, through other borings, boring pits, excavations, things like that. At that point it becomes my department's responsibility to look after, upkeep, maintain. If there's an issue, we're responsible for bringing that back up to our standards.

    A.    My section is responsible for maintaining the infrastructure in the right-of-way, and we have to coordinate that on the front end with contractors, and we are left with their performance after they put this facility in. Once it's buried, we have to deal with it, you know, in the future if we have to move it or something like that. As far as the operation of that utility as far as whether it's gas, water, electric, fiberoptic, it's -- I mean I don't see how that -- it doesn't really impact me what that facility is for. All I know is that all utility companies generally move their facilities the same way; they tear up the right-of-way the same way, whether it be water, gas, electric, you know, phone service. If they're there, I mean that's -- I mean I don't care if it's water or a phone line. I mean they're in there tearing up the right-of-way.

Mr. Clark meets the <u>Daubert</u> test in so far as it is applicable. Since there is no scientific or mathematical theory involved, his credentials and his analysis are well-founded and relevant.

WHEREFORE, it is respectfully requested that McLeodUSA's Motion to Bar David L. Clark as a witness should be denied.

        Respectfully submitted,

        **THE CITY OF CHAMPAIGN, an Illinois municipal corporation, Plaintiff**

        s/ <u>Thomas W. Kelty</u>
        Thomas W. Kelty, No. 1441337
        Attorneys for Plaintiff
        **KELTY LAW OFFICES, P.C.**
        3201 Pleasant Run, Suite A
        P.O. Box 13317
        Springfield, IL 62791-3317
        Telephone: 217/726-8200
        Facsimile: 217/726-8300
        Email: tkelty@keltylaw.com

**STATE OF ILLINOIS**   )
                        )   SS.
**COUNTY OF SANGAMON**  )

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on this 12th day of October, 2004, pursuant to the provisions of Rule 5 of the Federal Rules of Civil Procedure, [proposed] CDIL-LR 5.3, and the penalties therein provided, that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

        Edward F Malone, Esq.
        emalone@jenner.com

        Daniel J Weiss, Esq.
        dweiss@jenner.com

and that the original was maintained in my files.

        s/ Thomas W. Kelty
        Thomas W. Kelty, No. 1441337
        Attorneys for Plaintiff
        **KELTY LAW OFFICES, P.C.**
        3201 Pleasant Run, Suite A
        P.O. Box 13317
        Springfield, IL 62791-3317
        Telephone: 217/726-8200
        Facsimile: 217/726-8300