E-FILED
Tuesday, 12 October, 2004  05:56:26 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | |
|---|---|
| THE CITY OF CHAMPAIGN, an Illinois municipal corporation, on its own behalf and on behalf of the Class of all other units of local government similarly situated, ) ) ) ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | NO. 02-2252 |
| MCLEODUSA, INC., a Delaware corporation, and MCLEODUSA TELECOMMUNICATION SERVICES, INC., an Iowa corporation, ) ) ) ) ) | |
| Defendants. ) | |

### CHAMPAIGN'S RESPONSE TO MCLEODUSA'S PRETRIAL MOTION REGARDING NON-APPLICATION OF 1994 AGREEMENT

NOW COMES Plaintiff, THE CITY OF CHAMPAIGN, an Illinois municipal corporation, by and through its attorneys, Kelty Law Offices, P.C., pursuant to Rule 26 of the Federal Rules of Civil Procedure and files herewith its *Response to McLeodUSA's Pretrial Motion Regarding Non-Application of 1994 Agreement*.

McLeod seeks a pretrial order asking this Court to rule that as a matter of law McLeod does not owe the City of Champaign fees under the 1994 Agreement between CNI and the City of Champaign. McLeod argues the 1994 Agreement was expressly superseded by the

1996 Agreement between the same parties. Nowhere does the 1996 Agreement (**Exhibit 2**) do so.

First, it is a matter of dispute as to whether the 1996 Agreement with Consolidated Communications Telecom Services was in reality (as suggested by McLeod) an agreement with CNI. While the Court is authorized to issue a pretrial ruling which would substantially simplify the issues for trial, and may do so pursuant to FRCP 56 such a ruling would be inappropriate at this juncture.

On July, 1994, the date the 1994 Agreement was signed, CNI was not owned by McLeod. In its Motion, McLeod asserts that CCTSI was merged out of existence with the surviving company being CNI. Then for some inexplicable reason, CNI changed its name back to CCTSI. Then on June 3, 1996, after CNI changed its name back to CCTSI, it entered into another agreement with the City of Champaign. (**Exhibit 3**, the 1997 Agreement)

Curiously, there is no evidence offered by McLeod that it ever advised the City of these repeated name changes nor is there any recital in the 1996 Agreement that the old CNI, which changed its name to CCTSI, was then the new CNI.

The 1994 Agreement allowed CNI to:

> "<u>Section 1. Grant of License; Location</u>. For the good and valuable consideration specified herein, the Grantee is hereby given license upon the terms and subject to the conditions of this Agreement to install, maintain and use a conduit, buried or aerial, system ("System") above, within and under the public right-of-way hereinafter specified on the centerline of license, or for the number of feet which may subsequently be added

or deleted, provided the City Engineer has approved the plans and specifications for any extension. An addendum to this license will be executed to reflect the revised distance of the license and will attach as a new Exhibit "A". Width of license described in this Section shall be ten (10) feet as measured typically from the right-of-way line toward the street pavement. At street crossings, said license shall be projected in a straight line across or turn at an angel of ninety degrees (90°). Refer to Exhibit "A" for license routing and offset dimensions."

The 1996 Agreement provided CNI (operating under the name CCTSI) the right to:

"SECTION 1.  DURATION

Consolidated Communications Telecom Services Inc., (hereinafter referred to as "the Company"), its lessees, successors and assigns, are hereby granted the right to construct, erect, renew, maintain and operate in, upon, along, across, under and over the streets, alleys and public rights of the City of Champaign (hereinafter referred to as "the Municipality"), lines of poles, anchors, wires, cables, conduits, vaults, laterals and fiber optics and other fixtures and equipment (hereinafter referred to as "facilities"), and to use the same for the transmission of sounds and signals by means of electricity or light, and especially for the conduct of a general telephone business for the period of ten (10) years from and after the effective date of this Agreement and thereafter until terminated by sixty (60) days written notice either by the Municipality to the Company, or by the Company to the Municipality."

So, the question is "why would the City of Champaign knowingly enter into conflicting agreements with the same company", i.e. CNI. It is clear from the Agreements the City did not do so.

This then leads to the definition of "company" in the 1996 Agreement which clearly identifies the contracting party as CCTS but says in the definition that CCTS really means "CNI".

Regardless, the use contracted for under the 1994 Agreement is substantially different than that under the 1996 Agreement. The former is for the distribution of telecommunication facilities, where the latter is for the "conduct of a general telephone business". Contrary to the argument of McLeod, the exclusion of the 1994 Agreement would serve to confuse and baffle the jury.

Under the 1996 Agreement references were to the existing facilities of CCTS and not those of CNI. The "existing facilities" of CCTS were "telecommunications conduit" and not conduit for the "conduct of the general telephone business".

McLeod attempts to argue these issues in a vacuum, i.e. that 1996 Agreement requires only the monthly access-line charge. This begs the obvious question: Why would the City of Champaign completely drop its per lineal foot charge of $1.21 in exchange for a $.38 fee which it was all ready charging under the 1996 Agreement. Then, why would McLeod sign a 1997 Agreement with the City agreeing to pay the per lineal foot charge of $1.321 giving it the right to:

> "<u>Section 1. Grant of License: Location</u>. For the good and valuable consideration specified herein, the Grantee is hereby given license upon the terms and subject to the conditions of this Agreement to install, maintain and use a conduit, buried or aerial, system ("System") above, within and under the public right-of-way hereinafter specified, for a total linear feet of twenty thousand nine hundred eighty-two (20,982), on the centerline of license. Width of license described in this Section shall be ten (10) feet as measured typically from the right-of-way line toward the street pavement. At street crossings, said license shall be projected in

a straight line across or turn at an angle of ninety degrees (90°). Refer to exhibit "A" for licensing routing and offset dimensions."

For the above and foregoing reasons, the Court should deny *McLeod's Pretrial Motion Regarding Non-Application of 1994 Agreement.*

                                    Respectfully submitted,

                                    **THE CITY OF CHAMPAIGN, an Illinois municipal corporation, Plaintiff**

                                    s/ <u>Thomas W. Kelty</u>
                                    Thomas W. Kelty, No. 1441337
                                    Attorneys for Plaintiff
                                    **KELTY LAW OFFICES, P.C.**
                                    3201 Pleasant Run, Suite A
                                    P.O. Box 13317
                                    Springfield, IL 62791-3317
                                    Telephone: 217/726-8200
                                    Facsimile: 217/726-8300
                                    Email: <u>tkelty@keltylaw.com</u>

**STATE OF ILLINOIS** )
                         )   SS.
**COUNTY OF SANGAMON** )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 12 day of October, 2004, pursuant to the provisions of Rule 5 of the Federal Rules of Civil Procedure, [proposed] CDIL-LR, and the penalties therein provided, that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

    Edward F Malone, Esq.
    emalone@jenner.com

    Daniel J Weiss, Esq.
    dweiss@jenner.com

and that the original was maintained in my files.

                                       s/ Thomas W. Kelty
                                       Thomas W. Kelty, No. 1441337
                                       Attorneys for Plaintiff
                                       **KELTY LAW OFFICES, P.C.**
                                       3201 Pleasant Run, Suite A
                                       P.O. Box 13317
                                       Springfield, IL 62791-3317
                                       Telephone: 217/726-8200
                                       Facsimile: 217/726-8300

H:\3789\90001\Response PT Non-App1994\10-12-2004