E-FILED
Thursday, 14 October, 2004  01:30:58 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | |
|---|---|
| THE CITY OF CHAMPAIGN, an Illinois municipal corporation, on its own behalf and on behalf of the Class of all other units of local government similarly situated, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) NO. 02-2252<br>) |
| MCLEODUSA, INC., a Delaware corporation, and MCLEODUSA TELECOMMUNICATION SERVICES, INC., an Iowa corporation, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**CHAMPAIGN'S RESPONSE TO MCLEODUSA'S
PRETRIAL MOTION REGARDING PREJUDGMENT INTEREST**

NOW COMES Plaintiff, THE CITY OF CHAMPAIGN, an Illinois municipal corporation, by and through its attorneys, Kelty Law Offices, P.C., and pursuant to Fed. R. Civ. P. 16 and Local Rule 16.1(e), submits the following Memorandum of Law in response to McLeodUSA's *Motion* to bar contractual interest and impose statutory interest to the amounts alleged to be owed by McLeodUSA to the City.

Champaign seeks approximately $685,000 in ROW fees from McLeodUSA for the period 1998 through 2002. These amounts are alleged to be due under three (3) agreements, designated throughout

these pleadings as the 1994 Agreement, the 1996 Agreement and the 1997 Agreement. None of these three (3) agreements make particular reference to default interest.

The City of Champaign has adopted Ordinance No. 90-261 which is of general application to all vendors who do business with the City. It imposes interest at the rate of 24% per annum upon all delinquent payment due under all vendor agreements, contracts or accounts due the City. Applying this rate to defaulted payments generates more than $1.15 Million of interest due the City.

McLeodUSA contends Champaign is not authorized under Illinois law to enact an ordinance such as this because it "alters the statewide prejudgment interest rate". Champaign's powers as a home rule municipality are derived from Article VII, Section 6 of the Illinois Constitution and permit it to "exercise any power and perform any function pertaining to its government and affairs. . ." (See Article VII, Section 6(a))  These "powers and functions" are to be construed liberally. (See Article VII, Section 6(m))  While the General Assembly may declare certain powers to be exclusive to the State of Illinois (See Article VII, Section 6(h)), it has not done so. In addition, a home rule municipality may exercise concurrent powers with the State of Illinois to the extent such power is not specifically declared by the State to be exclusive (See Article VII, Section 6(i)). The General Assembly has not done

so in the case of contractual interest for municipalities, much less home rule municipalities.

McLeodUSA correctly points out that "federal courts look to state law to determine the availability of (and rules for computing) prejudgment interest." See <u>In re: Oil Spill by the Amoco Cadiz</u>, 954 F.2d 1279, 1333 (7th Cir. 1992). It argues that "prejudgement interest" is a matter long controlled by the State Interest Act, 815 ILCS 205/2. It cites as support <u>Chicago v. S. Obermayer Co.</u>, 268 F.237 (7th Cir. 1920), a 1920 decision of the Seventh Circuit dealing with a pre-home rule statute under the 1870 Constitution. The City is not bound by the Interest Act.

The Interest Act was adopted in 1879 and is entitled "An Act in relation to the rate of interest and other charges in connection with sales on credit and the lending of money." Section 1 of the Act (815 ILCS 205/0.01) reads as follows:

> "The rate of interest upon the loan or forbearance of any money, goods or thing in action, shall be five dollars ($5) upon one hundred dollars ($100) for one year, and after that rate for a greater or less sum, or for a longer or shorter time, except as herein provided."

There is no evidence whatsoever before this Court that the City of Champaign has made a loan, forbearance or sale on credit. Even if the City was bound by the Interest Act, and it is not, the provisions of Section 8 undermine McLeodUSA's argument:

> "When any written contract, wherever payable, shall be made in this state, or between citizens or corporations of this state, or a citizens or a corporation of this state and a citizens or corporation

>of any other state, territory or country (or shall be secured by mortgage or trust deed on lands in this state), such contract may bear any rate of interest allowed by law to be taken or contracted for by persons or corporation in this state, or allowed by law on any contract for money due or owing in this state."

A copy of the entire Interest Act is attached hereto for the Court's edification.

<u>Amoco</u> (cited by Defendant) at page 1331 discusses the trial court's application of the "market rate of interest". Interestingly, it notes that at times during the conduct of the <u>Amoco</u> litigation, the market rate "has exceeded 20% per annum". "An injurer allowed to keep the return on this money has profited by the wrong. So we reiterate the holding of Gorenstein -- one almost compelled by Devex and West Virginia -- that compound prejudgment interest is the norm in federal litigation." The Court then posits rhetorically "Interest at what rate? Surely the market rate." <u>Amoco</u> at 1332.

McLeodUSA argues that the City 2% per month compounded monthly is unreasonable on its face and arbitrarily applied. By comparison, "penalty provisions for violation of City Ordinance opposing mooring tax upon water craft moored or docked for a fee within the City were not so disproportionate to the offense as to shock the conscience of reasonable persons" (<u>City of Wheaton v. Sandberg</u>, App. 2 Dist. 1991, 158 Ill.Dec. 584, 215 Ill.App.3d 220, 574 N.E.2d 697, appeal denied 164 Ill.Dec. 929, 142 Ill.2d 666, 584 N.E.2d 141). The experience of this Court and a jury of ordinary

people will recognize that 24% is in many cases comparable to or even less than current day credit card interest rates.

"Powers granted to home-rule units by Illinois Constitution are to be liberally construed." <u>Village of Sauget v. Cohn</u>, App. 5 Dist. 1993, 182 Ill.Dec. 680, 241 Ill.App.3d 640, 610 N.E.2d 104, appeal denied 186 Ill.Dec. 394, 151 Ill.2d 577, 616 N.E.2d 347. "Where the legislature has not been specific, courts will not find preemption of home rule authority." <u>Endsley v. City of Chicago</u>, App. 1 Dist. 2001, 253 Ill.Dec. 585, 319 Ill.App.3d 1009, 745 N.E.2d 708, appeal denied 257 Ill.Dec. 890, 195 Ill.2d 550, 754 N.E.2d 1285.

Likewise, each of the authorities cited by McLeodUSA with regard to "state-wide" rules, schemes, and regulations have no application here. The interest rate imposed by the City of Champaign does not apply to any transaction outside the jurisdiction of the City. There is clearly nothing in the 1879 statute nor any amendments to it which purport in any way to preempt a home rule municipality in its contractual capacities. For example, in <u>Ampersand</u> the Supreme Court was dealing with a fee which the county attempted to impose on use of facilities established by the Illinois General Assembly for a state-wide court system. Such is clearly not the case in this contractual interest rate imposed by the City, within the City, and applicable to contracts to which the City is a party. In no way has the City of

Champaign sought to control the Courts, the State, the County or any other unit of local government. It has simply entered into a deal with McLeodUSA.

The reliance of McLeodUSA upon <u>AT & T v. Village of Arlington Heights</u> is likewise inapplicable. The contractual interest rate at issue before this Court is not a ROW fee imposed for the use of public streets. It is a payment by McLeodUSA for the use of the City's funds which it is legally obligated to pay to the City.

The City does not seek an unjustified windfall. It seeks to enforce its Ordinance, its contract and to be made whole. For these reasons, the Court should deny the McLeod *Motion*, and not arbitrarily apply the Illinois Interest Act. Rather it should defer to the Agreement entered into between the parties. It should likewise deny McLeodUSA's request to bar Exhibit #17 from being placed into evidence.

        Respectfully submitted,

        **THE CITY OF CHAMPAIGN, an Illinois municipal corporation, Plaintiff**

        s/ Thomas W. Kelty
        Thomas W. Kelty, No. 1441337
        Attorneys for Plaintiff
        **KELTY LAW OFFICES, P.C.**
        3201 Pleasant Run, Suite A
        P.O. Box 13317
        Springfield, IL 62791-3317
        Telephone: 217/726-8200
        Facsimile: 217/726-8300
        Email: tkelty@keltylaw.com

**STATE OF ILLINOIS** )
                     ) SS.
**COUNTY OF SANGAMON** )

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on this 14th day of October, 2004, pursuant to the provisions of Rule 5 of the Federal Rules of Civil Procedure, [proposed] CDIL-LR 5.3, and the penalties therein provided, that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

        Edward F Malone, Esq.
        emalone@jenner.com

        Daniel J Weiss, Esq.
        dweiss@jenner.com

and that the original was maintained in my files.

                                s/ Thomas W. Kelty
                                Thomas W. Kelty, No. 1441337
                                Attorneys for Plaintiff
                                **KELTY LAW OFFICES, P.C.**
                                3201 Pleasant Run, Suite A
                                P.O. Box 13317
                                Springfield, IL 62791-3317
                                Telephone: 217/726-8200
                                Facsimile: 217/726-8300

H:\3789\90001\Response PT Prejud Interest\10-14-2004