815 ILCS 205/  Interest Act.BUSINESS TRANSACTIONS
(815 ILCS 205/) Interest Act.

(815 ILCS 205/0.01) (from Ch. 17, par. 6400)
Sec. 0.01. Short title. This Act may be cited as the Interest Act.
(Source: P.A. 86&#8209;1324.)

(815 ILCS 205/1) (from Ch. 17, par. 6401)
Sec. 1. The rate of interest upon the loan or forbearance of any
money, goods or thing in action, shall be five dollars ($5) upon one
hundred dollars ($100) for one year, and after that rate for a greater or
less sum, or for a longer or shorter time, except as herein provided.
(Source: Laws 1891, p. 149.)

(815 ILCS 205/2) (from Ch. 17, par. 6402)
Sec. 2. Creditors shall be allowed to receive at the rate of five (5)
per centum per annum for all moneys after they become due on any bond,
bill, promissory note, or other instrument of writing; on money lent or
advanced for the use of another; on money due on the settlement of account
from the day of liquidating accounts between the parties and ascertaining
the balance; on money received to the use of another and retained without
the owner's knowledge; and on money withheld by an unreasonable and
vexatious delay of payment. In the absence of an agreement between the
creditor and debtor governing interest charges, upon 30 days' written
notice to the debtor, an assignee or agent of the creditor may charge and
collect interest as provided in this Section on behalf of a creditor.
(Source: P.A. 90&#8209;417, eff. 1&#8209;1&#8209;98.)

(815 ILCS 205/4) (from Ch. 17, par. 6404)
Sec. 4. General interest rate.
(1) In all written contracts it shall be lawful for the parties to
stipulate or agree that 9% per annum, or any less sum of interest, shall
be taken and paid upon every $100 of money loaned or in any manner due and
owing from any person to any other person or corporation in this state,
and after that rate for a greater or less sum, or for a longer or shorter
time, except as herein provided.
The maximum rate of interest that may lawfully be contracted for is
determined by the law applicable thereto at the time the contract is made.
Any provision in any contract, whether made before or after July 1, 1969,
which provides for or purports to authorize, contingent upon a change in
the Illinois law after the contract is made, any rate of interest greater
than the maximum lawful rate at the time the contract is made, is void.
It is lawful for a state bank or a branch of an out&#8209;of&#8209;state bank, as
those terms are defined in Section 2 of the Illinois Banking Act, to
receive or to contract to receive and collect interest and charges at any
rate or rates agreed upon by the bank or branch and the borrower. It is
lawful for a savings bank chartered under the Savings Bank Act or a

savings association chartered under the Illinois Savings and Loan Act of 1985 to receive or contract to receive or collect interest and charges at any rate agreed upon by the savings bank or savings association and the borrower.

It is lawful to receive or to contract to receive and collect interest and charges as authorized by this Act and as authorized by the Consumer Installment Loan Act and by the "Consumer Finance Act", approved July 10, 1935, as now or hereafter amended. It is lawful to charge, contract for, and receive any rate or amount of interest or compensation with respect to the following transactions:

(a) Any loan made to a corporation;

(b) Advances of money, repayable on demand, to an amount not less than $5,000, which are made upon warehouse receipts, bills of lading, certificates of stock, certificates of deposit, bills of exchange, bonds or other negotiable instruments pledged as collateral security for such repayment, if evidenced by a writing;

(c) Any credit transaction between a merchandise wholesaler and retailer; any business loan to a business association or copartnership or to a person owning and operating a business as sole proprietor or to any persons owning and operating a business as joint venturers, joint tenants or tenants in common, or to any limited partnership, or to any trustee owning and operating a business or whose beneficiaries own and operate a business, except that any loan which is secured (1) by an assignment of an individual obligor's salary, wages, commissions or other compensation for services, or (2) by his household furniture or other goods used for his personal, family or household purposes shall be deemed not to be a loan within the meaning of this subsection; and provided further that a loan which otherwise qualifies as a business loan within the meaning of this subsection shall not be deemed as not so qualifying because of the inclusion, with other security consisting of business assets of any such obligor, of real estate occupied by an individual obligor solely as his residence. The term "business" shall be deemed to mean a commercial, agricultural or industrial enterprise which is carried on for the purpose of investment or profit, but shall not be deemed to mean the ownership or maintenance of real estate occupied by an individual obligor solely as his residence;

(d) Any loan made in accordance with the provisions of Subchapter I of Chapter 13 of Title 12 of the United States Code, which is designated as "Housing Renovation and Modernization";

(e) Any mortgage loan insured or upon which a commitment to insure has been issued under the provisions of the

National Housing Act, Chapter 13 of Title 12 of the United States Code;

  (f) Any mortgage loan guaranteed or upon which a
    commitment to guaranty has been issued under the provisions of
the Veterans' Benefits Act, Subchapter II of Chapter 37 of Title 38
of the United States Code;

  (g) Interest charged by a broker or dealer
    registered under the Securities Exchange Act of 1934, as
amended, or registered under the Illinois Securities Law of 1953,
approved July 13, 1953, as now or hereafter amended, on a debit
balance in an account for a customer if such debit balance is
payable at will without penalty and is secured by securities as
defined in Uniform Commercial Code‑Investment Securities;

  (h) Any loan made by a participating bank as part of
    any loan guarantee program which provides for loans and for the
refinancing of such loans to medical students, interns and residents
and which are guaranteed by the American Medical Association
Education and Research Foundation;

  (i) Any loan made, guaranteed, or insured in
    accordance with the provisions of the Housing Act of 1949,
Subchapter III of Chapter 8A of Title 42 of the United States Code
and the Consolidated Farm and Rural Development Act, Subchapters I,
II, and III of Chapter 50 of Title 7 of the United States Code;

  (j) Any loan by an employee pension benefit plan, as
    defined in Section 3 (2) of the Employee Retirement Income
Security Act of 1974 (29 U.S.C.A. Sec. 1002), to an individual
participating in such plan, provided that such loan satisfies the
prohibited transaction exemption requirements of Section 408 (b) (1)
(29 U.S.C.A. Sec. 1108 (b) (1)) or Section 2003 (a) (26 U.S.C.A.
Sec. 4975 (d) (1)) of the Employee Retirement Income Security Act of
1974;

  (k) Written contracts, agreements or bonds for deed
    providing for installment purchase of real estate;

  (1) Loans secured by a mortgage on real estate;
  (m) Loans made by a sole proprietorship,
    partnership, or corporation to an employee or to a person who
has been offered employment by such sole proprietorship,
partnership, or corporation made for the sole purpose of
transferring an employee or person who has been offered employment

to another office maintained and operated by the same sole
proprietorship, partnership, or corporation;

  (n) Loans to or for the benefit of students made by
   an institution of higher education.

  (2) Except for loans described in subparagraph (a), (c), (d), (e), (f)
or (i) of subsection (1) of this Section, and except to the extent
permitted by the applicable statute for loans made pursuant to Section 4a
or pursuant to the Consumer Installment Loan Act:
   (a) Whenever the rate of interest exceeds 8% per
    annum on any written contract, agreement or bond for deed
   providing for the installment purchase of residential real estate,
   or on any loan secured by a mortgage on residential real estate, it
   shall be unlawful to provide for a prepayment penalty or other
   charge for prepayment.

   (b) No agreement, note or other instrument
    evidencing a loan secured by a mortgage on residential real
   estate, or written contract, agreement or bond for deed providing
   for the installment purchase of residential real estate, may provide
   for any change in the contract rate of interest during the term
   thereof. However, if the Congress of the United States or any
   federal agency authorizes any class of lender to enter, within
   limitations, into mortgage contracts or written contracts,
   agreements or bonds for deed in which the rate of interest may be
   changed during the term of the contract, any person, firm,
   corporation or other entity not otherwise prohibited from entering
   into mortgage contracts or written contracts, agreements or bonds
   for deed in Illinois may enter into mortgage contracts or written
   contracts, agreements or bonds for deed in which the rate of
   interest may be changed during the term of the contract, within the
   same limitations.

  (3) In any contract or loan which is secured by a mortgage, deed of
trust, or conveyance in the nature of a mortgage, on residential real
estate, the interest which is computed, calculated, charged, or collected
pursuant to such contract or loan, or pursuant to any regulation or rule
promulgated pursuant to this Act, may not be computed, calculated, charged
or collected for any period of time occurring after the date on which the
total indebtedness, with the exception of late payment penalties, is paid
in full.
  For purposes of this Section, a prepayment shall mean the payment of
the total indebtedness, with the exception of late payment penalties if
incurred or charged, on any date before the date specified in the contract
or loan agreement on which the total indebtedness shall be paid in full,

or before the date on which all payments, if timely made, shall have been made. In the event of a prepayment of the indebtedness which is made on a date after the date on which interest on the indebtedness was last computed, calculated, charged, or collected but before the next date on which interest on the indebtedness was to be calculated, computed, charged, or collected, the lender may calculate, charge and collect interest on the indebtedness for the period which elapsed between the date on which the prepayment is made and the date on which interest on the indebtedness was last computed, calculated, charged or collected at a rate equal to 1/360 of the annual rate for each day which so elapsed, which rate shall be applied to the indebtedness outstanding as of the date of prepayment. The lender shall refund to the borrower any interest charged or collected which exceeds that which the lender may charge or collect pursuant to the preceding sentence. The provisions of this amendatory Act of 1985 shall apply only to contracts or loans entered into on or after the effective date of this amendatory Act, but shall not apply to contracts or loans entered into on or after that date that are subject to Section 4a of this Act, the Consumer Installment Loan Act, or the Retail Installment Sales Act, or that provide for the refund of precomputed interest on prepayment in the manner provided by such Act.
(Source: P.A. 92‑483, eff. 8‑23‑01.)

(815 ILCS 205/4.1) (from Ch. 17, par. 6405)
Sec. 4.1. The term "revolving credit" means an arrangement, including by means of a credit card as defined in Section 2.03 of the Illinois Credit Card Act between a lender and debtor pursuant to which it is contemplated or provided that the lender may from time to time make loans or advances to or for the account of the debtor through the means of drafts, items, orders for the payment of money, evidences of debt or similar written instruments, whether or not negotiable, signed by the debtor or by any person authorized or permitted so to do on behalf of the debtor, which loans or advances are charged to an account in respect of which account the lender is to render bills or statements to the debtor at regular intervals (hereinafter sometimes referred to as the "billing cycle") the amount of which bills or statements is payable by and due from the debtor on a specified date stated in such bill or statement or at the debtor's option, may be payable by the debtor in installments. A revolving credit arrangement which grants the debtor a line of credit in excess of $5,000 may include provisions granting the lender a security interest in real property or in a beneficial interest in a land trust to secure amounts of credit extended by the lender. Credit extended or available under a revolving credit plan operated in accordance with the Illinois Financial Services Development Act shall be deemed to be "revolving credit" as defined in this Section 4.1 but shall not be subject to Sections 4.1a, 4.2 or 4.3 hereof.
Whenever a lender is granted a security interest in real property or

in a beneficial interest in a land trust, the lender shall disclose the existence of such interest to the borrower in compliance with the Federal Truth in Lending Act, amendments thereto, and any regulations issued or which may be issued thereunder, and shall agree to pay all expenses, including recording fees and otherwise, to release any such security interest of record whenever it no longer secures any credit under a revolving credit arrangement. A lender shall not be granted a security interest in any real property or in any beneficial interest in a land trust under a revolving credit arrangement, or if any such security interest exists, such interest shall be released, if a borrower renders payment of the total outstanding balance due under the revolving credit arrangement and requests in writing to reduce the line of credit below that amount for which a security interest in real property or in a beneficial interest in a land trust may be required by a lender. Any request by a borrower to release a security interest under a revolving credit arrangement shall be granted by the lender provided the borrower renders payment of the total outstanding balance as required by this Section before the security interest of record may be released.
(Source: P.A. 85&#8209;1432.)

  (815 ILCS 205/4.1a) (from Ch. 17, par. 6406)
  Sec. 4.1a. Charges for and cost of the following items paid or incurred by any lender in connection with any loan shall not be deemed to be charges for or in connection with any loan of money referred to in Section 6 of this Act, or charges by the lender as a consideration for the loan referred to in this Section:
    (a) hazard, mortgage or life insurance premiums,
      survey, credit report, title insurance, abstract and attorneys' fees, recording charges, escrow and appraisal fees, and similar charges.

    (b) in the case of construction loans, in addition
      to the matters referred to in clause (a) above, the actual cost incurred by the lender for services for making physical inspections, processing payouts, examining and reviewing contractors' and subcontractors' sworn statements and waivers of lien and the like.

    (c) in the case of any loan made pursuant to the
      provisions of the Emergency Home Purchase Assistance Act of 1974 (Section 313 of the National Housing Act, Chapter B of Title 12 of the United States Code), in addition to the matters referred to in paragraphs (a) and (b) of this Section all charges required or allowed by the Government National Mortgage Association, whether designated as processing fees, commitment fees, loss reserve and marketing fees, discounts, origination fees or otherwise designated.

  (d) in the case of a single payment loan, made for a
   period of 6 months or less, a regulated financial institution or
licensed lender may contract for and receive a maximum charge of $15
in lieu of interest. Such charge may be collected when the loan is
made, but only one such charge may be contracted for, received, or
collected for any such loan, including any extension or renewal
thereof.

  (e) if the agreement governing the loan so provides,
   a charge not to exceed the rate permitted under Section 3&#8209;806 of
the Uniform Commercial Code&#8209;Commercial Paper for any check, draft or
order for the payment of money submitted in accordance with said
agreement which is unpaid or not honored by a bank or other
depository institution.

  (f) if the agreement governing the loan so provides,
   for each loan installment in default for a period of not less
than 10 days, a charge in an amount not in excess of 5% of such loan
installment. Only one delinquency charge may be collected on any
such loan installment regardless of the period during which it
remains in default. Payments timely received by the lender under a
written extension or deferral agreement shall not be subject to any
delinquency charge.

  Where there is a charge in addition to the stated rate of interest
payable directly or indirectly by the borrower and imposed directly or
indirectly by the lender as a consideration for the loan, or for or in
connection with the loan of money, whether paid or payable by the
borrower, the seller, or any other person on behalf of the borrower to the
lender or to a third party, or for or in connection with the loan of
money, other than as hereinabove in this Section provided, whether
denominated "points," "service charge," "discount," "commission," or
otherwise, and without regard to declining balances of principal which
would result from any required or optional amortization of the principal
of the loan, the rate of interest shall be calculated in the following
manner:
  The percentage of the principal amount of the loan represented by all
of such charges shall first be computed, which in the case of a loan with
an interest rate in excess of 8% per annum secured by residential real
estate, other than loans described in paragraphs (e) and (f) of Section 4,
shall not exceed 3% of such principal amount. Said percentage shall then
be divided by the number of years and fractions thereof of the period of
the loan according to its stated maturity. The percentage thus obtained
shall then be added to the percentage of the stated annual rate of
interest.
  The borrower in the case of nonexempt loan shall have the right to

prepay the loan in whole or in part at any time, but, except as may otherwise be provided by Section 4, the lender may require payment of not more than 6 months' advance interest on that part of the aggregate amount of all prepayments on a loan in one year, which exceeds 20% of the original principal amount of the loan.
(Source: P.A. 87&#8209;496.)

  (815 ILCS 205/4.2) (from Ch. 17, par. 6407)
  Sec. 4.2. Revolving credit; billing statements; disclosures. On a revolving credit which complies with subparagraphs (a), (b), (c), (d) and (e) of this Section 4.2, it is lawful for any bank that has its main office or, after May 31, 1997, a branch in this State, a state or federal savings and loan association with its main office in this State, a state or federal credit union with its main office in this State, or a lender licensed under the Consumer Finance Act, the Consumer Installment Loan Act or the Sales Finance Agency Act, as such Acts are now and hereafter amended, to receive or contract to receive and collect interest in any amount or at any rate agreed upon by the parties to the revolving credit arrangement. It is lawful for any other lender to receive or contract to receive and collect interest in an amount not in excess of 1 1/2% per month of either the average daily unpaid balance of the principal of the debt during the billing cycle, or of the unpaid balance of the debt on approximately the same day of the billing cycle. If a lender under a revolving credit arrangement notifies the debtor at least 30 days in advance of any lawful increase in the amount or rate of interest to be charged under the revolving credit arrangement, and the debtor, after the effective date of such notice, incurs new debt pursuant to the revolving credit arrangement, the increased interest amount or rate may be applied only to any such new debt incurred under the revolving credit arrangement. For purposes of determining the balances to which the increased interest rate applies, all payments and other credits may be deemed to be applied to the balance existing prior to the change in rate until that balance is paid in full. The face amount of the drafts, items, orders for the payment of money, evidences of debt, or similar written instruments received by the lender in connection with the revolving credit, less the amounts applicable to principal from time to time paid thereon by the debtor, are the unpaid balance of the debt upon which the interest is computed. If the billing cycle is not monthly, the maximum interest rate for the billing cycle is the percentage which bears the same relation to the monthly percentage provided for in the preceding sentence as the number of days in the billing cycle bears to 30. For the purposes of the foregoing computation, a "month" is deemed to be any time of 30 consecutive days. In addition to the interest charge provided for, it is lawful to receive, contract for or collect a charge not exceeding 25 cents for each transaction in which a loan or advance is made under the revolving credit or in lieu of this additional charge an annual fee for the privilege of

receiving and using the revolving credit in an amount not exceeding $20. In addition, with respect to revolving credit secured by an interest in real estate, it is also lawful to receive, contract for or collect fees lawfully paid to any public officer or agency to record, file or release the security, and costs and disbursements actually incurred for any title insurance, title examination, abstract of title, survey, appraisal, escrow fees, and fees paid to a trustee in connection with a trust deed.

(a) At or before the date a bill or statement is first rendered to the debtor under a revolving credit arrangement, the lender must mail or deliver to the debtor a written description of the conditions under which a charge for interest may be made and the method, including the rate, of computing these interest charges. The rate of interest must be expressed as an annual percentage rate.

(b) If during any billing cycle any debit or credit entry is made to a debtor's revolving credit account, and if at the end of that billing cycle there is an unpaid balance owing to the lender from the debtor, the lender must give to the debtor the following information within a reasonable time after the end of the billing cycle:

(i) the unpaid balance at the beginning of the billing cycle;

(ii) the date and amount of all loans or advances made during the billing cycle, which information may be supplied by enclosing a copy of the drafts, items, orders for the payment of money, evidences of debt or similar written instruments presented to the lender during the billing cycle;

(iii) the payments by the debtor to the lender and any other credits to the debtor during the billing cycle;

(iv) the amount of interest and other charges, if any, charged to the debtor's account during the billing cycle;

(v) the amount which must be currently paid by the debtor and the date on which that amount must be paid in order to avoid delinquency;

(vi) the total amount remaining unpaid at the end of the billing cycle and the right of the debtor to prepay that amount in full without penalty; and

(vii) information required by (iv), (v) and (vi) must be set forth in type of equal size and equal conspicuousness.

(c) The revolving credit arrangement may provide for the payment by

the debtor and receipt by the lender of all costs and disbursements, including reasonable attorney's fees, incurred by the lender in legal proceedings to collect or enforce the debt in the event of delinquency by the debtor or in the event of a breach of any obligation of the debtor under the arrangement.

(d) The lender under a revolving credit arrangement may provide credit life insurance or credit accident and health insurance, or both, with respect to the debtor and may charge the debtor therefor. Credit life insurance and credit accident and health insurance, and any charge therefor made to the debtor, shall comply with Article IX 1/2 of the Illinois Insurance Code, as now or hereafter amended, and all lawful requirements of the Director of Insurance related thereto. This insurance is in force with respect to each loan or advance made under a revolving credit arrangement as soon as the loan or advance is made. The purchase of this insurance from an agent, broker or insurer specified by the lender may not be a condition precedent to the revolving credit arrangement or to the making of any loan or advance thereunder.

(e) Whenever interest is contracted for or received under this Section, no amount in addition to the charges authorized by this Act may be directly or indirectly charged, contracted for or received whether as interest, service charges, costs of investigations or enforcements or otherwise.

(f) The lender under a revolving credit arrangement must compute at year end the total amount charged to the debtor's account during the year, including service charges, finance charges, late charges and any other charges authorized by this Act, and upon request must furnish such information to the debtor within 30 days after the end of the year, or if the account has been terminated during such year, may give such requested information within 30 days after such termination. The lender shall annually inform the debtor of his right to obtain such information.

(g) A lender who complies with the federal Truth in Lending Act, amendments thereto, and any regulations issued or which may be issued thereunder, shall be deemed to be in compliance with the provisions of subparagraphs (a) and (b) of this Section.

(h) Anything in this Section 4.2 to the contrary notwithstanding, if the Congress of the United States or any federal agency authorizes any class of lenders to enter, within limitations, into a revolving credit arrangement secured by a mortgage or deed of trust on residential real property, any person, firm, corporation or other entity, not otherwise prohibited by the Congress of the United States or any federal agency from entering into revolving credit arrangements secured by a mortgage or deed of trust on residential real property, may enter into such arrangements within the same limitations.
(Source: P.A. 89&#8209;208, eff. 9&#8209;29&#8209;95.)

(815 ILCS 205/4.2a) (from Ch. 17, par. 6408)

Sec. 4.2a. If a lender or creditor, within 30 days from receiving a written letter, in clear and definitive terms, signed by the debtor, including his or her name, address, and account number, sent within 60 days after mailing by the lender or creditor of the statement on which the alleged error first appears, concerning an alleged error in a revolving credit account fails to answer the specific question concerning such error in clear and definitive terms, for that 30 day period and for any further period that the lender fails to provide a clear and definitive answer, the debtor shall not be required to pay any service charge on the disputed amount.

A lender or creditor who complies with the federal Truth in Lending Act, amendments thereto, and any regulations issued or which may be issued thereunder, shall be deemed to be in compliance with this Section. (Source: P.A. 82&#8209;169.)

(815 ILCS 205/4.3) (from Ch. 17, par. 6409)

Sec. 4.3. Whenever interest received or contracted to be received by the lender on a revolving credit as defined in Section 4.1 hereof is lawful only under the provisions of Section 4.2 hereof, no provision contained in any contract or agreement respecting a revolving credit or in any draft, item, order for the payment of money, evidence of debt or similar written instruments which is used in connection with such revolving credit shall be enforceable, which

(i) provides that in the absence of debtor's breach or default the lender may arbitrarily and without reasonable cause accelerate the maturity of any amount or part owing thereunder;

(ii) purports to waive any provisions of this Act; or

(iii) provides for any amount to be added to the account each month for the privilege of having the revolving credit account provided there is no unpaid balance at that time. (Source: P.A. 83&#8209;944.)

(815 ILCS 205/4a) (from Ch. 17, par. 6410)

Sec. 4a. Installment loan rate.

(a) On money loaned to or in any manner owing from any person, whether secured or unsecured, except where the money loaned or in any manner owing is directly or indirectly for the purchase price of real estate or an interest therein and is secured by a lien on or retention of title to that real estate or interest therein, to an amount not more than $25,000 (excluding interest) which is evidenced by a written instrument providing for the payment thereof in 2 or more periodic installments over a period of not more than 181 months from the date of the execution of the written instrument, it is lawful to receive or to contract to receive and collect either:

(i) interest in an amount equivalent to interest
   computed at a rate not exceeding 9% per year on the entire

principal amount of the money loaned or in any manner owing for the
period from the date of the making of the loan or the incurring of
the obligation for the amount owing evidenced by the written
instrument until the date of the maturity of the last installment
thereof, and to add that amount to the principal, except that there
shall be no limit on the rate of interest which may be received or
contracted to be received and collected by (1) any bank that has its
main office or, after May 31, 1997, a branch in this State; (2) a
savings and loan association chartered under the Illinois Savings
and Loan Act of 1985, a savings bank chartered under the Savings
Bank Act, or a federal savings and loan association established
under the laws of the United States and having its main office in
this State; or (3) any lender licensed under either the Consumer
Finance Act or the Consumer Installment Loan Act, but in any case in
which interest is received, contracted for or collected on the basis
of this clause (i), the debtor may satisfy in full at any time
before maturity the debt evidenced by the written instrument, and in
so satisfying must receive a refund credit against the total amount
of interest added to the principal computed in the manner provided
under Section 15(f)(3) of the Consumer Installment Loan Act for
refunds or credits of applicable interest on payment in full of
precomputed loans before the final installment due date; or

  (ii) interest accrued on the principal balance from
    time to time remaining unpaid, from the date of making of the
  loan or the incurring of the obligation to the date of the payment
  of the debt in full, at a rate not exceeding the annual percentage
  rate equivalent of the rate permitted to be charged under clause (i)
  above, but in any such case the debtor may, provided that the debtor
  shall have paid in full all interest and other charges accrued to
  the date of such prepayment, prepay the principal balance in full or
  in part at any time, and interest shall, upon any such prepayment,
  cease to accrue on the principal amount which has been prepaid.

  (b) Whenever the principal amount of an installment loan is $300 or
more and the repayment period is 6 months or more, a minimum charge of $15
may be collected instead of interest, but only one minimum charge may be
collected from the same person during one year. When the principal amount
of the loan (excluding interest) is $800 or less, the lender or creditor
may contract for and receive a service charge not to exceed $5 in addition
to interest; and that service charge may be collected when the loan is
made, but only one service charge may be contracted for, received, or
collected from the same person during one year.
  (c) Credit life insurance and credit accident and health insurance,
and any charge therefor which is deducted from the loan or paid by the
obligor, must comply with Article IX 1/2 of the Illinois Insurance Code

and all lawful requirements of the Director of Insurance related thereto. When there are 2 or more obligors on the loan contract, only one charge for credit life insurance and credit accident and health insurance may be made and only one of the obligors may be required to be insured. Insurance obtained from, by or through the lender or creditor must be in effect when the loan is transacted. The purchase of that insurance from an agent, broker or insurer specified by the lender or creditor may not be a condition precedent to the granting of the loan.

(d) The lender or creditor may require the obligor to provide property insurance on security other than household goods, furniture and personal effects. The amount and term of the insurance must be reasonable in relation to the amount and term of the loan contract and the type and value of the security, and the insurance must be procured in accordance with the insurance laws of this State. The purchase of that insurance from an agent, broker or insurer specified by the lender or creditor may not be a condition precedent to the granting of the loan.

(e) The lender or creditor may, if the contract provides, collect a delinquency and collection charge on each installment in default for a period of not less than 10 days in an amount not exceeding 5% of the installment on installments in excess of $200 or $10 on installments of $200 or less, but only one delinquency and collection charge may be collected on any installment regardless of the period during which it remains in default. In addition, the contract may provide for the payment by the borrower or debtor of attorney's fees incurred by the lender or creditor. The lender or creditor may enforce such a provision to the extent of the reasonable attorney's fees incurred by him in the collection or enforcement of the contract or obligation. Whenever interest is contracted for or received under this Section, no amount in addition to the charges authorized by this Section may be directly or indirectly charged, contracted for or received, except lawful fees paid to a public officer or agency to record, file or release security, and except costs and disbursements including reasonable attorney's fees, incurred in legal proceedings to collect a loan or to realize on a security after default. This Section does not prohibit the receipt of any commission, dividend or other benefit by the creditor or an employee, affiliate or associate of the creditor from the insurance authorized by this Section.

(f) When interest is contracted for or received under this Section, the lender must disclose the following items to the obligor in a written statement before the loan is consummated:

(1) the amount and date of the loan contract;

(2) the amount of loan credit using the term "amount financed";

(3) every deduction from the amount financed or payment made by the obligor for insurance and the type of insurance for which each deduction or payment was made;

(4) every other deduction from the loan or payment
  made by the obligor in connection with obtaining the loan;

(5) the date on which the finance charge begins to
  accrue if different from the date of the transaction;

(6) the total amount of the loan charge for the
  scheduled term of the loan contract with a description of each
amount included using the term "finance charge";

(7) the finance charge expressed as an annual
  percentage rate using the term "annual percentage rate". "Annual
percentage rate" means the nominal annual percentage rate of finance
charge determined in accordance with the actuarial method of
computation with an accuracy at least to the nearest 1/4 of 1%; or
at the option of the lender by application of the United States rule
so that it may be disclosed with an accuracy at least to the nearest
1/4 of 1%;

(8) the number, amount and due dates or periods of
  payments scheduled to repay the loan and the sum of such
payments using the term "total of payments";

(9) the amount, or method of computing the amount of
  any default, delinquency or similar charges payable in the event
of late payments;

(10) the right of the obligor to prepay the loan
  and the fact that such prepayment will reduce the charge for the
loan;

(11) a description or identification of the type of
  any security interest held or to be retained or acquired by the
lender in connection with the loan and a clear identification of the
property to which the security interest relates. If after&#8209;acquired
property will be subject to the security interest, or if other or
future indebtedness is or may be secured by any such property, this
fact shall be clearly set forth in conjunction with the description
or identification of the type of security interest held, retained or
acquired;

(12) a description of any penalty charge that may be
  imposed by the lender for prepayment of the principal of the
obligation with an explanation of the method of computation of such
penalty and the conditions under which it may be imposed;

(13) unless the contract provides for the accrual
    and payment of the finance charge on the balance of the amount
financed from time to time remaining unpaid, an identification of
the method of computing any unearned portion of the finance charge
in the event of prepayment of the loan.

The terms "finance charge" and "annual percentage rate" shall be
printed more conspicuously than other terminology required by this
Section.
    (g) At the time disclosures are made, the lender shall deliver to the
obligor a duplicate of the instrument or statement by which the required
disclosures are made and on which the lender and obligor are identified
and their addresses stated. All of the disclosures shall be made clearly,
conspicuously and in meaningful sequence and made together on either:
    (i) the note or other instrument evidencing the
    obligation on the same side of the page and above or adjacent to
the place for the obligor's signature; however, where a creditor
elects to combine disclosures with the contract, security agreement,
and evidence of a transaction in a single document, the disclosures
required under this Section shall be made on the face of the
document, on the reverse side, or on both sides, provided that the
amount of the finance charge and the annual percentage rate shall
appear on the face of the document, and, if the reverse side is
used, the printing on both sides of the document shall be equally
clear and conspicuous, both sides shall contain the statement,
"NOTICE: See other side for important information", and the place
for the customer's signature shall be provided following the full
content of the document; or

    (ii) one side of a separate statement which
    identifies the transaction.

The amount of the finance charge shall be determined as the sum of all
charges, payable directly or indirectly by the obligor and imposed
directly or indirectly by the lender as an incident to or as a condition
to the extension of credit, whether paid or payable by the obligor, any
other person on behalf of the obligor, to the lender or to a third party,
including any of the following types of charges:
    (1) Interest, time price differential, and any
    amount payable under a discount or other system of additional
charges.

    (2) Service, transaction, activity, or carrying
    charge.

    (3) Loan fee, points, finder's fee, or similar

charge.

(4) Fee for an appraisal, investigation, or credit
report.

(5) Charges or premiums for credit life, accident,
health, or loss of income insurance, written in connection with
any credit transaction unless (a) the insurance coverage is not
required by the lender and this fact is clearly and conspicuously
disclosed in writing to the obligor; and (b) any obligor desiring
such insurance coverage gives specific dated and separately signed
affirmative written indication of such desire after receiving
written disclosure to him of the cost of such insurance.

(6) Charges or premiums for insurance, written in
connection with any credit transaction, against loss of or
damage to property or against liability arising out of the ownership
or use of property, unless a clear, conspicuous, and specific
statement in writing is furnished by the lender to the obligor
setting forth the cost of the insurance if obtained from or through
the lender and stating that the obligor may choose the person
through which the insurance is to be obtained.

(7) Premium or other charges for any other guarantee
or insurance protecting the lender against the obligor's default
or other credit loss.

(8) Any charge imposed by a lender upon another
lender for purchasing or accepting an obligation of an obligor
if the obligor is required to pay any part of that charge in cash,
as an addition to the obligation, or as a deduction from the
proceeds of the obligation.

A late payment, delinquency, default, reinstatement or other such
charge is not a finance charge if imposed for actual unanticipated late
payment, delinquency, default or other occurrence.

(h) Advertising for loans transacted under this Section may not be
false, misleading, or deceptive. That advertising, if it states a rate or
amount of interest, must state that rate as an annual percentage rate of
interest charged. In addition, if charges other than for interest are made
in connection with those loans, those charges must be separately stated.
No advertising may indicate or imply that the rates or charges for loans
are in any way "recommended", "approved", "set" or "established" by the
State government or by this Act.

(i) A lender or creditor who complies with the federal Truth in
Lending Act, amendments thereto, and any regulations issued or which may

be issued thereunder, shall be deemed to be in compliance with the
provisions of subsections (f), (g) and (h) of this Section.
(Source: P.A. 92&#8209;483, eff. 8&#8209;23&#8209;01.)

   (815 ILCS 205/4b) (from Ch. 17, par. 6411)
   Sec. 4b. In order to assure compliance with applicable Federal law,
any State agency having chartering or licensing powers or regulatory or
supervisory authority over a class of creditors affected by this Act may
promulgate rules and regulations to carry out the disclosure and other
requirements pertaining to the extension of credit under this Act and the
advertising of such extensions of credit.
(Source: P. A. 76&#8209;1775.)

   (815 ILCS 205/5) (from Ch. 17, par. 6412)
   Sec. 5. No person or corporation shall directly or indirectly accept
or receive, in money, goods, discounts or thing in action, or in any other
way, any greater sum or greater value for the loan, forbearance or
discount of any money, goods or thing in action, than is expressly
authorized by this Act or other laws of this State.
(Source: P.A. 82&#8209;660.)

   (815 ILCS 205/5.1) (from Ch. 17, par. 6412.1)
   Sec. 5.1. Notwithstanding any other law to the contrary, it shall be
unlawful for any person to charge interest on any first class claim as
defined in Section 18&#8209;10 of the Probate Act of 1975 until 60 days after
issuance of letters of office to the representative of the decedent's
estate, or if no such letters of office are issued, then beginning 60 days
after those amounts are due.
(Source: P.A. 87&#8209;509.)

   (815 ILCS 205/6) (from Ch. 17, par. 6413)
   Sec. 6. If any person or corporation knowingly contracts for or
receives, directly or indirectly, by any device, subterfuge or other
means, unlawful interest, discount or charges for or in connection with
any loan of money, the obligor may, recover by means of an action or
defense an amount equal to twice the total of all interest, discount and
charges determined by the loan contract or paid by the obligor, whichever
is greater, plus such reasonable attorney's fees and court costs as may be
assessed by a court against the lender. The payments due and to become due
including all interest, discount and charges included therein under the
terms of the loan contract, shall be reduced by the amount which the
obligor is thus entitled to recover. Recovery by means of a defense may be
had at any time after the loan is transacted. Recovery by means of an
action may be had at any time after the loan is transacted and prior to
the expiration of 2 years after the earlier of (1) the date of the last
scheduled payment of the loan after giving effect to all renewals or

extensions thereof, if any, or (2) the date on which the total amount due under the terms of the loan contract is fully paid. A bona fide error in connection with a loan shall not be a violation under this section if the lender corrects the error within a reasonable time.

No person shall be liable under this Act for any act done or omitted in good faith in conformity with any rule, regulation, interpretation, or opinion issued by the Commissioner of Banks and Real Estate or the Department of Financial Institutions or any other department or agency of the State, notwithstanding that after such act or omission has occurred, such rule, regulation, interpretation, or opinion is amended, rescinded, or determined by judicial or other authority to be invalid for any reason.

(Source: P.A. 90&#8209;161, eff. 7&#8209;23&#8209;97.)

(815 ILCS 205/6a) (from Ch. 17, par. 6414)
Sec. 6a. Any person who violates any of the provisions of paragraph (i) of Section 4a relating to advertising shall be guilty of a Class A misdemeanor.
(Source: P.A. 77&#8209;2532.)

(815 ILCS 205/7) (from Ch. 17, par. 6415)
Sec. 7. The defense of usury shall not be allowed in any suit, unless the person relying upon such defense shall set up the same by plea, or file in the cause a notice in writing, stating that he intends to defend against the contract sued upon or set off, on the ground that the contract is usurious.
(Source: Laws 1879, p. 184.)

(815 ILCS 205/8) (from Ch. 17, par. 6416)
Sec. 8. When any written contract, wherever payable, shall be made in this State, or between citizens or corporations of this State, or a citizen or a corporation of this State and a citizen or corporation of any other State, territory or country (or shall be secured by mortgage or trust deed on lands in this State), such contract may bear any rate of interest allowed by law to be taken or contracted for by persons or corporations in this State, or allowed by law on any contract for money due or owing in this State.
(Source: P.A. 82&#8209;660.)

(815 ILCS 205/9) (from Ch. 17, par. 6417)
Sec. 9. Whenever, in any statute, act, deed, written or verbal, contract, or in any public or private instrument whatever, any certain rate of interest is or shall be mentioned, and no period of time is stated for which such rate is to be calculated, interest shall be calculated at the rate mentioned, by the year, in the same manner as if "per annum" or "by the year" had been added to the rate.

(Source: Laws 1879, p. 184.)

(815 ILCS 205/10) (from Ch. 17, par. 6418)
Sec. 10. In all computations of time, and of interest and discounts, a month shall be considered to mean a calendar month, and a year shall consist of twelve calendar months; and in computations of interest or discount for any number of days less than a month, a day shall be considered a thirtieth part of a month, and interest or discount shall be computed for such fractional parts of a month upon the ratio which such number of days shall bear to thirty.
(Source: Laws 1879, p. 184.)

(815 ILCS 205/11) (from Ch. 17, par. 6419)
Sec. 11. Whenever the Department of Financial Institutions has reason to believe that any person or corporation engaged in the business of lending money is contracting for, receiving, or collecting unlawful interest for any loan not exceeding $5,000 (in violation of this Act, or the Consumer Finance Act, or the Consumer Installment Loan Act, or any other Act regulating interest for loans of money), it may after notice and hearing enter an order requiring such person or corporation to cease and desist from contracting for, receiving, and collecting unlawful interest. At least 5 days' notice shall be given setting forth the time and place of the hearing and the nature of the violations charged (including the means by which said Department alleges that unlawful interest has been contracted for, received, or collected). The order shall specify in writing the violations found and shall become effective not less than 5 days after delivery thereof to the person or corporation named in the order. If the person or corporation named in said order continues said violation for more than 15 days after receiving a certified copy thereof by registered or certified mail, the Department of Financial Institutions may bring an action in the circuit court to enjoin such person or corporation from engaging in or continuing such violation. Such action shall be conducted under the direction and supervision of the Attorney General. The practice and the powers of the court in such proceedings shall be as in other such civil proceedings.
(Source: P.A. 79&#8209;1362.)