E-FILED
Thursday, 14 October, 2004  01:48:04 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | |
|---|---|
| THE CITY OF CHAMPAIGN, an Illinois municipal corporation, on its own behalf and on behalf of the Class of all other units of local government similarly situated, | ) ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | )  NO. 02-2252 ) |
| MCLEODUSA, INC., a Delaware corporation, and MCLEODUSA TELECOMMUNICATION SERVICES, INC., an Iowa corporation, | ) ) ) ) ) |
| Defendants. | ) |

**CHAMPAIGN'S RESPONSE TO MCLEODUSA'S MOTION
IN LIMINE NUMBER 2 TO BAR TESTIMONY OF STEPHEN D. WHITSITT
PURSUANT TO FEDERAL RULE OF EVIDENCE 702**

NOW COMES Plaintiff, THE CITY OF CHAMPAIGN, an Illinois municipal corporation, by and through its attorneys, Kelty Law Offices, P.C., and respectfully responds as follows to *McLeodUSA's Motion in Limine Number 2 to Bar Testimony of Stephen D. Whitsitt Pursuant to Federal Rule of Evidence 702* filed October 4, 2004.

McLeodUSA requests this Court bar [Mr. Whitsitt] from testifying about the value of land dedicated to public right-of-way (ROW) in Champaign. McLeodUSA suggests that his testimony meets neither the requirements of Fed. R. Evid. 702 or the standards established by Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579

H:\3789\90001\Response Bar Whitsitt\10-14-2004

(1993). He is well experienced (see **Exhibit A** hereto (Whitsitt Dep., Exhibit 1)) in matters germane to this case.

McLeodUSA urges that it is Champaign's burden to establish that the ROW fees meet the requirements of the Federal Telecommunications Act of 1996 that fees be "fair and reasonable". To the contrary, in order to establish its case McLeodUSA must do more than simply allege that the fees charged by the City are other than "fair and reasonable". It must provide a factual basis. It must be something other than "Ameritech is paying $.38 per access line so that is all McLeod should pay". McLeodUSA must meet its burden of showing that the type of fees encompassed by the per lineal foot agreements have a prohibitory effect under Section 253. Only if McLeodUSA successfully meets this burden does the burden then shift to the City to establish that the fees are "fair and reasonable". See Qwest v. City of Santa Fe, 224 F.Supp.2d 1305 at 1317.

Mr. Whitsitt's testimony relates to right-of-way owned by the City of Champaign and is clearly relevant to the issues in this case. It is the precise thousands-upon-thousands of feet of ROW within the City being used by McLeodUSA. (Whitsitt Dep. pp. 17 through 23.)

Mr. Whitsitt's opinions are admissible under Fed. R. Evid. 702 and the standards established by Daubert because, in addition to being relevant, they will assist the trier of fact in determining

whether the underlying value of the ROW supports the level of fees sought to be in charge by the City of Champaign.

The key question is whether the testimony "logically advances a material aspect of the proposing party's case." <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 43 F.3d 1311, 1315 (9th Cir. 1995) (on remand, quoting Daubert, 509 U.S. at 597). Mr. Whitsitt's opinions meet this standard. Mr. Whitsitt will opine about the value of City land dedicated to the public ROW. Champaign will rely on his opinions to rebut the McLeodUSA claim that the City's charges to McLeodUSA for ROW access were not "fair and reasonable," as required by the 1996 Act. 47 U.S.C. § 253(c). Mr. Whitsitt's opinions are based on his knowledge of the value of ROW land in Champaign, and his conclusions are based on ROW land use values comparable to ROW used by McLeodUSA. Clearly, his opinions are relevant because they place a value on McLeodUSA's use of the City's ROW.

His knowledge is based upon his 20 years of experience as a professional appraiser and his many years valuing ROW for the City. Whitsitt's "mean and median values" are relevant for this case, because they are calculated on the basis of ROW in Champaign, the very specific type of ROW property usage at issue here. See pages 17 through 23 of Whitsitt's deposition.

Mr. Whitsitt's appraisals are based on the purchase price of parcels of land in Champaign. (Id. at 21-22.) McLeodUSA's use of

ROW is comparable to the rental of land, so Mr. Whitsitt's valuations are relevant to determining the underlying value of Champaign ROW.

While the City of Champaign believes that Defendant McLeodUSA is effectively barred from offering testimony of any witness as to the value of the underlying ROW in relationship to its burden to establish violation of the "fair and reasonable" test, given that only Mr. Lazzaretti has testified and he has offered no such testimony, the City has nevertheless prepared itself to rebut such testimony. It intends to do so by the testimony of Mr. Whitsitt.

For the above and foregoing reasons, McLeodUSA's Motion to bar Mr. Whitsitt from testifying and to bar the use of his opinions should denied.

>Respectfully submitted,
>
>**THE CITY OF CHAMPAIGN, an Illinois municipal corporation, Plaintiff**
>
>
>s/ Thomas W. Kelty
>Thomas W. Kelty, No. 1441337
>Attorneys for Plaintiff
>**KELTY LAW OFFICES, P.C.**
>3201 Pleasant Run, Suite A
>P.O. Box 13317
>Springfield, IL 62791-3317
>Telephone: 217/726-8200
>Facsimile: 217/726-8300
>Email: tkelty@keltylaw.com

**STATE OF ILLINOIS** )
                            )   SS.
**COUNTY OF SANGAMON** )

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 14th day of October, 2004, pursuant to the provisions of Rule 5 of the Federal Rules of Civil Procedure, [proposed] CDIL-LR 5.3, and the penalties therein provided, that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

    Edward F Malone, Esq.
    emalone@jenner.com

    Daniel J Weiss, Esq.
    dweiss@jenner.com

and that the original was maintained in my files.

                                       s/ Thomas W. Kelty
                                       Thomas W. Kelty, No. 1441337
                                       Attorneys for Plaintiff
                                       **KELTY LAW OFFICES, P.C.**
                                       3201 Pleasant Run, Suite A
                                       P.O. Box 13317
                                       Springfield, IL 62791-3317
                                       Telephone: 217/726-8200
                                       Facsimile: 217/726-8300