E-FILED
Tuesday, 19 October, 2004  01:36:26 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | | |
|---|---|---|
| THE CITY OF CHAMPAIGN, an Illinois municipal corporation, on its own behalf and on behalf of the Class of all other units of local government similarly situated, | ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | NO. 02-2252 |
| MCLEODUSA, INC., a Delaware corporation, and MCLEODUSA TELECOMMUNICATION SERVICES, INC., an Iowa corporation, | ) ) ) ) ) | |
| Defendants. | ) | |

### CHAMPAIGN'S RESPONSE TO MCLEODUSA'S PRETRIAL BRIEF CONCERNING APPLICABILITY OF 47 U.S.C. § 253

NOW COMES Plaintiff, THE CITY OF CHAMPAIGN, an Illinois municipal corporation, by and through its attorneys, Kelty Law Offices, P.C., and respectfully submits the following *Champaign's Response to McLeodUSA's Pretrial Brief Concerning Applicability of 47 U.S.C. § 253*.

Defendants have filed a Brief with this Court in response to the Court's raising *sua sponte* the question of whether the Telecommunications Act of 1996, 47 U.S.C. § 253 applies at all to the issues before this Court.

There are three (3) agreements before this Court (Joint Trial Exhibits 1, 2, and 3). The 1994 and 1997 Agreements allow CNI and

H:\3789\90001\Response PT Brief 47 USC 253\10-19-2004

McLeodUSA "to install, maintain and use a conduit, buried or aerial, system ("System") above, within and under the public right-of-way hereinafter specified". Excerpt, Joint Trial Exhibit 1, Section 1, and Joint Trial Exhibit 3, Section 1. Nowhere in either Agreement are CNI or McLeodUSA identified as telecommunication carriers other than in the name of "McLeodUSA Telecommunication Services, Inc."

By contrast, the 1996 Agreement with Consolidated Communication Telecom Services, Inc. ("CCTS") is specifically for the provision of telecommunication services (see Joint Trial Exhibit 2, Section 1).

Appended to McLeodUSA's *Brief* as an exhibit is Champaign document numbers 1005 through 1009, Article X of the Champaign Municipal Code. Specifically, Section 30-230 provides as follows:

> "No ditches, drains, track, rails, poles, wires, pipeline, conduit or transmission or utility equipment of any public utility company, municipal corporation or other public or private corporation, association or person shall be located or placed for a period of time greater than four (4) hours or constructed upon, under, over or along any City street or other City property without first obtaining the written consent of the City as hereinafter provided for in this article."

The Court should note that nowhere does this language refer to telecommunication companies. It is broad enough in its description to include subdividers, railroads, electric companies, gas pipeline companies, telephone companies, and others.

Champaign document numbers 1351 through 1360 (appended to McLeodUSA's *Brief*) is entitled "A License Agreement to Use Real

Property Between McLeodUSA Telecommunications Services, Inc. and the City of Champaign, Illinois". The City will provide testimony that the granting of a license agreement is not subject to City Council approval given that the City Manager is authorized to do so. See Section 30-233 (Champaign document number 1007).

McLeodUSA also appends Champaign document numbers 2167 and 2167A which are an explanation of Council Bill 96-125. This report to City Council was prepared for purposes of explaining a proposed contract between the City and CCTS which led to execution of the 1996 Agreement which is the per access line agreement for local telephone service.

The report to City Council recognizes that a telecommunication carrier providing service within the City which desires to use City ROW for its business purposes is entitled to do so under the Telecommunications Act of 1996. At no time has the City ever taken the position that the Act does not apply to such access line agreements.

McLeodUSA takes the position that the 1996 per access line agreement is fair and reasonable and non-discriminatory and that they should only be paying pursuant to this agreement.

By contrast, McLeodUSA also claims that the 1994 and 1997 Agreements, which by their own terms do not seek authority to use ROW to provide "telecommunication services", are protected by the Act.

Section 16 of the 1997 Agreement (Trial Exhibit 3) provides in part that "the parties recognize, acknowledge and hereby preserve their respective rights pursuant to the Federal 1996 Telecommunications Act . . . ." For purposes of the 1994 Agreement and the 1997 Agreement, there are no rights under the Act. The City filed its suit against McLeodUSA based upon diversity and amount at issue. At no time did the City assert that there was a Federal question concerning jurisdiction upon this Court. The fact that McLeodUSA has raised the Act as an affirmative defense does not in and of itself make it a Federal issue. See <u>City of Chicago v. Comcast Cable Holdings, L.L.C.</u>, 2004 WL 2201467 (7th Cir.(Ill.)).

WHEREFORE, for the above and foregoing reasons, the City of Champaign respectfully requests that this Court rules that 47 U.S.C. § 253 does not apply to the ROW fees Champaign seeks to collect in this case.

Respectfully submitted,

**THE CITY OF CHAMPAIGN, an Illinois municipal corporation, Plaintiff**

s/ <u>Thomas W. Kelty</u>
Thomas W. Kelty, No. 1441337
Attorneys for Plaintiff
**KELTY LAW OFFICES, P.C.**
3201 Pleasant Run, Suite A
P.O. Box 13317
Springfield, IL 62791-3317
Telephone: 217/726-8200
Facsimile: 217/726-8300
Email: tkelty@keltylaw.com

**STATE OF ILLINOIS** )
                     )   SS.
**COUNTY OF SANGAMON** )

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on this 19th day of October, 2004,, pursuant to the provisions of Rule 5 of the Federal Rules of Civil Procedure, [proposed] CDIL-LR 5.3, and the penalties therein provided, that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

        Edward F Malone, Esq.
        emalone@jenner.com

        Daniel J Weiss, Esq.
        dweiss@jenner.com

and that the original was maintained in my files.

        s/ Thomas W. Kelty
        Thomas W. Kelty, No. 1441337
        Attorneys for Plaintiff
        **KELTY LAW OFFICES, P.C.**
        3201 Pleasant Run, Suite A
        P.O. Box 13317
        Springfield, IL 62791-3317
        Telephone: 217/726-8200
        Facsimile: 217/726-8300