UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CITY OF CHAMPAIGN, an Illinois municipal corporation, | ) ) ) | |
| Plaintiff, | ) ) | 02-2252 |
| v. | ) ) | |
| MCLEODUSA, INC., a Delaware corporation, and MCLEODUSA TELECOMMUNICATION SERVICES, Inc., an Iowa corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | |

FILED
OCT 20 2004
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

## ORDER

This case is scheduled for trial on Thursday, October 21, 2004. At a telephone status conference on October 20, 2004, the parties stated that the court's earlier orders [text entry dated October 19, 2004 and #100] have disposed of the factual issues for trial, and they are close to settlement. The parties further represent that the prospects for settlement would be enhanced if the court were to rule on the defendants' motion regarding prejudgment interest [#70]. The court had earlier denied the motion as premature because no judgment had yet been entered in this case. The court construes the parties' request as a motion for reconsideration of the defendants' motion.

The plaintiff contends that its Council Bill [ordinance] 90-261 sets interest rates at 2% per month "until the amount due is paid in full or judgment against them is entered in Court." Council Bill 90-261 § 1-25(b). The defendants argue that Illinois law sets a 5% annual interest rate on contracts such as those at issue in this case. *See, e.g.*, 815 ILL. COMP. STAT. § 205/2. The contracts themselves are silent as to the interest rate to be assessed in the event of default.

The parties in this case are able to determine the amount due and owing on the breach of contract claims; however, they are unable to reach an agreement on the applicable prejudgment interest rate. The amount due is easily ascertainable, and the rate of prejudgment interest set by statute. "Illinois provides for prejudgment interest at 5% per year on 'all moneys after they become due on any . . . instrument of writing'" such as construction contracts. *Transportation & Transit Assoc., Inc., v. Morrison Knudsen Corp.*, 255 F.3d 397 (7th Cir. 2001); 815 Ill. Comp. Stat. § 205/2.

Arguing for a higher rate of interest, the plaintiff cites *In re Amoco Cadiz*, 954 F.2d 1279

1

(7th Cir. 1992). *In re Amoco Cadiz* was brought pursuant to federal statute, and the court assessed federal interest rates. In contrast, this case is a diversity case governed by Illinois law. The contracts at issue were made in Illinois and were to be carried out in Illinois. The plaintiff's argument that local ordinance somehow trumps Illinois law is unavailing. When an ordinance conflicts with the state statute, the statute prevails. *See Dean Milk Co. v. City of Chicago*, 53 N.E.2d 612, 616 (Ill. 1944).

The court therefore determines that the rate of prejudgment interest to be charged against McLeod is that imposed by Illinois statute – 5% per annum. The motion court's earlier ruling denying the motion [#70] is vacated; that motion is granted.

Entered this 20th day of October, 2004.

s/ Harold A. Baker
───────────────────────────
Harold A. Baker
U.S. District Judge