E-FILED
Wednesday, 20 October, 2004  06:29:02 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | |
|---|---|
| THE CITY OF CHAMPAIGN, an Illinois municipal corporation, on its own behalf and on behalf of the Class of all other units of local government similarly situated, ) ) ) ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | NO. 02-2252 |
| MCLEODUSA, INC., a Delaware corporation, and MCLEODUSA TELECOMMUNICATION SERVICES, INC., an Iowa corporation, ) ) ) ) ) | |
| Defendants. ) | |

## MOTION TO RECONSIDER ORDER OF OCTOBER 20, 2004 CONCERNING PREJUDGMENT INTEREST

NOW COMES Plaintiff, THE CITY OF CHAMPAIGN, an Illinois municipal corporation, by and through its attorneys, Kelty Law Offices, P.C., pursuant to Fed. R. Civ. P. 26, and hereby requests that this Court reconsider its Order regarding prejudgment interest in light of the authorities cited herein.

The Court has ruled that 85 ILCS 205/2 trumps the City Interest Ordinance (Council Bill 90-261 of the Champaign City Code). Based upon diversity, this is a matter which is to be decided under Illinois law. "The law in existence at the time and place the contract was made is deemed part of the contract to the

H:\3789\90001\Reconsider Order Mot\10-20-2004

same extent as though expressly referred to or incorporated into the contract." Horwath v. Parker, 79 Ill. App. 3d 128, 390 N.E.2d 72, 28 Ill. Dec. 90. "Where a municipal ordinance is applicable to a contract it becomes by operation of law an implied term of that contract." Bethel Terrace v. Village of Caseyville, 43 Ill. App. 3d 276, 356 N.E.2d 1269, 1 Ill. Dec. 936.

In ruling that where an ordinance conflicts with the State statute, the statute prevails, the Court relies upon Dean Milk Co. v. City of Chicago, 53 N.E.2d 612, 616 (Ill. 1944). Dean Milk is not dispositive of the issue where the ordinance is exercised pursuant to the home rule powers of the city. The City of Champaign is a home rule municipality which exercises powers pursuant to Article VII, Section 6(a) of the Illinois Constitution.

Dean Milk was decided under the 1870 Constitution. Dean Milk was decided based upon the historic "Dillon's Rule" which is overridden by the 1970 Constitution as cited above. Where "legislation restricts home rule power, statute, besides complying with constitutional requirements must have been an act that was subsequent to the adoption of constitution". City of Carbondale ex rel Ham v. Eckert, 32 Ill. Dec. 377, 76 Ill. App. 3d 881, 395 N.E.2d 607. Article VII, Section 6 establishes a presumption in favor of municipal home rule. Quilici v. Village of Morton Grove, 695 F.2d 261, Cert. deny 104 Supreme Ct. 194, 464 U.S. 863, 78 Lawyers Ed. 2d 170. An ordinance enacted by a home rule unit

pursuant to the Constitution of 1970 supersedes a conflicting statute enacted prior to effective date of the Constitution. <u>City of Evanston v. Create, Inc.</u>, 5 Ill. Dec. 688, 85 Ill.2d 101, 421 N.E.2d 196. A home rule unit exercise of its powers will invalidate any conflicting pre-1970 Constitution legislation. <u>Cook County v. John Sexton Contractors</u>, 27 Ill. Dec. 489, 75 Ill.2d 494, 389 N.E.2d 553. In adopting home rule, framers of the 1970 Constitution intended to reverse presumption against local authority that establish new presumption in favor of municipal home rule. <u>Carlson v. Briceland</u>, 18 Ill. Dec. 502, 61 Ill. App. 3d 247, 377 N.E.2d 1138.

The Illinois Supreme Court has held that an ordinance enacted by a home rule municipality providing for a fine exceeding that provided by a statute superseded the statute. <u>City of Springfield v. Ushman</u>, 27 Ill. Dec. 308, 78 Ill. App. 3d 112, 388 N.E.2d 1357.

Home rule government is based on the premises that local governments are in the best position to assess the needs and desires of their communities, and therefore, can most effectively enact legislation addressing local concerns. <u>City of Chicago v. Taylor</u>, 266 Ill. Dec. 244, 332 Ill. App. 3d 583, 774 N.E.2d 22.

<u>Dean Milk</u> is a case where the Court granted a preliminary injunction against the City of Chicago in exercising a milk fee ordinance. It is clearly based upon the now superseded Dillon's Rule. Under the 1970 Constitution, Article VII, Section 6(m)

"powers and functions of home rule units shall be construed liberally "

> "Under "Judge Dillon's Rule", which applied to all units of local government in Illinois under the 1870 Constitution prior to July 1, 1971, a unit of local government was deemed to have only those powers which were specifically granted to it by the Constitution or by statute. 1 Dillon, Municipal Corporations 448 (5th ed. 1911). Section 6 significantly modified Dillon's Rule by providing Constitutional authority for each qualifying unit of local government to exercise any power and perform any function pertaining to the government and affairs of the unit."

The Court must base its decision upon the law in effect at the time of the decision where the enactment of an ordinance by a home rule unit supersedes a conflicting statute enacted prior to the effective date of the 1970 Constitution. <u>Gost v. Village of Skokie</u>, 80 Ill. Dec. 584, 125 Ill. App. 3d 102, 465 N.E.2d 696.

<u>Dean Milk</u> has been distinguished in two (2) reported decisions. <u>Kirwin v. Peoples Gas Light and Coke</u>, 173 Ill. App. 3d 699, 528 N.E.2d 201, 123 Ill. Dec. 656. The Court applied the preemptive ruling in <u>Dean Milk</u> only after "finding no conflict between the city ordinance and the Motor Vehicle Act".

> "It does not appear in <u>Jones</u>, that the plaintiffs raised any question as to the city's authority to regulate public passenger vehicles with respect to liability insurance after the Motor Vehicle Act purported to do so. That is, it does not appear that they challenged the exercise of home rule powers by the city after the State legislated in the same area." <u>Dean Milk</u> at 575.

Likewise, in <u>Village of Deerfield v. Greenberg</u>, 193 Ill. App. 3d 215, 550 N.E.2d 12, 140 Ill. Dec. 530, the court held that the

village was expressly allowed to adopt its own local curfew ordinance because there was no conflict between the ordinance and the State curfew law.

WHEREFORE, for the above and foregoing reasons, it is respectfully suggested that the abandonment of the more restrictive Dillon's Rule, adoption of the more liberal home rule provisions, and the liberal interpretation mandate of Article VII, Section 6(m) allows the City to adopt its own ordinance which relates to matters pertaining to its own government and affairs. For the above and foregoing reasons, it is respectfully requested that the Court reconsider its *Order* and enter an order finding that the interest ordinance adopted by the City of Champaign pursuant to its home rule powers prevails over the general State law.

    Respectfully submitted,

**THE CITY OF CHAMPAIGN, an Illinois municipal corporation, Plaintiff**

s/ Thomas W. Kelty
Thomas W. Kelty, No. 1441337
Attorneys for Plaintiff
**KELTY LAW OFFICES, P.C.**
3201 Pleasant Run, Suite A
P.O. Box 13317
Springfield, IL 62791-3317
Telephone: 217/726-8200
Facsimile: 217/726-8300
Email: tkelty@keltylaw.com

**STATE OF ILLINOIS** )
                      ) SS.
**COUNTY OF SANGAMON** )

### CERTIFICATE OF SERVICE

     The undersigned hereby certifies that on this 20th day of October, 2004, pursuant to the provisions of Rule 5 of the Federal Rules of Civil Procedure,[proposed] CDIL-LR 5.3, and the penalties therein provided, that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

        Edward F Malone, Esq.
        emalone@jenner.com

        Daniel J Weiss, Esq.
        dweiss@jenner.com

and that the original was maintained in my files.

                                                    s/ Thomas W. Kelty
                                                    Thomas W. Kelty, No. 1441337
                                                    Attorneys for Plaintiff
                                                    **KELTY LAW OFFICES, P.C.**
                                                    3201 Pleasant Run, Suite A
                                                    P.O. Box 13317
                                                    Springfield, IL 62791-3317
                                                    Telephone: 217/726-8200
                                                    Facsimile: 217/726-8300