IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, URBANA/DANVILLE DIVISION

| | | |
|---|---|---|
| THE CITY OF CHAMPAIGN, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *v.* | ) | No. 02-2252 |
| | ) | |
| MCLEODUSA, INC., and MCLEODUSA | ) | Hon. Harold Baker |
| TELECOMMUNICATION SERVICES, | ) | |
| INC., | ) | |
|     *Defendants*. | ) | |

## McLEODUSA'S RESPONSE TO CHAMPAIGN'S MOTION FOR RECONSIDERATION

Defendants McLeodUSA Incorporated and McLeodUSA Telecommunications Services, Inc. (collectively, "McLeodUSA"), respectfully submit the following response to Champaign's October 20, 2004 motion for reconsideration of the Court's ruling of the same day concerning prejudgment interest.

### Argument

The Court's ruling that the Illinois Interest Act applies to this matter is correct. That result is not altered by Champaign's "home rule" powers under the 1970 Illinois Constitution, the subject of Champaign's motion for reconsideration. As detailed in McLeodUSA's October 4, 2004 Memorandum in Support of Pretrial Motion Regarding Prejudgment Interest (Docket No. 70), home rule municipalities are not authorized to alter basic statewide legal rules like the prejudgment interest rate.

The following cases specifically addressed home rule powers under the 1970 Illinois Constitution and held that home rule municipalities may not use local ordinances to change statewide judicial rules and procedures:

- *Ampersand v. Finley*, 338 N.E.2d 15, 18, 61 Ill.2d 537, 543 (Ill. 1975) ("[t]he administration of justice under our constitution is a matter of statewide concern and does not pertain to local government or affairs");

- *Carbondale v. Yehling*, 96 Ill.2d 495, 501, 451 N.E.2d 837, 840 (Ill. 1983) (a city may not "set forth rules for the State judiciary to follow");

- *East St. Louis v. McLorn*, 105 Ill. App. 3d 148, 153, 434 N.E.2d 44, 47-48 (5th Dist. 1982) (striking city law purporting to protect city from judicial garnishment proceedings).

Champaign ignores these cases—which McLeodUSA cited in its original motion on this issue more than two weeks ago. Even Champaign's own cases confirm that the Illinois Supreme Court has identified several situations in which "the home rule unit may not act because of an overriding State concern." *City of Evanston v. Create, Inc.*, 421 N.E.2d 196, 199, 85 Ill.2d 101, 109 (Ill. 1981). The statewide prejudgment rule—which has been the law in Illinois for more than a century—is precisely such a circumstance. For that reason, and as further set out in McLeodUSA's October 4 memorandum, Champaign's motion should be denied.

## Conclusion

As set out above and in McLeodUSA's October 4 memorandum, Champaign's motion should be denied.

Respectfully submitted,
McLeodUSA Incorporated and
McLeod Telecommunications Services, Inc.

By:    s/ Edward F. Malone
       One of their attorneys

Edward F. Malone
Daniel J. Weiss
JENNER & BLOCK LLP
One IBM Plaza
Chicago, Illinois  60611
(312) 222-9350
(312) 840-7517 (fax)

October 20, 2004

**CERTIFICATE OF SERVICE**

       I hereby certify that on October 20, 2004, I electronically filed the foregoing McLEODUSA'S RESPONSE TO CHAMPAIGN'S MOTION FOR RECONSIDERATION with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

       Thomas W. Kelty
       tkelty@keltylaw.com

       s/ Daniel J. Weiss

       Edward F. Malone
       Daniel J. Weiss
       Attorneys for Defendants
       Jenner & Block LLP
       One IBM Plaza
       Chicago, Illinois  60611
       (312) 222-9350
       (312) 840-7517 (fax)
       emalone@jenner.com
       dweiss@jenner.com